FILED

JUL 01 2008

RICHARD W. WIEKING
NORTHERN DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

(PR)

JF

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C § 1983**

2  Name _BloodSAW_          _Theopric_          _K._

3        (Last)                    (First)                    (Initial)

4  Prisoner Number _N/A     # P20045_

5  Institutional Address _PBSP, B8-113, P.O. Box 7500,_
6  _Crescent City, CA. 95532_

7                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**

8  _BloodSAW Theopric_

9  (Enter the full name of plaintiff in this action.)  _et al._        CV  08    3156

10                    vs.

11  _Horel Robert A._                          Case No. _____
                                               (To be provided by the Clerk of Court)
12  _Yax M.D._

13                                             **COMPLAINT UNDER THE**
                                               **CIVIL RIGHTS ACT,**
                                               **Title 42 U.S.C § 1983**
14

15  (Enter the full name of the defendant(s) in this action)

16  *[All questions on this complaint form must be answered in order for your action to proceed..]*

17  I.      Exhaustion of Administrative Remedies.

18          [**Note:** You must exhaust your administrative remedies before your claim can go

19          forward. The court will dismiss any unexhausted claims.]

20          A.      Place of present confinement _PBSP_

21          B.      Is there a grievance procedure in this institution?

22                  YES (✓)      NO ( )

23          C.      Did you present the facts in your complaint for review through the grievance

24                  procedure?

25                  YES (✓)      NO ( )

26          D.      If your answer is YES, list the appeal number and the date and result of the

27                  appeal at each level of review. If you did not pursue a certain level of appeal,

28                  explain why.

COMPLAINT                          - 1 -

6.2

1. Informal appeal *African black of the U.S. Im denied First amendment rights at P BSP by the appeals coordinator. Sup*

2. First formal level *reme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to en d) U.S. 321-322 III Particular circum*

3. Second formal level *stance under which exha ustion of state remedies is or is not necessary.*

4. Third formal level _____

_____

CV-00752-JF-550

E.   Is the last level to which you appealed the highest level of appeal available to you?

      YES (✓)    NO ( )

F.   If you did not present your claim for review through the grievance procedure, explain why. _____

_____

_____

II.   Parties.

A.   Write your name and your present address. Do the same for additional plaintiffs, if any.

*BloodsAw Theopric, PBSP, B8-113, P.O. Box 7500, Crescent City, CA. 95532*

B.   Write the full name of each defendant, his or her official position, and his or her place of employment.

*Horel Robert A., Warden, PBSP.*

COMPLAINT                    - 2 -

1    Yax M.D., Associate Warden, PBSP.

2

3

4

5    III.    Statement of Claim.

6    State here as briefly as possible the facts of your case. Be sure to describe how each

7    defendant is involved and to include dates, when possible. Do not give any legal arguments or

8    cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

9    separate numbered paragraph.

10    Horel Robert 11-26-07 Deprive me const.

11    rights seditious an private conspiracy to

12    deny equal protection of the laws, single ce

13    ll housing (ADA), prosecuting falsely, entrap

14    ment forced in BMU without probable cause.

15    Yax M.D. 12-31-07 Deprive me const. rights se

16    ditious an private conspiracy to deny equal

17    protection of the laws, single cell housing (AD

18    A), prosecuting falsely, entrapment force

19    d in BMU without probable cause. Deprived

20    of my liberty by defendants while they conspi

21    re to have me assassinated my life is in

22    imminent danger.

23    IV.    Relief.

24    Your complaint cannot go forward unless you request specific relief. State briefly exactly

25    what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26    I am asking the court for just compensation

27    for monetary, punitive, slander and liab-

28    ility damages. I'm asking the court to grant

COMPLAINT                    - 3 -

1 me my single cell housing. I am asking the
2 court for a permanent injunction. PBSP
3 has no legal authority for my confinement
4 at PBSP. Imminent danger.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __9__ day of __June__ , 20__08__

_____T. Bloodsaw_____
(Plaintiff's signature)

COMPLAINT                              - 4 -

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, *Bloodsaw Theopric*, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the _9_ day of _June_, in the year of 20_08_, I served the following documents: (set forth the exact title of documents served)

*Civil Right 42 U.S.C. 1983 and Exhibits*

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

*U.S. District Court for the Northern Dist. of Calif.*

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _9_ day of _June_, 20_08_.

Signed: _T. Bloodsaw_
(Declarant Signature)

Rev. 12/06

te 6

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION

ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



January 2, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0715535     LIVING CONDITIONS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses.  Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

*Un. Branin*

N. GRANNIS, Chief
Inmate Appeals Branch

---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

7f

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

November 26, 2007

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*You have failed to provide necessary copies of your chrono(s).*

*YOU HAVE INITIATED THIS APPEAL IN THE PAST BUT NEVER PROVIDED A 128-G AS REQUIRED. AGAIN, IF YOU HAVE BEEN DENIED SINGLE CELL BY AN ICC/UCC PLEASE ATTACH RECENT 128-G AS REQUIRED.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |

NOV 2 6 2007

*1. "Emergency Appeal*

*#3*

## INMATE/PAROLEE
## APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | | 1. | |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BloodsAW Theopric | P20045 | | ASU-E1 |

A. Describe Problem: Robert A. Horel, Warden I am taking the privilege of asking you for jurisdiction requirements for my False imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-IX-XIII-XIV. I am confined as a hostage against my will at PBSP under a fraudulent CDC No. P20045 on 11-8-02 I was unlawfully arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. Their is no felony complaint P.C. 872. Order holding defendant to answer endorsed against me

If you need more space, attach one additional sheet.

three counts case No. YA053506 how can you justify legal jurisdictions for my confinement at PBSP. If cannot be done by the use of fraudulent documents abstract of the judgment, CDC 188 legal status summary, CDC 112 Chronogical

Inmate/Parolee Signature: T. Bloodsaw                    Date Submitted: 11-26-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review not required

BRANCH APPEALS RECEIVED DEC - 3 2007

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321, 322 III Particular circumstance under which exhaustion of State remedies is or is not necessary. 59 S. ct. 954, 307 U.S. 496 Hague v. CIO (1939)

Signature: T. Bloodsaw                    Date Submitted: 11-26-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

NOV 2 6 2007

17

First Level     ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                                    Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*Because your statements are intentionally false and I cann-*
*ot agree with untruth why have you refuse to go to the seco-*
*nd level. 90 S.Ct. 1011, 397 U.S. 254 Goldberg v. Kelly (1970) 43 S. ct.*
*625, 262 U.S. 390 Meyer v. Nebraska (1923) CCR 3084.7.*

Signature: ___T. Bloodsaw_____ Date Submitted: 11-27-07

Second Level     ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Constitutional Law 3075.1. Intake Processing. 3075.3. Discha-*
*rge Certificates. 97 U.S. 652, 97 U.S. 652 Barney v. Dolph (1878)*
*196 P.2d 590, 87 Cal. App. 175 Whitlow v. Superior Court of Cal. in*
*and for Ventura County (1948) 118 Cal. Rptr. 120, 43 Cal. App. 3d 80 -*
*9 Chambers v. Municipal Court (1974) 6 S.Ct. 1064, 118 U.S. 356*
*Yick Wo v. Hopkins (1886) 16 Cal. Rptr. 889, 56 Cal. 2d 879 Harris In re (1961)*

Signature: ___T. Bloodsaw_____ Date Submitted: 11-29-07

For the Director's Review, submit all documents to: Director of Corrections
                                                     P.O. Box 942883
                                                     Sacramento, CA 94283-0001
                                                     Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)                                                          Date: _____


0715535

2. ~~145~~ *Emergency Appeal*   DENIX S/C

~~Halt~~

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location:   Institution/Parole Region
1. PBSP
2.

Log No.
1.
2.

Category

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: BloodsAW Theopric   NUMBER: P20045   ASSIGNMENT:   UNIT/ROOM NUMBER: ASU-E1

A. Describe Problem: history, parole agent report, CDC 174 probation of-ficer's report, or fraudulent CDC 128 Gs an CDC 115s. Legally an medically I'm entitle to single cell housing since my arrival at PBSP but your staff has conspired to block an deny me all privileges an benefits that are legally and medically open for me. 3000. Definitions. 3273. Acceptance and Surrender of Custody. 3901.17.2. Criteria For Placement of Parole Hold. 3377.1. Inmate Custody Designations.

If you need more space, attach one additional sheet.

B. Action Requested: Jurisdiction requirements according to the U.S.C. Amendments I-IV-V-VIII-IX-XIII-XIV show legal authority without using fraudulent documents for my confinement at PBSP. CV-00752-JF-Suit 550

Inmate/Parolee Signature: T. Bloodsaw   Date Submitted: 11-26-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review not required

RECEIVED DEC - 3 2007 INMATE APPEALS BRANCH

Staff Signature:   Date Returned to Inmate:

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

26 S.Ct.282, 200 U.S.321 United States v. Detroit Timber + Lumber Co. (1906) 68 S.Ct.1049, 334 U.S.266 Price v. Johnston (1948) 63 S.Ct.177, 317 U.S.213 Pyle v. State of Kansas (1942) 9 S.Ct.122, 128 U.S.456 Cornelius v. Kessel (1888) 3084.7. Exceptions etc.

Signature: T. Bloodsaw   Date Submitted: 11-26-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

6 S.Ct. 734, 117 U.S. 241 Ex parte Royall (1886) 96 S.Ct. 1848, 425 U.S. 738 Hospital Bldg. Co. v. Trustees of Rex Hospital (1976) 651 F.2d 1289 Palmer v. Roosevelt Lake Log Owners Ass'n Inc. (1981) 43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965)

Signature: T. Bloodsaw    Date Submitted: 11-27-07

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

87 S.Ct. 1737, 387 U.S. 541 See v. City of Seattle (1967) 72 S.Ct. 205, 342 U.S. 165 Rochin v. California (1952) 92 U.S. 275, 92 U.S. 275 Chy Lung v. Freeman (1875) 80 S.Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960) 89 S.Ct. 1322, 394 U.S. 618 Shapiro v. Thompson (1969) 78 S.Ct. 1332, 357 U.S. 513 Speiser v. Randall (1958) 83 S.Ct. 1790, 374 U.S. 398 Sherbert v. Verner (1963) 222 F.2d 531 U.S. v. Lebron (1955)

Signature: T. Bloodsaw    Date Submitted: 11-29-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



March 10, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0720305        CUSTODY/CLASS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses.  Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

*U. Brani*

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

December 31, 2007

*BLOODSAW, P20045*
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Your appeal cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation CCR 3084(c).*

*THIS OFFICE DOES NOT HAVE THE RESOURCES TO DISECT YOU POINTLESS APPEALS. AS YOU HAVE BEEN INSTRUCTED BEFORE, DO NOT WRITE IN UNAUTHORIZED AREAS OF YOUR APPEAL. AVOID USING SENSELESS VERBIAGE. SIMPLY DESCRIBE WHAT ACTION OR CONDITION OCCURRED (AND WHEN) AND ATTACH RELEVANT SUPPORTING DOCUMENTATION ONLY.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

DEC 3 1 2007

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

3

**INMATE/PAROLEE APPEAL FORM**

CDC 602 (12/87)

Location: Institution/Parole Region   Log No.   Category

1. PBSP   1. _____   **B 2**

2. _____   2. _____   Custody

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: _Bloodsaw Theopric_   NUMBER: _P20045_   ASSIGNMENT: _____   UNIT/ROOM NUMBER: _ASU-E1_

A. Describe Problem: _M.D. Vax, Associate Warden I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV. On 11-8-02 I was unlawfully arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. Their is not a felony complaint endorsed against me P.C. 872. order holding defendant to answer Case No. YA053506 on three counts. CDC No._

If you need more space, attach one additional sheet.

_P20045 is a fraudulent CDC No. it is unlawful and void PBSP has no legal jurisdiction for my confinement at PBSP. You have deliberately decided to procure the conviction of a innocent person repeatedly it appe-_

Inmate/Parolee Signature: _T. Bloodsaw_   Date Submitted: _12-31-07_

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _Bypass - informal review not required_

REJ

BRANCH   JAN 10 2008

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_and block me of my privileges and benefits. 3000. Definitions. 3160. Inmate Access to Courts. 3273. Acceptance and Surrender of Custody. 3377.1. Inmate Custody Designations. 3901.17.1. Authority to Place Parole Hold. 3075.1. Intake Process._

Signature: _T. Bloodsaw_   Date Submitted: _12-31-07_

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

DEC 3 1 2007

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                      Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

C.E. Wilber what you are saying is you have the authority to deny me my first amendment right malice. 97 U.S. 652, 97 U.S. 652 Barney v. Dolph (1878) 9 S.Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 72 S.Ct. 205, 342 U.S. 165 Rochin v. C.A. (1952)

Signature: _____ T. Bloodsaw _____ Date Submitted: 1-2-08

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Constitutional Law. 60 S.Ct. 811, 310 U.S. 150, U.S. v. Socony-Vacuum Oil Co. (1940) Supreme Court Reports 88 LAW.ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III Particular circumstance under which exhaustion of state remedies is or is not necessary. 59 S.Ct. 954, 307 U.S. 496 Hague v. C.I.O. (1939) 43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965)

Signature: _____ T. Bloodsaw _____ Date Submitted: 1-3-08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                                          Date: _____

CDC 602 (12/87)


0720305

2
4

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region

1. _____
2. _____

Log No.

1. _____
2. _____

Category

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME Bloodsaw Theopric  NUMBER P20045  ASSIGNMENT Z  UNIT/ROOM NUMBER ASU-E1

A. Describe Problem: ars to be a racial issue. PBSP has been using Fraudulent documents against me since my arrival 2-24-04 so that has to mean you are using Fraudulent documents sending them to the district attorneys office. The so-called case that I'm unlawfully confined in ASU was dismissed 10-26-07. I am legally an medically entitle to single cell housing thats a fact it is also a fact that PBSP staff has conspired to harass, deny

If you need more space, attach one additional sheet.

B. Action Requested: Jurisdiction requirements

_____

CV-00752-JF-550

Inmate/Parolee Signature: T. Bloodsaw    Date Submitted: 12-31-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: Bypass - informal review not required

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

26 S.Ct. 282, 200 U.S. 321 United States v. Detroit Timber & Lumber Co. (1906) 100 S.Ct. 502, 444 U.S. 232 McAin v. Real Estate Bd of New Orleans, Inc. (1980) 96 S.Ct. 1848, 425 U.S. 738 Hospital Bldg. Co. v. Trustees of Rex Hospital (1976) CCR 3084.7.

Signature: T. Bloodsaw    Date Submitted: 12-31-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*87 S.Ct. 1727, 387 U.S. 523 Camara v. Municipal Court of City and County of San Francisco (1967) 87 S.Ct. 1737, 387 U.S. 541 See v. City of Seattle (1967) 3901.21.4. Central Office Calendar. 68 S.Ct. 1049, 334 U.S. 266 Price v. Johnston (1948)*

Signature: _____ T. Bloodsaw _____ Date Submitted: 1-2-08

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*196 P.2d 590, 87 Cal.App. 175 Whitlow v. Superior Court of Cal. in and for Ventura County (1948) 118 Cal.Rptr. 120, 43 Cal.App. 3d 809 Chambers v. Municipal Court (1974) 80 S.Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960) 92 U.S. 275, 92 U.S. 9-2 U.S. 275, Chy Lung v. Freeman (1875) 81 S.Ct. 473, 365 U.S. 167 Monroe v. Pape (1961) 222 F.2d 531 U.S. v. Lebron (1955)*

Signature: _____ T. Bloodsaw _____ Date Submitted: 1-3-08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)                                          Date: _____



CHASER Pre Extracted Civil Docket as of February 27, 2003 9:25 pm
TERMED TRANSF

# U.S. District Court

| * Parties * | * Attorneys * |
|---|---|
| U.S. District for the Northern D<br>CIVIL DOCKET FOR C | strict of California (San Jose)<br>SE #: 00-CV-20505 |
| Bloodsaw v. Woodford Filed: 04/24/00<br>Assigned to: Judge Jeremy Fogel<br>Demand: $0,000 Nature of Suit: 530<br>Lead Docket: None Jurisdiction: Federal Question<br>Dkt# in other court: None | |
| Cause: 28:2254 Petition for Writ | of Habeas Corpus (State) |
| THEOPRIC KENT BLOODSAW<br>Plaintiff | Theopric Kent Bloodsaw<br>[COR LD NTC] [PRO SE]<br>Booking No. 7475221<br>BKS No. F1,7000 Dorm C-7196<br>441 Bauchet Street<br>Los Angeles, CA 90012 |
| v. | |
| J.S. WOODFORD, Warden<br>defendant | |

## Docket Proceedings

| Date | Doc # | Docket Entry |
|---|---|---|
| 04/24/00 | 1 | PETITION FOR WRIT OF HABEAS CORPUS (no process) Fee status ifpp entered on 4/24/00 () ; [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 04/24/00 | 1 | IN FORMA PAUPERIS AFFIDAVIT by Plaintiff Theopric Kent Bloodsaw for leave to proceed in forma pauperis [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 05/02/00 | 2 | DECLINATION to proceed before magistrate by Plaintiff Theopric Kent Bloodsaw [3:00-cv-01398] (ga) [Entry date 05/04/00] |
| 05/03/00 | 3 | ORDER by Mag. Judge Maria-Elena James of impending reassignment to a United States District Judge () (cc: all counsel) [3:00-cv-01398] (ga) [Entry date 05/05/00] |
| 05/10/00 | 4 | ORDER by Assignment Committee Case reassigned to Judge Jeremy Fogel referred to Judge Jeremy Fogel the affidavit motion for leave to proceed in forma pauperis [1-1] () (cc: all counsel) [3:00-cv-01398] (ga) |
| | | |

| 05/18/00 | 5 | ORDER by Judge Jeremy Fogel to transfer case to Dist of: Central District of California ; appeal filing ddl 6/26/00 ( Date Entered: 5/25/00) (cc: all counsel) [5:00-cv-20505] (gm) [Entry date 05/25/00] |
| 06/09/00 | 6 | RECEIPT from Central District of California [5:00-cv-20505] (gm) [Entry date 06/13/00] |
| 06/20/00 | 7 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) [Entry date 06/22/00] |
| 02/27/03 | 8 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) |

[END OF DOCKET: 5:00cv20505]

CAND-ECF - Docket Report    https://ecf.cand.circ9.dcn/cgi-bin/DktRpt.pl?749979076538088-L_795_

| Filing Date | # | Docket Text |
|---|---|---|
| 02/23/2004 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ IFPP). Filed by Theopric K. Bloodsaw. (lrd, COURT STAFF) (Filed on 2/23/2004) (Entered: 02/27/2004) |
| 02/23/2004 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Theopric K. Bloodsaw. (gm, COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 02/23/2004 | | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (gm, COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 03/04/2004 | | ORDER TRANSFERRING CASE to Central District of California. Signed by Judge Jeremy Fogel on 3/4/2004. (gm, COURT STAFF) (Filed on 3/4/2004) (Entered: 03/05/2004) |

3/5/2004 11:19 A

HABEAS, CLOSED, TRANSF

## U.S. District Court
### California Northern District (San Jose)
### CIVIL DOCKET FOR CASE #: 5:04-cv-00752-JF
#### Internal Use Only

Bloodsaw v. Woodford et al
Assigned to: Hon. Jeremy Fogel
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 02/23/04
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

Theopric K. Bloodsaw

represented by    **Theopric K. Bloodsaw**
P26045
D4 CELL 106
California State LAC
44750 60th St. West
Lancaster, CA 93536-7619
PRO SE

V.

**Defendant**

J. S. Woodford

N. Grannis

Filed

MAR - 4 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THEOPRIC K. BLOODSAW,

        Plaintiff,

  vs.

J.S. WOODFORD, et al.,

        Defendants.

No. C 04-0752 JF (PR)

ORDER OF TRANSFER

(Doc # 2)

This is a civil rights case brought pro se by a state prisoner. Plaintiff is currently incarcerated at California State Prison - Los Angeles County located in Lancaster, California. Plaintiff claims he is incarcerated illegally by the California Department of Corrections. Plaintiff was convicted in Los Angeles County in 1997. The Court construes Plaintiff's complaint as a petition for a writ of habeas corpus, challenging the legality of his conviction and sentence. Therefore, the instant case will be transferred to the Central District of California, the location of Plaintiff's conviction and his confinement. This case is therefore TRANSFERRED to the United States District Court for the Central District of California. See 28 U.S.C. § 1404(a); Habeas L.R. 2254-3(b).

15
H

1   In view of the transfer, the Court will not rule on Plaintiff pending motion for leave to

2   proceed in forma pauperis (doc # 2). The Clerk shall terminate all pending motions and

3   transfer the entire file to the Central District of California.

4        IT IS SO ORDERED.

5   DATED: _____

6                                    JEREMY FOGEL
                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

1  This is to certify that on ___3-4-04___, a copy of this ruling
   was mailed to the following:

2

3  Theopric K. Bloodsaw
   P-20045

4  CSP - Los Angeles
   44570 60th

5  Street West
   Lancaster, CA  93536-7619

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*217.*

# DEPUTY DAILY WORKSHEET    11/28/02 0111

STATION: LNX

UNIT: 31A    SHIFT: D   DATE: 11/08/02   0600 - 1400    CLASS: 2    TYPE: P

# 470671 SATO BRADLEY J                    O/T:        O/T PA:
# 260296 HOODYE SEAN C                     O/T:

VEH: SD2337    MILES: ( 39824 -> 39845 ) :  21        MOBILE: 15793

SPEC EQP: SG 9 TAZER 4

PORTABLES: 18472                    18473

ARRESTS /FEL-MA:        FA:     MJ:      FJ:     CITS/HZ:      NHZ:       PKG:
        /MSD-MA:        FA:     MJ:      FJ:

PATROL AREA/TIME: 06/252

TIME-SHIFT: 480   TT: 9    HDL: 209   WRT: 0     PTL: 252    UNALLOC: 10    RPTS:

INCIDENT ASSIGNMENTS:

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0037 | 924B | 0543 |     | 0600? | 0600? | 0700? | 0370 |   | O | R |    | 60  |     |     |

LOC: VEH PREP/BRIEF
CLR: 754  STATION SERVICE: Briefing

| 0056 | 931 | 0715 | 0718 | 0745 | 0745 | 0747 | 0371 |   | C | P |   | 2 |   |   |

LOC: 1358 97TH ST, LA
CLR: 772  Assist CHP
NARR: CHP ON SCENE CODE 4

| 0067 | 927H | 0817 | 0817 | 0821 | 0823 | 0831 | 0373 |   | 9 | P | 2 | 8 |   |   |

LOC: 10910 WILTON PL, LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT WANDA FB/A RE: 927H ...NO 927H C-4..

| 0068 | 902R | 0849 | 0849 | 0849 | 0856 | 0915? | 0373 |   | 9 | E | 7 | 19 |   |   |

LOC: 2041 CULLIVAN ST, LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT VERCIL FB/A RE: JAMES MARTIN NOT BREATHING. STA 14 ARRVD @TREATED JAMES PRNCD DEAD
    AT 0833HRS JAMES SUFFRED FRM CHRONIC EMPHASYMA.

| 0126 | 925 | 1157 |     | 1150? | 1200? | 1400? | 0372 |   | O | R |   | 120 |   |   |

LOC: CENTURYBL/LA SALLE AV, LA
CLR: 283  WARRANTS: Felony, In County
NARR: CONT THEO MB/A WAS COMBATIVE AGAINST US. CENTURY @ LASALLE STA 814 ARRVD TREATED THEO WE
    WENT TO CENTINELA HOSP FOR INJURIES...

CERTIFIED A TRUE AND CORRECT COPY
OF ORIGINAL MAINTAINED WITHIN FILES
OF THE LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT · LENNOX STATION 11/28/62

TITLE · NAME        EMPLOYEE NUMBER

*18*
*22*

Unit: 31A          Shift: 2        Shift Date: 11/08/02
/0542* LOGON () ,X,,31A,D,110802,Y,2,0600,1400,470671,,,260296,,,39824,,SD2337,SG 9 TAZER
4,15793,18472,18473,,,,,,,,,,,,,,,, <000>
/0542* MDTON (470671) MDT01639 <000>
/0543* ** ASSIGN/D (470671) LNX02312-0037 R/924B VEH PREP/BRIEF <000>
/0543* 10/97 (470671) LNX02312-0037 <000>
/0711* 10/98 (470671) LNX02312-0037 <000>
/0711* CLEAR (470671) ,LNX02312-
0037,,754,,,,,,,,,,0370,,,0600,0600,0700,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0715  ** ASSIGN/D (475469) LNX02312-0056 R/931 1358 97TH ST,LA
/0718* ACK (470671) LNX02312-0056 <000>
/0745* ENR (470671) LNX02312-0056 <000>
/0745* 10/97 (470671) LNX02312-0056 <000>
/0747* 10/98 (470671) LNX02312-0056 <000>
/0748* CLEAR (470671) ,LNX02312-0056,,772,,,,,,CHP ON SCENE CODE
4,,,,,0371,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,, <000>
/0800* INQ (470671) WANT9,,CA,HAVEN,DENNIS,,,,,,,M,B,,,,042371,,,,,,,,,,, <000>
/0800  HIT () IW S 470671 MDT0  ,CA0190099  ,HAVEN DENNIS  , M B  ,000 000 042371 000 CA ,
00000000 00000000 ,H 001 F 000 M 001 O 000 0D ,  N HAVEN DENNIS VANBURE  ,M B 122371 600
240 BLK BRO ,LAM4 090502 $1174 ,1611 N SCHAR ST HOLLYWOOD CA  ,617471219420 RSTR A3887553
CA ,W M 40508A/VC M ,4000A1X/VC I * ,4RWL898 CA  ,  ,
/0802 ACK (297076) HIT
/0813* INQ (470671) WANT9,,CA,BERRY,MARCUS,ANTJUAN,,,,,,M,B,,,,033181,,,,,,,,,,, <000>
/0813  HIT () MKE/WANTED PERSON NAM/BERRY,RANDELL LARRY SEX/M RAC/B DOB/19820331 WGT/150
EYE/BRO HAI/BLK OLN/B600730488254 OLS/MI  OFF/DANGEROUS DRUGS
/0813  ACK (195863) HIT
/0815  INQ (195863) VEH,31A,,,,,,CA,,1FALP45XXTF145561,,,,,,,,,,,,X
/0815  ACK (195863) RESP
/0816  ACK (195863) RESP
/0817  ** ASSIGN/B (475469) LNX02312-0067 P/927H 10910 WILTON PL,LA
/0817* ACK (470671) LNX02312-0067 <000>
/0821* ENR (470671) LNX02312-0067 <000>
/0823* 10/97 (470671) LNX02312-0067 <000>
/0831* 10/98 (470671) LNX02312-0067 <000>
/0842* INQ (470671) VEH,,CA,,,,,1FMZU32EXWZA29284,,,,X <000>
/0849  ** ASSIST/B (475469) LNX02312-0068 E/902R 2041 CULLIVAN ST,LA
/0849  CHGHDL (475469) LNX02312-0068,31D/D->31A/D
/0849  ACK (409547) LNX02312-0068
/0849* ENR (470671) LNX02312-0068 <000>
/0856* 10/97 (470671) LNX02312-0068 <000>
/0923* INQ (470671) VEH,2HMB760,CA,,,,,,,,, <000>
/0927* INQ (470671) WANT9,,CA,PLOGSHAW,FLOYD,LEE,,,,,M,B,,,,062458,,,,,,,,,, <000>
/0928* INQ (470671) WANT9,,CA,BLOODSHAW,FLOYD,LEE,,,,,,M,B,,,,062458,,,,,,,,,, <000>
/0929  HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/0929  ACK (277125) HIT
/1024* INQ (470671) WANT9,,CA,BLOODSHAW,THEOPRIC,,,,,,M,B,,,,062457,,,,,,,,,,, <000>
/1024  HIT () IW S 470671 MDT0  ,CA0190099  ,BLOODSHAW THEOPRIC  , M B  ,000 000 062457
000 CA , 00000000 00000000 ,H 001 F 000 M 001 O 000 0D ,  N BLEDSOE WILLIAM T JR  ,M X

Unit: 31A          Shift: 2        Shift Date: 11/08/02

010454 511 195 BRO BRO ,COM4 082602 $277 ,2358 R 21ST ST SGH CA  ,SD10539619800 RSTR
B0306426 CA ,W M 8537/PC M ,640B1/PC M  ,PED CA  , ,
/1024  HIT () SEARCH REVEALS: HIT MADE ON NAM/BLOODSHAW,THEOPRIC KENT ** ARMED AND
DANGEROUS ** **ARMED AND DANGEROUS** FELONY WARRANT 5011 PAROLE VIOL
NAM/BLOODSHAW,THEOPRIC KENT 19570624 M B 506 150 BLK BRO POB/LA BAIL/NO BAIL
FCN/7040224901563 NIC/W883192088 ENTERED/CALIF-NCIC  CII/A08953256  FBI/496721PA9
                                IMMEDIATELY CONFIRM WITH CA034035G DEPT OF CORR-
ID/WARRANTS MNE/CRN0    TELEPHONE 916 445-6713     CHECKING NCIC    INQUIRY MADE TO
RESTRAINING ORDER SYSTEM
/1024  HIT () HIT MADE ON NAM/BLOODSHAW,THEOPRIC K HIT # 001 DO NOT ARREST OR DETAIN BASED
   SOLELY ON THIS RESPONSE CDC PAROLE RECORD NAM/BLOODSHAW,THEOPRIC K 19580624 M B 506 150
BRO BLK    OLN/N9672705 HOME CITY/LOS ANGELES PRIMARY OFFENSE/H11350A DISCHARGE
DATE/99999999 AGENCY/CA DEPT OF CORRECTIONS MISC/PRIOR TO RELEASE, CONTACT AGEN T OR ID
WARRANTS AT (916)445-6713 P OSSIBLY AT LARGE MAY BE ADDITIONAL INFO FROM DOJ VCIN AT 916
227-4736 NUMBER OF PRIOR CONTACT MSGS/ 0 SEND CONTACT MESSAGE IDENTIFYING CO
/1024  HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/1025  ACK (277125) HIT

/1025  ACK (277125) HIT

/1025  ACK (277125) HIT

/1025  ACK (277125) HIT

/1156* URN REQUEST (470671) X,4,0399,053,CR,S,BLOODSHAW,THEOPRIC,KENT,,M,B,,, <000>

/1157  URN () 402-11595-0399-053

/1157* ** ASSIGN/D (470671) LNX02312-0126 R/925 CENTURYBL/LA SALLE AV,LA <000>

/1157* HOLD (470671) LNX02312-0068 <000>

/1157* 10/97 (470671) LNX02312-0126 <000>

/1157* 10/15 (470671) <000>

/1433* 10/98 (470671) LNX02312-0068 <000>

/1433* CLEAR (470671) ,LNX02312-0068,,212,,,,,,CONT VERCIL FB/A RE: JAMES M,ARTIN NOT
BREATHING. STA 14 ARRV,D @TREATED JAMES PRNCD DEAD AT 0,833HRS JAMES SUFFRED FRM
CHRONIC,EMPHASYMA.,0373,,,,,0915,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1435* CLEAR (470671) ,LNX02312-0067,,212,,,,,,CONT WANDA FB/A RE: 927H ...,NO 927H C-
4.,,,,0373,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1440* 10/98 (470671) LNX02312-0126 <000>

/1440* CLEAR (470671) ,LNX02312-0126,,283,,,,,,CONT THEO MB/A WAS COMBATIVE,AGAINST
US.CENTURY @ LASALLE ST,A 814 ARRVD TREATED THEO WE WENT,TO CENTINELA HOSP FOR
INJURIES.,,,,0372,00,,1150,1200,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1442* CHGENDMILES (470671) 000000 -> 39845 <000>

/1442* CHGPATROL (470671) /000 -> 06/252 <000>

/1442* LOGOFF (470671) <000>

/1442* MDTOFF (470671) <000>





## DEPUTY DAILY WORKSHEET    11/28/02 0111

STATION: LNX

UNIT: 31D    SHIFT: D   DATE: 11/08/02    0500 - 1300    CLASS: 2    TYPE: P

# 292992 MAGANA JOHN P    O/T:    O/T PA:
# 432977 BRIONES PHILLIP R    O/T:
VEH: 214    MILES: ( 65809 -> 65861 ) : 52    MOBILE: 10371
SPEC EQP: S/G 7

PORTABLES: 18477    18476

ARRESTS /FEL-MA: 1    FA:    MJ:    FJ:    CITS/HZ:    NHZ:    PKG:
         /MSD-MA:    FA:    MJ:    FJ:

PATROL AREA/TIME: 06/092

TIME-SHIFT: 480    TT: 20    HDL: 368    WRT: 0    PTL: 92    UNALLOC: 0    RPTS:

INCIDENT ASSIGNMENTS:

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0033 | 924B | 0534 | | | 0500? | 0539 | 0370 | | O | R | | 39 | | |

LOC: LNX
CLR: 754   STATION SERVICE: Briefing
CLR: 758   STATION SERVICE: Station Service
NARR: BRIEFING AND VEH PREP

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0052 | 909A | 0702 | 0703 | 0759 | 0810 | 0819 | 0373 | A | C | P | 11 | 9 | | |

LOC: 1929 115TH ST, LA
CLR: 780   Assigned Assist
NARR: ASSISTED 31 RE: 909S, AS NEEDED

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0053 | 925 | 0703 | | | 0703 | 0759 | 0370 | | O | R | | 56 | | |

ARR/FEL-    MA: 1

LOC: 9201 NORMANDIE AV, LA
CLR: 283   WARRANTS: Felony, In County
NARR: ARRESTED JAMES LEE KING MB/080253 RE: 11352A H/S WARRANT

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0068 | 902R | 0819 | 0819 | 0819 | 0821 | 0905 | 0373 | A | 9 | E | 2 | 44 | | |

LOC: 2041 CULLIVAN ST, LA
CLR: 780   Assigned Assist
NARR: ASSISTED 31A RE: 902R, 927D ONLY

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0084 | 925'S | 0912 | 0912 | 0912 | 0919 | 1014 | 0370 | | C | P | 7 | 55 | | |

LOC: 1025 89TH ST, LA
CLR: 212   DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CHKD LOC RE: 925, GPA/UTL

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0099 | 930 | 1007 | 1013 | | | | 0378 | A | C | R | | | | |

LOC: 12117 BUDLONG AV, LA

STATUS: ***UTH at 1015

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0105 | X-31A | 1015 | | | 1015 | 1300? | 0372 | | O | R | | 165 | | |

LOC: 1657 CENTURY BLVD, LA

CERTIFIED A TRUE AND CORRECT COPY
OF ORIGINAL MAINTAINED WITHIN FILES
OF THE LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT - LENNOX STATION

TITLE - NAME    EMPLOYEE NUMBER

58.54

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

| III. REASON FOR DECISION |
|---|

Basis for Conclusion: Ch #2, 3, 4— Dismissed    No Witness + Spec.
Condition.

Aor Testified Parolee released on 10-16-01
and failed to Report to PCSD & BPT
responsed Parole on 11-16-01 & 10-17-01
Parolee Believe he was not on Parole.
Ch#1— Good Cause Found Based upon
Testimony By Respondent of Evidence.

Basis for Disposition:

Cont Case: 4350 (P.R)    Prior Comm: 459 PC (1st)
-1990.   Init Rel date: 7-4-00
RTC on 9-28-00 for Fail To Register 1590
RTC on 4-19-01   Absconding.
   Aor Parolee never Report to PCSD
Parolee states he understands he is on Parole
10 Months RTC Based upon PU Offense
2nd Time, and 3rd RTC.

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|---|---|---|---|
| 3 Loadshum Thiopric | P20045 | Duple 2 /III  WHITE-C FILE  CANARY-BPT  PINK-PAROLEE  Page 3 of  Pages  GOLDENROD-AGENT OF RECORD | 6-24-02 |

BPT 1103 (REV 3/90)                                                    PERMANENT ADDENDA

55.

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

# SUMMARY OF REVOCATION HEARING AND DECISION

## IV. SUMMARY OF DISPOSITION

A. [X] Hold Status:
1. [ ] Place Hold    2. [X] Retain Hold
3. [ ] Remove Hold Not Later Than _____
                                         (DATE)

B. [ ] Remaining Period of Parole Waived
Discharge Effective _____
                              (DATE)

C. [ ] Continue on Parole

D. [X] Parole Revoked. Return to Custody

   (10) TEN _____ Months

E. [ ] Parole Revocation Period Extended:
   _____ days

F. [ ] Parole Revoked. Return to Custody
   _____ Months for Psychiatric Treatment

G. Eligibility for Credits
   [X] Eligible    [ ] Ineligible
   Reason for Ineligibility (PC§3057(d)(2):
   [ ] Commitment offense (Specify) _____
   [ ] Revocation offense (Specify) _____
   [ ] Violation of parole condition (Specify) _____
   [ ] Sentenced under PC §1168 (Specify) _____
   [ ] Unsuitable for credits because of PC §3057 (d)(2)(E)
       [ ] Prior criminal history
       [ ] Circumstances and gravity of parole violation
   Specify reason: _____
   _____
   _____
   _____
   _____
   _____

H. Optional Waivers
   [ ] Previous BPT Action of _____ is:
                                    (DATE)
   1. [ ] Rescinded    2. [ ] Reaffirmed

I. [ ] Other _____
   (SPECIFY)
   _____
   _____
   _____

J. [ ] Special Conditions of Parole
   [ ] All current conditions reaffirmed

|       | No Alcohol | ANT | POC | Other |
|-------|-----------|-----|-----|-------|
| Added |           |     |     |       |
| Deleted |         |     |     |       |

K. Instructions to CDC Staff/Reasons for special conditions of parole: 1073 Complete
   NOTE: CDC Records
   see Attached Document
   and revised for
   supplication to see
   If Parolee is on
   Parole per Parolee's
   request BPT
   Held Rules Parolee
   is on Parole per
   Court Records

---

BPT HEARING PANEL

NAME: _____ 6-24-02

NAME: _____

DECISION REVIEWED BY: _____

REVOCATION HEARING TIME (MINUTES)
1. Prehearing Prep. Time: _____
2. Actual Hearing Time: _____
3. Report Completion Time: _____
4. Other (Specify): 30 Minutes on ACR WIT
                          Total 1 hr 30 min

NAME
Bloodshaw
Theopric

CDC NUMBER
P20045

INST/REGION
Single 2/III

HEARING DATE
6-24-02

BPT 1103 (REV. 3/90)

Page 4 of ___ Pages

WHITE-C. FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

PERMANENT ADDENDA

| CONTINUATION FOR: | SECTION |
| --- | --- |
| BPT FORM NO. | SUBSECTION |

MOTION: TIMELYNESS #ISSUE. Held
date was 1-11-02. Case
prejudice test Because of prejudi
parolee's life.

DECISION: MOTION DENIED — ATTORNEY ARTICULATED
No prejudice to Parolee's CASE. GC Sec
rule is a guideline not mandate
Dismissal. DC Dismissal
Ch# 2 + 3 + 4 where Denied of any WITNESS
No prejudice as to ASTOUNDING

MOTION — PAROLEE STATES he is NOT on Parole
Attorney presented Court Minute
ORDER + AB 3 102 et al JUDGEMENT

DECISION
MOTION IS Denied — Minute ORDER
Shows Court sent Parolee to
prison for probation REVOCATION
Prison RTC   PCSD   CDC
records show of a CASE
RTC   CDC Records are calculated
CDD   to be 2004.

*6+*
*57*

BOARD OF PRISON TERMS                                                                STATE OF CALIFORNIA

## CENTRAL OFFICE CALENDAR DECISION

### 1. REPORTS REVIEWED

| | |
|---|---|
| A. PAROLE VIOLATION REPORT OF _____ REVIEWED<br>(DATE) | E. PSYCHIATRIC REPORT OF _____ REVIEWED<br>(DATE) |
| B. PAROLE VIOLATION REPORT (PAL) OF _____ REVIEWED<br>(DATE) | F. DISCHARGE REPORT OF _____ REVIEWED<br>(DATE) |
| X   C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF  11-7-02<br> PAL dated 8-22-02 REVIEWED<br>(DATE) | G. RETAIN ON PAROLE REPORT OF _____ REVIEWED<br>(DATE) |
| D. DISCIPLINARY REPORT OF _____ REVIEWED<br>(DATE) | H. OTHER REPORT OF _____ REVIEWED<br>(DATE) |

### 2. PAROLE STATUS

| | | |
|---|---|---|
| A. PAROLE SUSPENDED EFFECTIVE _____<br>(DATE) | X | C. REINSTATE ON PAROLE EFFECTIVE  11-7-02<br>(DATE) |
| B. CONTINUE ON PAROLE | X | D. OTHER<br>Cancel Want<br>Remove Warrant from File |

### 3. SCHEDULE FOR FURTHER PROCEEDINGS

| | |
|---|---|
| A. SCHEDULE FOR REVOCATION PROCEEDINGS<br>1. ☐ EXTENSION    2. ☐ PSYCH. ATTN.<br>X   3. ☒ PREREVOCATION | C. SCHEDULE FOR RESCISSION PROCEEDINGS |
| B. RETURN TO PRISON FOR FURTHER PROCEEDINGS   X | D. HOLD<br>☐ PLACE    ☒ RETAIN    ☐ REMOVE |

### 4. OTHER DECISIONS

| | |
|---|---|
| A. CANCEL WANT<br>   REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS<br>   PENDING REVOCATION EXTENSION HEARING |
| B. REAFFIRM ACTION OF _____<br>(DATE) | H. PAROLE PERIOD EXTENDED TO ☐ 18 Mos. ☐ 4 Yrs.<br>   PENDING REVOCATION HEARING |
| C. RESCIND ACTION OF _____<br>(DATE) | I. ENTER NCIC WARRANT PER<br>   BPT § 2714 (b)(1) { _____ }<br>   { FILL IN APPROPRIATE SUBSECTION } |
| D. DISCHARGE<br>1. ☐ BPT § 2535    ☐ § 2713 (c)<br>2. ☐ TO ALLOW _____ AUTHORITIES<br>   EXCLUSIVE JURISDICTION. | J. PLACE IN WANTED PERSONS SYSTEM<br>   ISSUE IN CALIFORNIA WARRANT |
| E. RETAIN ON PAROLE<br>   BPT RULE 2535 (d)   ( _____ ) | K. MISCELLANEOUS |
| F. RETAIN ON PAROLE SUPERVISION | |

### PANEL HEARING CASE

NAME _____

NAME _____

| NAME | NUMBER | INSTITUTION/REGION | UNIT | DECISION DATE |
|---|---|---|---|---|

62
58

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## CENTRAL OFFICE CALENDAR DECISION

### 1. REPORTS REVIEWED

|   | | |
|---|---|---|
| | A. PAROLE VIOLATION REPORT OF _____ (DATE) REVIEWED | E. PSYCHIATRIC REPORT OF _____ (DATE) REVIEWED |
| X | B. PAROLE VIOLATION REPORT (PAL) OF 08/21/02 (DATE) REVIEWED | F. DISCHARGE REPORT OF _____ (DATE) REVIEWED |
| | C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF _____ (DATE) REVIEWED | G. RETAIN ON PAROLE REPORT OF _____ (DATE) REVIEWED |
| | D. DISCIPLINARY REPORT OF _____ (DATE) REVIEWED | H. OTHER REPORT OF _____ (DATE) REVIEWED |

### 2. PAROLE STATUS

|   | | |
|---|---|---|
| X | A. PAROLE SUSPENDED EFFECTIVE 8/12/02 (DATE) | C. REINSTATE ON PAROLE EFFECTIVE _____ (DATE) |
| | B. CONTINUE ON PAROLE | D. OTHER |

### 3. SCHEDULE FOR FURTHER PROCEEDINGS

|   | | |
|---|---|---|
| | A. SCHEDULE FOR REVOCATION PROCEEDINGS  1. ☐ EXTENSION   2. ☐ PSYCH. ATTN.  3. ☐ PREREVOCATION | C. SCHEDULE FOR RESCISSION PROCEEDINGS |
| ✓ | B. RETURN TO PRISON FOR FURTHER PROCEEDINGS | D. HOLD  ☐ PLACE   ☐ RETAIN   ☐ REMOVE |

### 4. OTHER DECISIONS

|   | | |
|---|---|---|
| | A. CANCEL WANT  REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS  PENDING REVOCATION EXTENSION HEARING |
| | B. REAFFIRM ACTION OF _____ (DATE) | H. PAROLE PERIOD EXTENDED TO _____  ☐ 18 Mos.  ☐ 4 Yrs.  PENDING REVOCATION HEARING |
| X | C. RESCIND ACTION OF _____ (DATE) | I. ENTER NCIC WARRANT PER  BPT § 2714 (b)(1)  ( ____ )  FILL IN APPROPRIATE SUBSECTION |
| | D. DISCHARGE  1. ☐ BPT § 2535   ☐ § 2713 (c)  2. ☐ TO ALLOW _____ AUTHORITIES  EXCLUSIVE JURISDICTION. | J. PLACE IN WANTED PERSONS SYSTEM  ISSUE IN CALIFORNIA WARRANT |
| | E. RETAIN ON PAROLE  BPT RULE 2535 (d)  { ____ } | K. MISCELLANEOUS |
| | F. RETAIN ON PAROLE SUPERVISION | |

### PANEL HEARING CASE

NAME

NAME

NAME
Bloodshaw, Theopric

NUMBER
P20045

INSTITUTION/REGION
P&CSD/REG3

UNIT
Ingle2

DECISION DATE

STATE OF CALIFORNIA
CHARGE SHEET Case 3:08-cv-03156-JF Document 1 Filed 07/01/2008 Page 34 of 123 DEPARTMENT OF CORRECTIONS
CDC 1676 (4/91)
DISTRIBUTION
ORIGINAL - BOARD REPORT
1ST COPY - R.H.C.
2ND COPY - H.A.
3RD COPY - PAROLEE
4TH COPY - U.S.

| REPORT TO: | ☐ BOARD OF PRISON TERMS |
| | ☐ NARCOTIC ADDICT EVALUATION AUTHORITY |

.59

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | CSTCU - ST |
|---|---|---|---|---|
| P20045 | BLOODSHAW, THEOPRIC | SAME | III/Ingle #2 | ☐ YES ☐ NO |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|---|
| 11/09/02 | LASO Lennox | ☒ MANDATORY | ☐ NON-MANDATORY | 7475221/LACJ |

| ARREST CODE * | * ARREST CODES | | |
|---|---|---|---|
| B | A    P&CSD STAFF ALONE | B    LAW ENFORCEMENT AGENCY ALONE |
| | AB   P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY | D    LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 11/09/02 | 11/13/02 | N/A | Herm Williams | PAL | PAL | |

| CHARGES AND CODES | | CHARGES AND CODES | |
|---|---|---|---|
| 1. | Absconding (021) | 4. | |
| 2. | Failure to Register per 11590 (917) | 5. | |
| 3. | Assault on Peace Officer (413) | 6. | |

| REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO: | | | DATE COPY SENT TO PAROLEE | INITIALS OF PERSON SENDING |
|---|---|---|---|---|
| ☒ ABSCOND ☐ SELF ☐ PROPERTY-OTHERS ☒ SAFETY-OTHERS | | | | |

## DISABILITY CONCERNS

**PSYCHIATRIC**:  Mr. Bloodshaw has been classified as CCMS.

**PHYSICAL**:  Per North Kern State Institutional Summary and CDC 128C-1 date 11/3/98 gastric problem, Mr. Bloodshaw also has heart alert medication required.

**DEVELOPMENTAL**:  Per North Kern State Institutions Summary claims completion of the 10th grade.

## SUPPLEMENTAL REPORT TO A PAL REPORT dated 8/22/02.

## SUPPORTING EVIDENCE:

**CHARGE #1:**  On 11/09/02 Mr. Bloodshaw was arrested by Lennox LASO, for our PAL Warrant #2020827547.  He was also arrested for circumstances in Charge #3.  On 8/09/02 Mr. Bloodshaw RRD from Los Angeles county Jail with reporting instructions for 8/12/02 at 12:00 pm.  He failed to report and on 8/27/02 I submitted a PAL report to the Board of Prison Terms.  On 08/27/02 the hearing panel acted to suspended his parole effective 8/12/02.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing.

**CHARGE #2:**  On 11/09/02, Mr. Bloodshaw was arrested by Lennox LASO, for circumstances in Charges #1 & #3.  On 08/09/02 Mr. Bloodshaw RRD from L.A. County Jail, he failed to register per 11590 during the period 8/09/02 through 11/09/02.  Mr. Bloodshaw signed form SS8048 for narcotic offender registration per 11590 H&S on 08/24/99.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing

**CHARGE #3:**  On 11/09/02 Mr. Bloodshaw was arrested by Lennox LASO, after discovering a Parolee at Large Warrant for him.  During the arrest Mr. Bloodshaw attacked one of the arresting deputies and attempted to gouge out his eyes, punched the Deputy repeatedly and maintained a

grappling hold on the deputy, on the ground. His partner and addition units were needed to secure Mr. Bloodshaw and to protect the Deputies.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing

**ATTACHMENTS**: LASO incident report #4-02-11545-0399-057

**COURT INFORMATION**: Inglewood Court 12/04/02 Case #YA053506, Charge ADW on a peace officer/not a firearm (GBI) 245 (C ) P.C..

**WITNESSES**: Parole Agent Herm Williams can testify to circumstances in Charges 1 and 2 LASO Deputies Hoodye, Sean #796 and Sato, Brad #260210 can testify to circumstances in Charge #3.

65 61

**ATTACH LEGAL STATUS SUMMARY**

| CDC NUMBER | NAME (LAST, FIRST, MI) | |
|---|---|---|
| P20045 | BLOODSHAW, THEOPRIC | DATE OF REPORT 11/26/02 |

**PRIOR COMMITMENT(S)**

| OFFENSE TITLE(S) | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|
| Burglary 1st | 459 PC | 01/12/90 |
| | | |
| | | |

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE 7/4/00 | LAST REV. REL DATE (RRD) 08/09/02 |
|---|---|---|

Anti-Narcotic Testing.
POC - Parole Outpatient Clinic

**RESIDENCE**

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| Transient | Unknown | Transient |

**MEANS OF SUPPORT**

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR. - TO. | POSITION HELD |
|---|---|---|---|
| Unknown | Unknown | Unknown | Unknown |

**EVALUATION** - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

Mr. Bloodshaw is a second termer for Possession of a Controlled Substance. The Subject has prior convictions for 484(A) Theft of Person 3/8/89, 666PC Petty Theft 8/21/89, 459 PC Burglary 12/27/89, 11550(A) H&S Under the Influence of C/S 4/18/94, 245(A) PC ADW 2/27/95, 602(J) PC Trespass, Injure Property, 602(J) PC Trespass; Injure Property, and 11550(A) H&S, Under the Influence of C/S 1/6/97.

There has not been a parole adjustment as Mr. Bloodshaw absconded when paroled.

*6·2*

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

# WAIVER OF REVOCATION HEARING

### RIGHT TO REVOCATION HEARING

I understand that the Board of Prison Terms (Board) may order a revocation hearing scheduled for me based on a parole violation report dated _11/26/02_. I understand that I have the right to a parole revocation hearing within a reasonable time from the placement of the hold or the case conference if I am not under a hold. At the revocation hearing, I may contest the charges in the parole violation report. I may request witnesses to testify at the revocation hearing. I may be entitled to representation by an attorney at state expense if I am indigent. At the revocation hearing, the Board may find good cause to believe I have violated parole and may order my return to custody for a maximum of six (6) months if the crime for which I was committed to prison occurred on or before December 31, 1978, or 12 months if the crime for which I was committed to prison occurred on or after January 1, 1979. Any period of confinement served will be added to my parole period, but the total will not exceed the maximum period specified by law. If my parole is revoked, I shall be ineligible for discharge review until I complete one year of continuous parole beginning on the date of my release from the revocation period. However, I will be discharged at such time as my maximum discharge date is reached, if that date comes first.

### REQUEST FOR REVOCATION HEARING

☐ I request a revocation hearing and make the following pleas with regard to this hearing.

By making an admission to the charge(s), I understand that I am waiving my right to contest the charge, to request and question witnesses who may have information in regard to the charge, and to present documentary evidence which may pertain to the charge.
I also understand that an admission to the charge(s) does not affect my right to present evidence in mitigation as to why my parole should not be revoked.

| 1. I Admit Charge(s) (Specify which) | 2. I Deny Charge(s) (Specify which) | 3. I Neither Admit nor Deny Charge(s) (Spec. which) |
|---|---|---|

| Signature of Parolee | CDC Number | Date |
|---|---|---|

| Name and Title of CDC Employee (Print) | Signature of CDC Employee | Date |
|---|---|---|
| THORNE BPA | | 1/3/03 |

### WAIVER OF REVOCATION HEARING (UNCONDITIONAL)

☐ I wish to waive my revocation hearing. I understand that by waiving my right to a hearing, I am waiving all the rights discussed above. The Board will decide if there is good cause to believe I have violated parole and, if so, will make the appropriate disposition without a hearing or a personal appearance by me.

If waiver is acceptance of Revocation Screening Offer, check this box ☐ and complete the following:

Offer of _____ months or _____ days    INELIGIBLE    ELIGIBLE (Circle one.)

| Signature | CDC Number | Date |
|---|---|---|

### WAIVER OF REVOCATION HEARING (OPTIONAL)

*Ken Au*

☒ I wish to waive my revocation hearing because a criminal prosecution is pending against me. I understand that by waiving my right to a hearing, I am waiving all the rights discussed above. The Board has determined there is good cause to believe I have violated parole and has made an appropriate disposition without a hearing or a personal appearance by me as a result of this waiver.

I may later request a hearing. The request for hearing must be received by the Board no more than 15 days following sentencing or final disposition in the criminal proceedings and no later than two months before expiration of the revocation period ordered by the Board. At the hearing the Board may take any appropriate action. [CCR, Title 15, Sec. 2641(b)]

| Signature | CDC Number | Date |
|---|---|---|
| T. Bloodsaw | P 200 45 | 1/3/3 |

| NAME | CDC NUMBER | INST/REGION |
|---|---|---|
| BLOODSHAW, THEOPRIC | P-20845 | ING. H2/III |

BPT 1101 (Rev.10/98)

Distribution: White-C File, Canary-Parolee, Pink-Other

67·63

BOARD OF PRISON TERMS
STATE OF CALIFORNIA

Records Office Use Only

Projected Revocation Release Date
8-6-03

Revocation Release Date
8-6-03

Controlling Discharge Date
4-7-05

Discharge Review Date
8-6-04

## SUMMARY OF REVOCATION DECISION:
## HEARING WAIVED / SCREENING OFFER

### I. PRELIMINARY INFORMATION

**A.** Type of Hearing
REVOCATION

**B.** Basis for Charges
Parole Violation Report, Dated: 26-NOV-2002
CDC Rules Violation Report, Dated:
Other                          Dated:

**C. Admissions/Denials**

Date Signed by Parolee: 06-DEC-2002
Date of BPT Action: 06-DEC-2002

Assessment 91

**D. Legal Data**
Arrest Date: 09-NOV-2002    Hold Date: 09-NOV-2002

### II. DECISION

A. [X] Hold Status - RETAIN
B. SATCU/SATU: [ ] Approved [ ] Denied
C. Continue on Parole [ ] Dismiss [ ] Prop36
D. [ ] Schedule for Revocation Proceedings
E. [ ] Schedule for Revocation Extension Proceedings
F. Miscellaneous Action

G. [X] Parole Revoked-Return to Custody: 9 months
[X] Serve consecutively
Revocation Period Extended: 0 days
[ ] Time Served:            to

H. Attorney [ ] Conduct Determination [ ] Assignment
Reason

**3057 Credits**
[ ] Eligible          [ ] Prior Criminal History
[X] Ineligible 3057d-1  [ ] Circumstances & Gravity of
[ ] Ineligible 3057(d)(2)(E)    Parole Violation
[X] Parole Violation    241 PC
[ ] Commitment Offense
Specify Reason

**H.** Special Cond. of Parole: [X] Noted [ ] Reaffirmed [ ] Amended

| | Add/Mod/Del | Reason |
|---|---|---|
| No Alcohol | ------ | |
| ANT | ------ | |
| POC for Eval | ------ | |

Other Special Condition

Reason

**I.** Instructions to CDC or P&CSD Staff

Commissioner/Deputy Commissioner Signature

*Wm B. Crisdogo*

Date
06-DEC-2002

### PAROLEE ACKNOWLEDGEMENT

[ ] 1. I accept the above return to custody order (Section F) and unconditionally waive my rights to contest the charges against me or have a hearing.

[ ] 2. I reject the above order (Section F) and request a revocation hearing.

[X] 3. I accept the above order and optionally waive my right to a hearing.

Parolee Signature
*T, Bloodshaw*

Date
1/3/3

Witness Signature
*[signature] BPA*

Date
1/3/03

NAME
BLOODSHAW, THEOPRIC

CDC NUMBER
P20045

*Ken Ally*
*Ally*
*11-7-210*
*1/3/3*

INST/REGION / AGENT
INGLEWOOD 2 / 3
WILLIAMS, HERM

SCREEN DATE
06-DEC-2002

06-DEC-2002 04:18 PM

68- 64
BOARD OF PRISON TERMS                                                                STATE OF CALIFORNIA
## SUMMARY OF REVOCATION DECISION: HEARING WAIVED / SCREENING OFFER

### III. SUMMARY OF FINDINGS AND DISPOSITION

A. Reports and Documents Considered:

☐ Parole Violation            ☐ Police Report - Date:
☐ CDC Rules Violation             Agency:
☐ Other (specify):

B. Findings

| Charge Number | Code Number | Charge Specified | Findings | Evidence Considered/ Relied Upon | Other (specify) | Rev Ext |
|---|---|---|---|---|---|---|
| 1. | 021 | Absconding parole supervision | GOOD CAUSE | 3 | | |
| 2. | 947 | Failure to register per H&S 11590 | GOOD CAUSE | 3 | | |
| 3. | 413 | Assault on peace officer | GOOD CAUSE | 6 | | |

1. Court Conviction            3. Agent's Statements            5. Witnesses' Statements            7. Laboratory Analysis
2. Parolee Admits            4. Physical Evidence            6. Victim's Statements            8. Other (specify)

C. Reasons for Disposition and Documents Considered

[X] Summary of Adjustment    ☐ C-File    ☐ POR    ☐ CII/FBI    ☐ Other:

Need for Reconfinement Based Upon the Following Factors:

☐ Return to Drugs - Readdiction - Need for Dry-Out - Detoxification

☐ Involved in Felonious Behavior that Mandates a Substantial RTC

☐ Continuation of Same Behavior that Caused Parolee's Prison Confinement

☐ Inability/Unwillingness to Conform to the Expectations and Requirements of Parole/CDC

☐ Parolee's Involvement in Distribution and/or Sales of Controlled Substances

[X] Parolee's Unlawful Behavior and/or Activity Makes Him/Her a Liability to the Community

☐ Parolee's Behavior and Conduct Requires Treatment in a Controlled Environment

Other Reasons/Comments

| NAME | CDC NUMBER | INST/REGION / AGENT | SCREEN DATE |
|---|---|---|---|
| BLOODSHAW, THEOPRIC | P20045 | INGLEWOOD 2 / 3 WILLIAMS, HERM | 06-DEC-2002 |

06-DEC-2002 04:18 PM

BPT 1104 (Rev. 7/88) Electronic                          Page 2 of 3                          PERMANENT ADDENDUM

69.
65

BOARD OF PRSION TERMS

## SUMMARY OF REVOCATION DECISON: HEARING WAIVED/SCREEN OFFER

ADA

Special Needs: **CCCMS**

| NAME | CDC NUMBER | INST/REGION/AGENT | SCREEN DATE |
|------|-----------|-------------------|-------------|
| BLOODSHAW, THEOPRIC | P20045 | INGLEWOOD 2 / 3 WILLIAMS, HERM | 06-DEC-2002 |

06-DEC-2002 04:18 PM

BPT 1104 (Rev. 7/88) Electronic

PERMANENT ADDENDUM

EXHIBIT

B

DATE FAXED: '04-17-07

COCMS NO   GPL:3.3

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

FPRD

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 5-28-2070 | PBSP | B8-101L | B07-04-0031 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 ( C )1 | BATTERY ON A PEACE OFFICER | B8-101L | 04-12-07 | 1855 HOURS |

CIRCUMSTANCES

E.
ELV

On 4-12-07 at approximately 1855 hours officer T. Holmes and I were attempting to issue inmate BLOODSAW P-20045, B8-101L, his legal mail in the B8 officer's station. Inmate BLOODSAW seemed to be agitated when he entered the officer station. Holmes and I attempted to counsel BLOODSAW on his behavior. BLOODSAW was not receptive to the counseling and started yelling "FUCK YOU, FUCK YOU WHITE MOTHERFUCKERS, YOU CAN SUCK MY DICK." Holmes and I gave BLOODSAW a direct order to return back to his cell. I escorted BLOODSAW back to A-section, he was still yelling and cursing, when approximately 2 feet from A-section door he turned left into a bladed stance. I ordered BLOODSAW to get down, instead BLOODSAW took a step toward me. I grabbed BLOODSAW by the front of his shirt with my right hand and wrapped my left arm around his upper body pulling BLOODSAW down. With the help of officer Holmes, we placed BLOODSAW on the floor in a prone position. BLOODSAW continued to fight, refusing numerous orders to cuff up. I pulled BLOODSAWS' right arm behind his back, so Holmes could place hand cuffs on BLOODSAW. At this time BLOODSAW kicked me in the right knee while we were trying to gain control and place handcuffs and leg irons on him.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The reviewing supervisor has concluded that a

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► T. THOM   *T. Thom* | 4.17.07 | B8 FLOOR #2 | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ► A. NAVARRO, SGT | | 04/17/07 | DATE 4/13-07    LOC. A2-202L | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | B | 04/17/07 | ► P. TERRY    P. TERRY, LT | ☐ HO ☒ SHO ☐ SC ☐ FC | |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ► R. MILLS, C/O | 4/18/07 | 12P | 7219 × 1 | | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ► R. MILLS, C/O | 4/14/07 | 1230 | ► R. MILLS, C/O | 4/18/07 | 12.5 |

HEARING

PBP-B08-07-04-0144

(SEE ATTACHED HEARING SUMMARY)

Mental Health Assessment is not required.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
| J. DIGGLE, LT | | ► *signature* | | 2-1-07 | 1930 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ► M. FOSS, FACILITY CAPTAIN | 1/25/07 | M.A. COOK, A.W. (G.P.) | | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ► R. McMck, C/O | | DATE 04/27/07 | TIME 730 |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3005(c) | 04-12-07 | PBSP | B07-04-0031 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ▶ | | DATE |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED | ☐ WAIVED BY INMATE | Refused | |
| ☒ ASSIGNED | DATE 4-19-07   NAME OF STAFF  K Mills  9/0 REASSIGNED TO C/O LEVEQUE | | 4-20-07 |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | Refused | |
| ☐ ASSIGNED | DATE   NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON  DNMC  Per  3315 (d)(1) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER ___   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | | DATE |
|---|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE 4-19-07 |

CDC 115-A (7/88)   — If additional space is required use supplemental pages —   OSP 03 74845

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE __1__ OF __2__

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER B07-04-0031 | INSTITUTION PBSP | TODAY'S DATE 4/23/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: On 04-21-2007 at approximately 1930 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O C. Speaker and C/O J. Keeling) to his refusal was completed.

**District Attorney**: Per the California Department of Corrections (CDC) Form 115-A, BLOODSAW was advised by the Staff Assistant prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. The Staff Assistant informed him that any statements could be used against him in a court of law. There is no reason to believe that BLOODSAW signed a written postponement request.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Correctional Officer C. Leveque, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Leveque confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape and photographic evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 04-12-2007 as well as the Incident report.

**Finding**: Guilty of the Div. B (1) offense BATTERY ON A PEACE OFFICER. *Battery* means the deliberate use of force or violence on the person of another. Battery includes intentionally striking the person of another as well as the clothing or any object closely associated with that person. If the battery is unintentional, the inmate remains responsible if it is the result of reckless indifference. *Reckless indifference* means that any reasonable person committing the intended action would understand that battery was probable. This offense also requires that the victim of this battery qualify as a peace officer. In general, this means custody, counseling, administrative and MTA staff members. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Officer J. Thom, in the disciplinary report of 04-12-2007, wherein Officer Thom testifies that on 04-12-2007, at approximately 1855 hours, He and Officer Holmes were issuing legal mail to BLOODSAW from the floor officer's station. BLOODSAW seemed agitated when he entered the officer's station. Officer Thom and Officer

| SIGNATURE OF WRITER J. DIGGLE | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 4/23/07 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 042707 | TIME SIGNED: 1300 |

#4 #10 69
23

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE ___2___ OF ___2___

| CDC NUMBER<br>P-20045 | INMATE'S NAME<br>BLOODSAW | LOG NUMBER<br>B07-04-0031 | INSTITUTION<br>PBSP | TODAY'S DATE<br>4/23/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

Holmes attempted to counsel BLOODSAW on his behavior. BLOODSAW was not receptive, and started yelling, "Fuck you, fuck you, you white motherfuckers, you can suck my dick." Officer Thom and Officer Holmes gave BLOODSAW a direct order to return to his cell. Officer Thom escorted BLOODSAW back to A section. BLOODSAW was still yelling and cursing, when approximately two feet from the A section door he turned left into a bladed stance. Officer Thom ordered BLOODSAW to get down. Instead, BLOODSAW took a step toward Officer Thom. Officer Thom grabbed BLOODSAW by the front of his shirt with his right hand and wrapped his left hand around BLOODSAW's upper body, pulling BLOODSAW down. With the help of Officer Holmes, they placed BLOODSAW on the floor in the prone position. BLOODSAW continued to fight, refusing numerous orders to submit to handcuffs. Officer Thom pulled BLOODSAW's right hand behind his back so Officer Holmes could place handcuffs on BLOODSAW. BLOODSAW kicked Officer Thom in the right knee while the officers were trying to restrain him.
B.   The 837C Crime / Incident report written by Correctional Officer T. Holmes, where Officer Holmes states that at some point during the incident, he sustained an injury to his right ring finger. The 7219 Medical Report of Injury reflects that Officer Holmes had swelling to his right ring finger.
C.   The fact that BLOODSAW kicked Officer Thom in the right knee clearly supports the charge of battery.

**Disposition**: Assessed **150** day credit forfeiture for this Div. B offense.  Referred to classification for SHU assessment. BLOODSAW is referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties**: None

| SIGNATURE OF WRITER<br>J. DIGGLE | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>4/23/07 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY (STAFF'S SIGNATURE) | DATE SIGNED:<br>042707 | TIME SIGNED:<br>1300 |

STATE OF CALIFORNIA                             DEPARTMENT OF CORRECTIONS
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DISTRIBUTION:
WHITE - CENTRAL FILE          CANARY - WARDEN
BLUE - INMATE (2ND COPY)      PINK - HEALTH CARE MGR
GREEN - ASU                  GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| BLOODSAW | P-79645 |

## REASON(S) FOR PLACEMENT (PART A)

- [ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- [X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Thursday, April 12, 2007, a decision was made to place you in the Administrative Segregation Unit (ASU). The reason for your placement is made because on Facility B you were charged with battery on a Peace Officer. Specifically, you battered Correctional Officer J. Tran. Due to the lack of bed space in ADSEG, you will be sent to quarters and bed space is pending. You were not placed into ADSEG until __4/13/07__. you will remain in the Administrative Segregation Unit pending adjudication of a Rules Violation Report (RVR) for Battery on a Peace Officer.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: __/__/__

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 4-13-07 | P. TOP | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 4-13-07 | | R. Mejia | R. Mejia | C/O |

| [X] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| | | |

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
| | | | |

### IS THIS INMATE:

| | | | | |
|---|---|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | |

Any "NO" requires SA assignment                      Any "NO" may require IE assignment

[ ] NOT ASSIGNED                            [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|
| | | |

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY___    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE | |
|---|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

State of California

# Memorandum

Date  :  May 4, 2007

# DA REFERRAL
## (DETAINER)

To    :  M. D. Yax
         Associate Warden
         Central Services

From  :  Department of Corrections and Rehabilitation
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P20045,** committed the following violation of the
California Penal Code Section:

> **69**        **Resisting or Deterring an Officer**
>
> **4501.5**    **Battery Upon a Person not a Prisoner**

As of May 4, 2007, this case was prepared for submission to the Del Norte County District
Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of
this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their
office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


T. STEWART
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
       Facility S&E
       Records
       Inmate
       CLO File

9 26 72
State of California

# Memorandum

Date    :  June 7, 2007

# DA ACCEPTED

To    :  M. D. Yax
Associate Warden
Central Services

From   :  Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the
California Penal Code Section:

      **69**        **Resisting or Deterring an Officer**

      **4501.5**      **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte County District Attorney's Office for
possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State
Prison that their office issued a complaint charging the above named inmate with the following
violation of the Penal Code Section:

      **COUNT I**   **4501.5 Battery Upon a Person not a Prisoner**

      **COUNT II**  **69**     **Resisting or Deterring an Officer**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
      Facility S&E
      Records
      Inmate
      CLO File

**173.**

State of California

# Memorandum

Date : November 6, 2007

### DA DISMISS
(AND DETAINER REMOVAL)

To : M. D. Yax
Associate Warden
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-B08-07-04-0144, CRPB07-5089**

On April 12, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the California Penal Code Section:

**69**       **Resisting or Deterring an Officer**
**4501.5**   **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

**COUNT I   4501.5 Battery Upon a Person not a Prisoner**
**COUNT II  69     Resisting or Deterring an Officer**

On November 6, 2007, the District Attorney's Office notified Pelican Bay State Prison that on October 26, 2007, the case was dismissed by the court, and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate. Please release the Detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
Facility S&E
Records
Security Squad
Inmate
OTC Desk
CLO File

$\frac{78}{6}$ $\frac{74}{10}$

DA# 07040144

Agency: PBSP

$5/31$

SPACE BELOW FOR USE OF COURT CLERK ONLY

DISTRICT ATTORNEY
County of Del Norte
450 H Street #171
Crescent City, California
Phone (707) 464-7210

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
## DEL NORTE JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiffs,

vs.

THEOPRIC BLOODSAW, P-20045

Defendant.

**COMPLAINT**

Att: Alexander
Court Date
6-14-07

The DISTRICT ATTORNEY of the County of Del Norte, State of California, hereby charges the DEFENDANT with having committed, in the County of Del Norte, the crime of:

COUNT 1.
BATTERY ON CORRECTIONAL OFFICER, in violation of Section 4501.5 of the Penal Code, a felony.
    On or about April 12, 2007, the Defendant did willfully and unlawfully being a person confined in a state prison of this state, commit a battery upon the person of Correctional Officer J. Thom , an individual who is not himself a person confined therein. (Kicked in Knee)

COUNT 2.
RESISTING EXECUTIVE OFFICER, in violation of Section 69 of the Penal Code, a FELONY.
    On or about April 12, 2007, the Defendant did willfully, unlawfully and knowingly resist executive officers, to-wit: Correctional Officers J. Thom and T. Holmes, in the performance of their duty by the use of force and violence .

Orig

*74*
*75*

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 17th day of September, 1997, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Possession of a Controlled Substance, a felony, in violation of section 11350(a) of the Health and Safety Code, case number YA034031, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 4th day of April, 2003, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Assault on a Peace Officer, a felony, in violation of section 245(c) of the Penal Code, case number YA053506, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION, within the meaning of Penal Code sections 1170.12 and 667(b) through 667(i) inclusive.**

It is further alleged that said defendant was convicted on the 4th day of April, 2003, of Criminal Threats, in violation of section 422 of the Penal Code, in Los Angeles County, State of California, within the meaning of Penal Code sections 1170.12 and 667(b) to 667(i) inclusive.

I so swear, under penalty of perjury, on May 25, 2007, at Crescent City, California, that the foregoing is true and correct on information and belief.

**Katherine Micks, DEPUTY DISTRICT ATTORNEY**

FILED

MAY 3 0 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

1  MICHAEL D. RIESE
   DISTRICT ATTORNEY
2  Courthouse · 450 H Street
   Crescent City, CA 95531
3  Telephone: (707) 464-7210

4              SUPERIOR COURT, OF CALIFORNIA

5                  COUNTY OF DEL NORTE

6

7  PEOPLE OF THE STATE OF CALIFORNIA,       CASE NUMBER:
                   Plaintiff,               CRPBC7 - 5089

8                                           ORDER FOR TRANSPORT
                 vs.                        VIDEO

9  THEOPRIC BLOODSAW, P-20045               COURT DATE: May 31, 2007
                 Defendant.                 TIME: 8:00 a.m.
10

11  TO THE WARDEN OF PELICAN BAY STATE PRISON:

12       IT IS HEREBY ORDERED that Theopric Bloodsaw, P-20045, be produced in the Superior
    court for prosecution or examination for an offense triable in the Superior court, and that Pelican Bay
13  State Prison is to transport said person to the Video Arraignment Room located at Pelican Bay State
    Prison, on May 31, 2007 at 8:00 a.m., for arraignment or other proceedings.
14

15  IT IF FURTHER ORDERED that said inmate continue to be transported for appearances at the Del
    Norte County courthouse, Crescent City, Calif. until the conclusion of his case.

16  DATED:      MAY 3 0 2007            _____
                                        JUDGE OF THE SUPERIOR COURT
17                                      WILLIAM H FOLLETT

18

19

20

*15 77*
*77 87*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A1 – COVER SHEET
CDCR 837 – A (Rev. 07/05)

| PAGE 1 OF | 5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |
|---|---|---|---|---|

| INSTITUTION PBSP | FACILITY B | FACILITY LEVEL ☐ I  ☐ II  ☐ III  ☒ IV | INCIDENT SITE B-8 | LOCATION Rotunda | ☐ ASU  ☐ SHU  ☐ PSU ☐ SNY  ☐ PHU  ☐ CTC ☒ GP  ☐ RC | SEG YARD ☐ ASU ☐ WA ☐ RM | USE OF FORCE ☒ YES  ☐ NO |
|---|---|---|---|---|---|---|---|

| SPECIFIC CRIME / INCIDENT BATTERY ON A PEACE OFFICER | ☒ CCR  ☐ PC  ☐ N/A NUMBER/SUBSECTION: 3005 (c) |
|---|---|

| D.A REFERRAL ELIGIBLE ☒ YES  ☐ NO | CRISIS RESPONSE TEAM ACTIVATED ☐ YES  ☒ NO | | MUTUAL AID REQUESTED ☐ YES  ☒ NO | PIO/AA NOTIFIED ☒ YES  ☐ NO |
|---|---|---|---|---|

### RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL  ☐ NATURAL | ☐ ON INMATE | ☒ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION  ☐ UNKNOWN | ☒ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☐ N/A | ☐ SLASHING | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | |
|---|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE   TYPE: | | WEAPON:  WARNING#  EFFECT# | | TYPE:  NO: | |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | BATON ROUND | |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | WOOD | |
| ☐ OTHER | ☐ FIREARM | ☐ INMATE MANUFACTURED | ☐ 9MM | | RUBBER | |
| | ☒ HANDS / FEET | WEAPON | ☐ SHOTGUN | | FOAM | |
| | ☐ KNIFE | | LAUNCHER: | | STINGER: | |
| ☒ N/A | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | .32 (A) | |
| | ☐ PROJECTILE | | ☐ L8 | | .60 (B) | |
| ESCAPES | ☐ SPEAR | | ☐ 40 MM | | EXACTIMPACT | |
| | ☐ SLASHING INSTRUMENT:  (TYPE) _____ | | ☐ 40 MM MULTI | | CTS 4557 | |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT:  (TYPE) _____ | | ☐ HFWRS | | XM 1006 | |
| ☐ W/O FORCE | ☐ OTHER: _____ | | FORCE: | | CHEMICAL: | |
| ☐ ATTEMPTED | ☐ BODILY FLUID  ☐ OTHER FLUID _____ | | ☐ EXPANDABLE BATON | | ☐ OC | |
| | ☐ UNKNOWN LIQUID | | ☒ PHYSICAL FORCE | | ☐ CN | |
| ☒ N/A | ☐ N/A | | ☐ X10 | | ☐ CS | |
| | | | ☐ OTHER: _____ | | ☐ N/A | |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ WITHOUT PACKAGING PRELIMINARY  LAB | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITUATES | _____ | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | _____ | PROGRAMS | ☐ HOSTAGE | |
| ☐ CODEINE | _____ | | ☐ INMATE STRIKE | EXTRACTION: |
| ☐ HEROIN | _____ | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | _____ | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | _____ | | ☐ NATURAL DISATER | |
| ☐ MORPHINE | _____ | | ☐ PUBLIC DEMONTRATION | |
| ☐ OTHER: _____ | _____ | | ☐ SPECIAL INTEREST I/M | |
| ☒ N/A | _____ | ☒ N/A | | ☒ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Thursday, April 12, 2007 at approximately 1855 hours, Inmate BLOODSAW, P-20045, B8-101L, battered staff by attempting to break escort and resisting staff, necessitating the use of physical force to gain compliance. While staff was attempting to restrain BLOODSAW, BLOODSAW kicked Officer J. Thom in the right knee.

**SUSPECTS:** BLOODSAW, P-20045, B8-101L

**VICTIMS:** Officer J. Thom, Officer T. Holmes

| COMPLETE SYNOPSIS / SUMMARY ON PART A1 | | Reviewed By:   Facility Captain M. Foss | |
|---|---|---|---|
| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | DATE |



STATE OF CALIFORNIA

**PART A1 – SUPPLEMENT**
CDCR 837 – A1 (07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 2 | OF | 5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|------|---|----|----|---|

| INSTITUTION Pelican Bay State Prison | FACILITY B | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |
|---|---|---|---|

TYPE OF INFORMATION

☒ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

NARRATIVE:

BLOODSAW was in the B8 Officer's station getting his legal mail when he became verbally abusive to staff. B8 Floor staff ordered BLOODSAW to return to his cell. As BLOODSAW was being escorted back to his cell, he turned and assumed a bladed stance. Officer Thom ordered BLOODSAW to get down, BLOODSAW refused and lunged towards Officer Thom. Officer Thom and Officer Holmes utilized physical force to get BLOODSAW into the prone position on the ground. During this time, BLOODSAW kicked Officer THOM in the right knee.

**ESCORTS:** Officers C. Chapman and T. Wadsworth escorted BLOODSAW from B8 to the B Facility Hobby Shop Holding Cell #1.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate BLOODSAW was not a participant in the Mental Health Delivery System at the time of this incident.

**MEDICAL REPORTS/INJURIES TO STAFF:** MTA J. Keys medically evaluated Officer J. Thom and prepared a CDC 7219 noting the following: pain in the right knee, an abrasion/scratch to the left wrist and right thumb. MTA Keys medically evaluated Officer T. Holmes and noted the following: a swollen right ring finger.

**MEDICAL REPORTS/INJURIES TO INMATES:** MTA Keys medically evaluated BLOODSAW and prepared a CDC 7219 noting the following: Dried blood on the left nostril and lower lip, pain in the neck and left knee.

**CRIME SCENE/EVIDENCE:** A crime scene was not established and no evidence was collected from this incident.

**USE OF FORCE:** Officers J. Thom, T. Holmes and L. Northrup utilized physical force to gain control of BLOODSAW.

**STATUS OF VIDEOTAPED INTERVIEW:** BLOODSAW was offered a video interview due to the injury to his lip. A video interview will be conducted on April 13, 2007.

**CONCLUSION:** Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 (c), specifically BATTERY ON A PEACE OFFICER. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

**NOTIFICATIONS:** The Administrative Officer of the Day, Associate Warden M. Cook was notified of this incident through the Watch Commander's Office. The Warden and all appropriate administrative staff were notified of this incident through the Watch Commander's Office. CCPOA Chapter President R. Newton was notified of this incident through the Watch Commander's Office. You will be notified of any changes, should they occur, through supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

Reviewed By: Facility Captain M. Foss

| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | DATE |

*# .83*
*24 79*

Incident number:    PBP-B08-07-04-0144

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the CDC 837-B as part of the evidence for their disciplinary hearing.

Per the memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his prehearing documents. A list of the participants may be substituted. This is the list of participants authorized by that memorandum.

| | | | |
|---|---|---|---|
| BLOODSAW | P-20045 | TUPY, R. | Correctional Lieutenant |
| | | PEPIOT,A. . | Correctional Sergeant |
| | | CHAPMAN,C. . | Correctional Officer |
| | | HOLMES,T. . | Correctional Officer |
| | | NORTHRUP,L. . | Corrrectional Officer |
| | | SILVA,J. . | Correctional Officer |
| | | THOM,J. . | Correctional Officer |
| | | WADSWORTH,T. . | Correctional Officer |
| | | KEYS,J. . | MTA |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

## CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Pepiot | A. | L. | 4-12-07 | 1855 Hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 370376 | Facility B Program Sergeant | 5 Years 06 Months | 4-12-07 | B 8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| F/S | 1400-2200 | Battery on Peace Officer | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (s) C/O J. Thom | (s) MTA J. Keys | (s) BLOODSAW P-20045 | B8-101L |
| ☒ RESPONDER | (s) C/O T. Holmes | | | |
| ☐ WITNESS | (s) C/O L. Northrup | | | |
| ☐ VICTIM | (s) C/O C. Chapman | | | |
| ☐ CAMERA | (s) C/O T. Wadsworth | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | | **NO:** | | **NO:** | **TYPE:** | **TYPE:** |
| ☐ PHYSICAL | ☐ MINI-14 | | ☐ 37 MM | | | ☐ OC |
| ☐ CHEMICAL | ☐ 9 MM | | ☐ 40 MM | | | ☐ CN |
| ☒ NONE | ☐ 38 CAL | | ☐ L8 | | | ☐ CS |
| **FORCE OBSERVED** | ☐ SHOTGUN | | ☐ 40 MULTI | | | ☐ OTHER: |
| **BY YOU** | | | ☐ HFWRS | | | |
| ☐ WEAPON | ☒ N/A | | ☐ BATON | | | ☒ N/A |
| ☐ PHYSICAL | | | | | | |
| ☐ CHEMICAL | | | | | | |
| ☒ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN   ☐ OTHER | ☒ NO |

NARRATIVE:

On Thursday, April 12, 2007, while assigned as the "B" Facility program Sergeant, I responded to an alarm in building B-8, at approximately 1855 hours. I arrived to find an inmate and three officers on the floor in the rotunda. The inmate later identified as BLOODSAW P-20045, housed in B-8 cell 101L was in a prone position being held down by Correctional officers J. Thom, T. Holmes and L. Northrup. C/O Thom was on BLOODSAW'S right side, C/O Holmes was on BLOODSAW'S left side and C/O Northrup was holding BLOODSAW'S legs. C/O C. Chapman placed leg irons on BLOODSAW'S legs. Thom and Holmes helped BLOODSAW to his feet where C/ O's Chapman and Wadsworth then took over the escort. BLOODSAW was then escorted to the B yard hobby shop and placed in holding cell number (1) one. Medical Technical Assistant J. Keys then performed a 7219 medical report on BLOODSAW. BLOODSAW was then taken to the (CTC) Correctional Treatment Center for further evaluation and released back to the yard to be re-housed. BLOODSAW was re-housed into B-7 cell 127L and CTQ'D Confined to Quarters pending placement into Administrative Segregation.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| A. Pepiot | Sergeant. | 64308 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|---|---|---|---|---|

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

LC
44 81
FS

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER |
|------|---|-----|---|---------------------|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|------------|-------|-----|---------------|---------------|
| HOLMES | T. | R. | 04/12/07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|--------|----------|------------------|----------------|----------------------|
| 371628 | B8 FLOOR OFFICER | 4 Years 5 Months | 04/12/07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE  ☐ N/A |
|-------|------------|--------------------------------|---------------------------|
| S/S | 1400-2200 | BATTERY ON A PEACE OFFICER | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|-----------|-----|-----|-----|-----|
| ☐ PRIMARY | (S) C/O J. THOM | (S)C/O | (S) BLOODSAW | (P20045, B8-101L) |
| ☒ RESPONDER | | T. WADSWORTH | | |
| ☐ WITNESS | (S) C/O L. NORTHRUP | (S) C/O  J. SILVA | | |
| ☐ VICTIM | (S) C/O C. CHAPMAN | | | |
| ☐ CAMERA | (S) SGT. A. PEPIOT | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU | |
|-------------------|-----|-----|-----|-----|-----|
| ☐ WEAPON | | | | | |
| ☒ PHYSICAL | NO: | NO: | TYPE: | | TYPE: |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC | |
| ☐ NONE | ☐ 9 MM | ☐ 40 MM | | ☐ CN | |
| | ☐ 38 CAL | ☐ L8 | | ☐ CS | |
| FORCE OBSERVED | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: | |
| BY YOU | | ☐ HFWRS | | | |
| ☐ WEAPON | | | | | |
| ☒ PHYSICAL | ☒ N/A | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | |
| ☐ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | | BIO HAZARD | PPE |
|---------------------------|---------------------|----------------------|---|------------|-----|
| ☐ YES | | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|-------------------------|-----------------------|--------------------------------------|----------------|----------------------------|
| ☒ YES | | | ☐ BODILY    ☒ N/A | ☒ YES |
| ☐ NO | SPRAINED RIGHT RING FINGER  ☐ N/A | B-FACILITY MEDICAL CLINIC  ☐ N/A | ☐ UNKNOWN   ☐ OTHER _____ | ☐ NO |

NARRATIVE:

ON THURSDAY, 4/12/07 AT APPROXIMATELY 1855 HOURS, WHILE CONDUCTING LEGAL MAIL ISSUE IN THE B8 FLOOR OFFICERS STATION, I ASKED CONTROL BOOTH OFFICER J. SILVA TO HAVE INMATE (I/M) BLOODSAW (P20045, B8-101L) REPORT TO THE OFFICE TO RECEIVE HIS LEGAL MAIL. I/M BLOODSAW REPORTED TO THE OFFICE AND APPEARED TO BE AGGITATED. I TOLD BLOODSAW TO SIGN FOR HIS LEGAL MAIL. BLOODSAW SAID "FUCK YOU WHITE MOTHERFUCKER. SUCK MY DICK". I/M BLOODSAW THEN SIGNED FOR HIS LEGAL MAIL. SENSING BLOODSAW'S AGGITATION, I ORDERED BLOODSAW TO RETURN TO HIS CELL. BLOODSAW BECAME VERBALLY ABUSIVE AND CONTINUED HIS VERBAL ASSAULT. CORRECTIONAL OFFICER (C/O) J. THOM SAID "YOU NEED TO TAKE IT BACK TO YOUR HOUSE" AND STOOD UP FROM HIS CHAIR INSIDE THE OFFICE. C/O J. THOM THEN BEGAN TO ESCORT BLOODSAW TOWARDS THE "A" SECTION DOOR. I THEN HEARD C/O J. THOM YELL "GET DOWN" FROM WHAT SOUNDED LIKE THE ROTUNDA AREA NEAR THE "A" SECTION DOOR. I IMMEDIATELY RESPONDED TO THE ROTUNDA NEAR THE "A" SECTION DOOR AND SAW I/M BLOODSAW STANDING IN A BLADED STANCE FACING C/O J. THOM. I SAW C/O J. THOM ATTEMPT TO GRASP BLOODSAW AROUND HIS UPPER TORSO AREA. I GRASPED BLOODSAW WITH MY LEFT HAND AROUND BLOODSAW'S LEFT

✸ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|------------------------------|-------|---------|------|
| J. Holmes | C/O | 66538 | 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|----------------------------------------------|---------------|----------|----------------------|------|
| A. Pepiot  SGT   Pepiot | 4-12-07 | ☐ YES ☐ NO | ☐ YES ☐ NO | |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

×L9 · 86
20 86

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1 – SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER |
|------|---|----|----|----|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI |
|------------|-------|-----|
| | | |

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☐ CLARIFICATION REQUEST

NARRATIVE

UPPER ARM AND PLACED MY RIGHT HAND (PALM OPEN) ONTO BLOODSAW'S UPPER BACK AREA. I SAW THAT C/O J. THOM HAD POSITIONED HIMSELF NEAR MYSELF AND I/M BLOODSAW. C/O J. THOM APPEARED TO HAVE AHOLD OF BLOODSAWS UPPER BACK AREA. USING A DOWNWARD PULLING MOTION WITH MY LEFT ARM AND STRENGTH, I PULLED BLOODSAW DOWN TO THE ROTUNDA FLOOR WITH THE HELP OF C/O J. THOM'S PULLING MOTION. AS WE BROUGHT BLOODSAW TO THE FLOOR, BLOODSAW WAS IN THE PRONE POSITION. I COULD FEEL BOTH OF BLOODSAW'S LEGS KICKING REPEATEDLY IN VERY FORCEFUL FORWARD AND BACKWARD MOTIONS AS HE WAS LAYING ON THE GROUND. I ORDERED BLOODSAW DID NOT COMPLY WITH MY ORDERS AND CONTINUED TO KICK. I THEN RETRIEVED MY HANDCUFF RESTRAINTS AND ORDERED BLOODSAW TO "CUFF UP". BLOODSAW'S HANDS WERE POSITIONEDNEAR HIS FACE AREA. BLOODSAW DID NOT COMPLY WITH MY ORDER TO CUFF UP AND USED HIS OWN STRENGTH TO MAINTAIN HIS HAND POSITIONING. I USED MY LEFT HAND TO GRAB AHOLD OF BLOODSAW'S LEFT WRIST AND USED A REAR PULLING MOTION TO GUIDE BLOODSAW'S LEFT ARM BEHIND HIS BACK. I APPLIED ONE HANDCUFF RESTRAINT TO BLOODSAW'S LEFT WRIST AND MAINTAINED CONTROL OF HIS LEFT LOWER ARM AREA WITH MY LEFT HAND. BLOODSAW WAS TRYING TO PULL HIS LEFT ARM BACK UP TOWARDS HIS FACE AREA IN A CLEAR ATTEMPT OF NON-COMPLIANCE, ALL THE WHILE STILL ATTEMPTING TO KICK. I LOOKED BACK AND SAW THAT C/O L. NORTHRUP HAD RESPONDED TO THE INCIDENT AND WAS NOW USING HIS BODY-WEIGHT TO MAINTAIN CONTROL OF BLOODSAW'S LOWER LEGS. I THEN SAW THAT C/O J. THOM HAD PULLED BLOODSAW'S RIGHT ARM BEHIND HIS BACK AND I WAS ABLE TO APPLY THE RIGHT HANDCUFF RESTRAINT ONTO BLOODSAW'S RIGHT WRIST AREA. I THEN SAW RESPONDING STAFF ARRIVING INTO THE B8 ROTUNDA AREA. I HEARD SERGEANT A. PEPIOT SAY TO TAKE BLOODSAW TO THE HOBBY SHOP. C/O J. THOM AND I STOOD BLOODSAW TO HIS FEET. C/O T. WADSWORTH AND C/O C. CHAPMAN THEN RELIEVED C/O J. THOM AND I ON THE ESCORT AND ESCORTED BLOODSAW OUT OF THE B8 ROTUNDA TOWARD THE B-YARD HOBBY SHOP.    AFTER THE INCIDENT WAS COMPLETED, I REPORTED TO THE B-FACILITY MEDICAL CLINIC TO BE EVALUATED FOR AN APPARENT SPRAIN TO MY RIGHT RING FINGER, SUSTAINED AT AN UNKNOWN TIME DURING THE INCIDENT. THIS ENDS MY INVOLVEMENT IN THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | | DATE |
|------------------------------|-------|---------|---|------|
| *Y. Zfelone* | C/O | 66538 | | 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|-----------------------------------------------|---------------|----------|----------------------|------|
| A. Pepiot  SGT  *Pepiot* | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

Distribution:   Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

185 57

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _1_ OF _2_

INCIDENT LOG NUMBER: PBP-08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Northrup | L | W | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371620 | B-7 floor | 4 Years 10 Months | 4-12-07 | B-8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | |
|---|---|---|---|---|
| S/S | 14-2200 | Battery on Peace Officer | 3005 (C) | ☐ |

**YOUR ROLE**
- ☐ PRIMARY
- ☒ RESPONDER
- ☐ WITNESS
- ☐ VICTIM
- ☐ CAMERA

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)**
Sgt. A. Pepiot (S)
C/o T. Holmes (S)
C/o J. Thom (S)
C/o C. Chapman (S)
C/o T. Wadsworth (S)

**INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)**

**FORCE USED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**FORCE OBSERVED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

| | NO: | | NO: | TYPE: |
|---|---|---|---|---|
| ☐ MINI-14 | | ☐ 37 MM | | |
| ☐ 9 MM | | ☐ 40 MM | | |
| ☐ 38 CAL | | ☐ L8 | | |
| ☐ SHOTGUN | | ☐ 40 MULTI | | |
| | | ☐ HFWRS | | |
| ☒ N/A | | ☐ BATON | | |

**CHEMICAL AGENTS USED BY YOU**

| | TYPE: |
|---|---|
| ☐ OC | |
| ☐ CN | |
| ☐ CS | |
| ☐ OTHER: | |
| ☒ N/A | |

**EVIDENCE COLLECTED BY YOU**
- ☐ YES
- ☒ NO

**EVIDENCE DESCRIPTION**
☒ N/A

**EVIDENCE DISPOSITION**
☒ N/A

**BIO HAZARD**
- ☐ YES
- ☒ NO

**PPE**
- ☒ YES
- ☐ NO

**REPORTING STAFF INJURED**
- ☐ YES
- ☒ NO
☒ N/A

**DESCRIPTION OF INJURY**

**LOCATION TREATED (HOSPITAL / CLINIC)**
☒ N/A

**FLUID EXPOSURE**
- ☐ BODILY  ☒ N/A
- ☐ UNKNOWN
- ☐ OTHER:

**SCIF 3301 / 3307 COMPLETED**
- ☐ YES
- ☒ NO

**NARRATIVE:** On 4-12-07 at approximately 1855 hours, I was working as B-7 floor officer. I was in B-8 talking with Correction Officer C/o T. Holmes while he was conducting legal mail pass when inmate (Ym) Bloodsaw, P-20045 came down to the office for his legal mail. C/o Holmes and C/o J. Thom also were counseling him on his behavior earlier in the day. As the conversation progressed, Bloodsaw became increasingly louder and beligerant while arguing. He began to yell obsenities at C/o thom stating "Suck my dick" and "fuck you". At this point C/o Holmes gave Bloodsaw a direct order to "take it back home." As Bloodsaw turned to go back to "A" section he continued

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| L.W. [signature] | C/o | 65647 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Pepiot SGT [signature] | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

#29
#84

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE _2_ OF _2_

DEPARTMENT OF CORRECTIONS AND REHABILITATION

INCIDENT LOG NUMBER
PBP-08-07-04-0144

NAME: LAST _Northrup_    FIRST _L_    MI _W_

TYPE OF INFORMATION:
[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE: to yell obsenities so C/o Thom followed him out the door toward "A" section to ensure he went strait back to his cell. I began talking to C/o Holmes, still inside the office, when I heard C/o Thom yell "get down". I immediately ran out of the office behind C/o Holmes and observed C/o Thom and I/m Bloodsaw clenched together struggling. C/o Holmes was in front of me and grabbed Bloodsaws upper-body area and assisted in taking Bloodsaw to the ground. While on the ground Bloodsaw continued resisting by kicking his feet up and down and back and forth. C/o Thom and C/o Holmes were struggling with Bloodsaws upper body so I grabbed his feet in an attempt to subdue them. Bloodsaw continued to attempt to kick me so I placed my full upper body weight on his legs. I heard C/o Holmes order Bloodsaw to "cuff up" "give me your arm" and continued to struggle before placing him in handcuffs. As responding staff arrived I began yelling for someone to get me some leg irons. C/o C. Chapman then stepped forward and placed Bloodsaw in leg irons. I then heard Sergeant A. Pediot say "get him up, take him to the hobby shop." C/o Holmes was on his left side with C/o Thom on his right side. They assisted Bloodsaw to his feet when C/o Chapman and C/o T. Wadsworth took over the escort. They escorted Bloodsaw out of B.B. this concludes my involvement in this incident.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF _A.W. H[...]_    TITLE _C/o_    BADGE # _65647_    DATE _4-12-07_

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)    DATE RECEIVED    APPROVED    CLARIFICATION NEEDED    DATE

130 85
84

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _1_ OF _2_

INCIDENT LOG NUMBER: PBP-B08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Thom | James | C | 4.12.07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 271630 | B8 Activities | 15 Years | 1 Months | 4.12.07 | B8. Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|
| 5/5/H | 0600/1400 | Battery on a Peace Officer | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) T/O T. Holmes | (S) I/m Bloodsaw P20045 |
| ☐ RESPONDER | (S) C/O C. Chapman | |
| ☐ WITNESS | (S) C/O T. Wadsworth | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|
| ☐ WEAPON | NO: ___ NO: ___ TYPE: ___ | TYPE: ___ |
| ☒ PHYSICAL | ☐ MINI-14 ___ ☐ 37 MM ___ | ☐ OC ___ |
| ☐ CHEMICAL | ☐ 9 MM ___ ☐ 40 MM ___ | ☐ CN ___ |
| ☐ NONE | ☐ 38 CAL ___ ☐ L8 ___ | ☐ CS ___ |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN ___ ☐ 40 MULTI ___ | ☐ OTHER: ___ |
| ☐ WEAPON | ☐ HFWRS ___ | |
| ☒ PHYSICAL | ☒ N/A ☐ BATON | ☒ N/A |
| ☐ CHEMICAL | | |
| ☐ NONE | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES | Cut on right Hand and left wrist, Pain in right Knee | ☐ N/A | ☐ BODILY  ☒ N/A ☐ UNKNOWN ☐ OTHER: | ☒ YES |
| ☐ NO | ☐ N/A | | | ☐ NO |

**NARRATIVE:** On 4.12.07 at approximately 1855 hours Correctional Officer T. Holmes and I were attemping to issue inmate Bloodsaw his legal mail in the B8 officer station. I/m Bloodsaw seemed agitated when he entered the office. C/o Holmes and I both tried to counsel Bloodsaw on his earlier behavior. Bloodsaw was not receptive to the counseling and started yelling Fuck you, Fuck you you white motherfuckers, you can suck my dick. C/o Holmes gave Bloodsaw a direct order to take it back to his cell. Bloodsaw left the office still yelling and cussing. I was escorting Bloodsaw back to A section, when approximately 2 feet befor the section door Bloodsaw turned left into a bladed stance. I ordered

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | C/o | 45669 | 4.12.07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Point  Sgt | 4-17-07 | ☐ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE **2** OF **2**

INCIDENT LOG NUMBER
PBP-D08-07-04-014

NAME: LAST
*Thom*

FIRST
*James*

MI
C

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

NARRATIVE: Bloodsaw to get down, instead Bloodsaw took
a step towards me. I grabbed Bloodsaw by the front
of his shirt with my right hand and wrapped my left
arm around his upper body pulling ~~down~~ Bloodsaw down
with the help of C/o Holmes we placed Bloodsaw on the
floor in a prone position. Bloodsaw continued to fight
refusing numerous orders to cuff up. I pulled
Bloodsaw's right arm behind his back so C/o Holmes could
place Bloodsaw in handcuffs. It should be noted that
before the leg irons were placed on Bloodsaw's legs he
kicked me in the right knee. C/o's C. Chapman and
T. Wadsworth escorted Bloodsaw to the Hobby shop.
I was seen by medical staff for injuries to my hands
and right knee a 7219 Form was completed. This ends
my involvement in this incident

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF
*J. C. Thom*

TITLE
C/o

BADGE #
45669

DATE
4.12.07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)     DATE RECEIVED     APPROVED     CLARIFICATION NEEDED     DATE

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: PBP-BOP 07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SILVA | J. | B. | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371580 | B8 Control | 4 Years  Months | 4-12-07 | B8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| F/S | 1400-2200 | BATTERY ON PEACE OFFICER | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM      (S) C. CHAPMAN | (S) BLOODSAW P-20045 |
| ☐ RESPONDER | (S) T. HOLMES | |
| ☒ WITNESS | (S) L. NORTHRUP | |
| ☐ VICTIM | (S) T. WADSWORTH | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|---|
| ☐ WEAPON | **NO:** | **NO:** | **TYPE:** | **TYPE:** |
| ☐ PHYSICAL | | | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | | ☐ CN |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL | ☐ L8 | | ☐ CS |
| ☐ WEAPON | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: |
| ☐ PHYSICAL | | ☐ HFWRS | | |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON | | ☒ N/A |
| ☒ NONE | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☐ N/A | ☐ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

## NARRATIVE:

ON 4-12-07, I WAS ASSIGNED AS B8 CONTROL BOOTH OFFICER. AT APPROXIMATELY 1855 HOURS, I OPENED CELL 101 WHO IS OCCUPIED BY INMATE BLOODSAW P-20045 TO COME TO THE OFFICERS' STATION TO PICK UP HIS LEGAL MAIL. BLOODSAW WAS USING PROFANATY (FUCK YOU, SUCK MY DICK) WHILE TALKING WITH OFFICERS; J. THOM, T. HOLMES AND NORTHRUP. AS BLOODSAW LEFT THE OFFICERS' STATION, OFFICER THOM WAS COUNSELING BLOODSAW ABOUT BEING DESRESPECTFUL AND YELLING. AS I WAS BY A SECTION CONTROL PANEL OPENING BLOODSAW'S CELL DOOR, I HEARD OFFICER THOM SAYING "GET DOWN!" THEN, I LOOKED DOWN INTO THE ROTUNDA AND I SAW OFFICER THOM WITH OFFICERS HOLMES AND NORTHRUP

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| [signature] | C/O | 67266 | 4-12-07 |

| TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| ✔ SGT [signature] | 4-12-07 | ☒ YES  ☐ NO | ☐ YES  ☐ NO | |

2633.88
92

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
PBP-B C8-07-04-0144

NAME: LAST     SILVA

FIRST     J.

MI     B

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT     ☐ CLARIFICATION OF REPORT     ☐ ADDITIONAL INFORMATION

NARRATIVE:

ON THE GROUND TRYING TO CONTROL BLOODSAW. I
IMMEDIATELY ACTIVATED MY PERSONAL ALARM AND WENT TO
THE YARD DOOR PANEL AND OPEN THE YARD DOOR FOR
RESPONDING STAFF TO ASSIST IN RESTRAINING BLOODSAW.
OFFICER CHAPMAN ASKED ME FOR LEG RESTRAINS WHICH, HE
APPLIED TO BLOODSAW'S ANKLES. AFTER BLOODSAW WAS IN
RESTRAINS, HE WAS ESCORTED TO THE HOBBY SHOP ON B YARD
BY OFFICERS; CHAPMAN AND WADSWORTH. THIS CONCLUDED
MY INVOLVEMENT WITH THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF

TITLE
C/O

BADGE #
67266

DATE
4-12-07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)     DATE RECEIVED     APPROVED     CLARIFICATION NEEDED     DATE

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __1__ OF __1__

INCIDENT LOG NUMBER: PBP-B08-07-04-01?

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CHAPMAN | C. | J | 04·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371568 | B-5 Control | 4 Years 2 Months | 04·12·07 | Bravo-8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S | 14-22 | BATTERY ON PEACE OFFICER | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | S) J. THOM C/O | S) BLOODSAW   P-20045 |
| ☒ RESPONDER | T. HOLMES C/O | |
| ☐ WITNESS | L. NORTHRUP C/O | |
| ☐ VICTIM | T. WADSWORTH C/O | |
| ☐ CAMERA | | |

**FORCE USED BY YOU**
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

**FORCE OBSERVED BY YOU**
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

NO:
☐ MINI-14
☐ 9 MM
☐ 38 CAL
☐ SHOTGUN

NO:   TYPE:
☐ 37 MM
☐ 40 MM
☐ L8
☐ 40 MULTI
☐ HFWRS
☐ BATON
☒ N/A

**CHEMICAL AGENTS USED BY YOU**

TYPE:
☐ OC
☐ CN
☐ CS
☐ OTHER:
☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER: | ☐ YES ☒ NO |

**NARRATIVE:** ON 04·12·07 AT APPROXIMATLY 1855 HOURS, I RESPONDED TO AN ALARM IN B-8. UPON ENTERING THE ROTUNDA I SAW AN INMATE LATER IDENTIFIED AS BLOODSAW P-20045 B8·101L ON THE GROUND IN RESTRAINTS. OFFICER J. THOM WAS HOLDING DOWN BLOODSAW'S UPPER BODY ON THE RIGHT SIDE OF BLOODSAW. C/O T. HOLMES WAS HOLDING DOWN BLOODSAW'S UPPER LEFT SIDE. C/O L. NORTHRUP WAS HOLDING DOWN BLOODSAWS LEGS. I PLACED LEG IRONS ON BLOODSAW AND C/O T. WADSWORTH AND I ESCORTED BLOODSAW TO B-HOBBY SHOP AND PLACED HIM HOLDING CELL NUMBER ONE. THIS CONCLUDES MY REPORT.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| C. Chapman | C/O | 67045 | 04·12·07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Tepiot SGT. / Tepiot | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

28-85   44-90

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __1__ OF __2__

INCIDENT LOG NUMBER
PBP-B08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Wadsworth | T | P | 4-12-07 | 1855 |

| POST # 37(62) | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 271579 | B7 Floor #2 | 12 Years 10 Months | 4-12-07 | B8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S | 1400-2200 | Battery on a Peace Officer | 3005 (c) |

**YOUR ROLE**
- [ ] PRIMARY
- [X] RESPONDER
- [ ] WITNESS
- [ ] VICTIM
- [ ] CAMERA

WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)
(S) J. Thom C/O
(S) T. Holmes C/O
(S) L. Northrup C/O

INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)
(S) Bloodsaw      P-20045
                  B8-101L

**FORCE USED BY YOU**
- [ ] WEAPON
- [ ] PHYSICAL
- [ ] CHEMICAL
- [X] NONE

**FORCE OBSERVED BY YOU**
- [ ] WEAPON
- [ ] PHYSICAL
- [ ] CHEMICAL
- [X] NONE

**WEAPONS AND SHOTS FIRED BY YOU**

| | NO: | | NO: | TYPE: |
|---|---|---|---|---|
| [ ] MINI-14 | | [ ] 37 MM | | |
| [ ] 9 MM | | [ ] 40 MM | | |
| [ ] 38 CAL | | [ ] L8 | | |
| [ ] SHOTGUN | | [ ] 40 MULTI | | |
| [X] N/A | | [ ] HFWRS | | |
| | | [ ] BATON | | |

**CHEMICAL AGENTS USED BY YOU**

TYPE:
- [ ] OC
- [ ] CN
- [ ] CS
- [ ] OTHER:
- [X] N/A

**EVIDENCE COLLECTED BY YOU**
- [ ] YES
- [X] NO

| EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|
| [X] N/A | [X] N/A | [ ] YES [X] NO | [ ] YES [X] NO |

**REPORTING STAFF INJURED**
- [ ] YES
- [X] NO

| DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|
| [X] N/A | [X] N/A | [ ] BODILY [X] N/A [ ] UNKNOWN [ ] OTHER: | [ ] YES [X] NO |

**NARRATIVE:** On Thursday, April 12th 2007 at approximately 1855 hours while working as B7 floor officer #2, I responded to a personel alarm in unit B8. As I entered the Rotunda area of B8, I observed three officers and one inmate on the floor next to holding cell number two. Officer J. Thom was holding the upper right side of inmate Bloodsaw P-20045 against the floor. Officer T. Holmes was holding the upper right side of Bloodsaw against the floor. Officer L. Northrup was holding Bloodsaws legs down. I noticed that Bloodsaw had already been placed in handcuffs, when officer C. Chapman placed leg restraints on Bloodsaw. Officer C. Chapman and myself escorted Bloodsaw out of the unit and placed him

[X] CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| T. W_____ | C/O | 49538 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Rep. of SET / Rep. of | 4/12/07 | [X] YES [ ] NO | [ ] YES [ ] NO | |

#436
71 45

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
PBP-B08-07-04-0144

NAME: LAST
WADSWORTH,

FIRST
T

Mi
P

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

NARRATIVE:   INTO "B" FACILITIES HOBBIE SHOP AND INTO HOLDING
CELL NUMBER ONE

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF
T. W——

TITLE
C/O

BADGE #
49538

DATE
4-12-07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)      DATE RECEIVED      APPROVED      CLARIFICATION NEEDED      DATE

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| PBSP | B 8 | (USE OF FORCE)   INJURY   UNUSUAL OCCURRENCE | | PRE AD/SEG ADMISSION | 4-12-07 |

| | NAME    LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | Bradshaw | Theodric | P20045 | B8-101 | |
| THIS SECTION FOR STAFF ONLY | NAME    LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME    LAST | FIRST    MIDDLE | | DOB | OCCUPATION |
| | HOME ADDRESS | CITY    STATE | | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) | | | |
|---|---|---|---|---|---|
| B8 Rotunda | 4-12-07 - / 1855 | Custody Staff | | | |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL (circle) | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| 1855 | 1900 | | (AMBULATORY) LITTER WHEELCHAIR ON SITE | 48 | B | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"My Neck hurt"   "My Knee hurt"



| INJURIES FOUND?  YES/NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | (7) |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | (11) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| | |
|---|---|
| O.C. SPRAY EXPOSURE? | YES /(NO) |
| DECONTAMINATED? | YES /(NO) |
| Self-decontamination instructions given? | YES /(NO) |
| Refused decontamination? | YES /(NO) |
| Q 15 min. checks | N / A |
| Staff issued exposure packet? | YES /(NO) |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| Bales RN / 1920 | N/A |

| TIME/DISPOSITION | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|---|
| 2010 / Returned to cell from CTC, (Non-CCCMS patient) | J. Keys / [signature] MTA | 7176 S | M/T |

(Medical data is to be included in progress note or emergency care record filed in UHR)

MICHAEL D. RIESE
DISTRICT ATTORNEY
450 H Street, #171
Crescent City, CA  95531
Telephone: (707) 464-7210

Attorney(s) for Plaintiff

Space Below for use of Court Clerk Only

**ENDORSED**
**FILED**

OCT 26 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE

450 H Street, Crescent City, CA

THE PEOPLE OF THE STATE OF CALIFORNIA

v.

**THEOPRIC BLOODSAW** (P-20045)

Defendant

CASE NUMBER: **CRPB07-5089**

**REQUEST FOR DISMISSAL**

Next Court Date: 11/1/2007

Request is made to dismiss this action for the following reason:

Interests of justice.

Dated: October 24, 2007

MICHAEL D. RIESE
DISTRICT ATTORNEY

By:    Katherine Micks
       Deputy District Attorney

## IT IS SO ORDERED

Dated: OCT 2 6 2007

Robert W. Weir

Judge of the Superior Court

**PR. 94.**

PROOF OF SERVICE

1

2

3    I am a citizen of the United States and a resident of the

4    County of Del Norte.  I am over the age of eighteen years and not

5    a party to the within above entitled action; my business address is

6    450 H Street, Crescent City, California, 95531.

7    On October 24, 2007, I served the within **REQUEST FOR DISMISSAL**

8    in this action by delivering to and leaving with the following

9    persons in the County of Del Norte, State of California, a true

10   copy thereof, to wit:

11

12   Law Office of **George Mavris, *via clerk's receptacle*.**

13

14

15   I, H. Diane Collins, declare, under penalty of perjury that

16   the foregoing is true and correct.

17

18   Executed on October 24, 2007, at Crescent City, California.

19

20

21                                              H. Diane Collins

22

23

24

25

26

27

28

**195**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

GPL= 3.3

CCCMS=NO

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | EPRD: 06-21-2020 | PBSP | ASUE-01L | E07-12-0003 |

| VIOLATED RULE NO(S). | SPECIFIC CHARGE | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | ASU-1 | 12-19-2007 | 0730 |

CIRCUMSTANCES:
On Wednesday, December 19, 2007 at approximately 0730 hours while doing my medication pass, I stopped at ASUE-01L, which is solely occupied by inmate BLOODSAW, P-20045. I was attempting to give BLOODSAW his morning medication and triage his sick call slip. BLOODSAW became verbally abusive, using vulgar language toward me. I made several attempts to communicate with BLOODSAW, with negative results. BLOODSAW continued to use vulgar language towards me, and stated he is refusing his medication. At that time BLOODSAW said, "Suck my dick" as he pulled his penis out with his left hand and waved his penis at me. At that time I exited the section, and notified Lt. G.A. Kelley of the incident. BLOODSAW is aware of this report. (Refer to PBSP-FBAS-07-12-0507.)

**This inmate is not EOP or crisis Bed.** Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| R.N. S. NAKAMURA | 12/20/ | ASU-1 REGISTERED NURSE | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | LOC. |
|---|---|---|---|
| J.C. ANDERSON, SGT. | 12/2/ | DATE  n/a | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | B/S | 1/1/0 | R. TUPY, LT. | ☐ HO  ☒ SHO  ☐ SC  ☐ |

### COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE)  D. HARLOW, C/O | DATE 12-26-07 | TIME 1155 | TITLE OF SUPPLEMENT  N/A | | |
|---|---|---|---|---|---|---|
| ☒ INCIDENT REPORT  LOG NUMBER:  PBSP-FBAS-07-12-0507 | BY: (STAFF'S SIGNATURE)  D. HARLOW, C/O | DATE 12-26-2007 | TIME 1155 | BY: (STAFF'S SIGNATURE)  N/A | DATE | TIME |

HEARING

SEE ATTACHED HEARING DISPOSITION

DA Detainer Memo to Inmate on
12-31-2007 @ Litigation @ 0745

DA Reject Memo to Inmate on
1-7-2008 @ 1010 hrs.  by L. Hollow

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME)  T. BOSLEY, SENIOR HEARING OFFICER | SIGNATURE | | DATE | TIME | |
| REVIEWED BY (SIGNATURE)  M. FOSS, CAPT | DATE 1/2/0 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE  M.A. COOK, AWGP | | DATE 1-  08 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | | DATE 1-7-2008 | TIME |

CDC 115 (7/88)

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3007 | 12-19-07 | PBSP | E07-12-0003 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☒ YES    ☐ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

☒ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ► x Refused to Sign    DATE 12-26-2007

☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ►    DATE

DATE NOTICE OF OUTCOME RECEIVED    DISPOSITION

☐ **I REVOKE** my request for postponement.
INMATE'S SIGNATURE ►    DATE

### STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☒ WAIVED BY INMATE | ► x Refused to Sign | 12-26-2007 |

☒ ASSIGNED    DATE 12-21-07    NAME OF STAFF C/O P. Price

☐ NOT ASSIGNED    REASON art. 3.3

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☒ WAIVED BY INMATE | ► Refused to Sign | 12-26-2007 |

☐ ASSIGNED    DATE    NAME OF STAFF

☒ NOT ASSIGNED    REASON UNMC per CCR 3315 (d)(1)

EVIDENCE / INFORMATION REQUESTED BY INMATE: None

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATOR'S SIGNATURE ► no    DATE

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ► C/O C/O L. Harlow | TIME 1155 | DATE 12|26|07 |
|---|---|---|---|

CDC 115-A (7/88)    *— If additional space is required use supplemental pages —*

#61 #6
77

STATE OF CALIFORNIA                                                                  DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                          PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | E07-12-0003 | PBSP | 12/28/07 |

☐SUPPLEMENTAL    ☒CONTINUATION OF:    ☐CDC 115 CIRCUMSTANCES    ☒HEARING    ☐I.E. REPORT    ☐OTHER

**Hearing**: On December 28, 2007 at approximately 0850 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O R. Achziger and C/O H. SOULE) to his refusal was completed.

**District Attorney**: Per the California Department of Corrections (CDC) Form 115-A, BLOODSAW was advised prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. He was informed that any statements could be used against him in a court of law. There is no reason to believe that BLOODSAW signed a written postponement request.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, B. Price, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Price confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape/ Photo evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 12/19/07 as well as the Incident report.

**Finding**: Guilty of the Div. D (5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. Given that inmates are obligated to protect the privacy of himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront. This finding is based upon the following preponderance of evidence:

A. The testimony of Registered Nurse S. Nakamura in the disciplinary report of 12/19/07 wherein Nakamura testifies that, "On 12/19/07 Inmate BLOODSAW, P-20045, ASUE-01L, pulled his penis out with his left hand and waved it at me stating suck my dick.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| T. Bosley | Correctional Lieutenant | 12/28/07 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| X | C/O | 1-7-2008 | 1010 |

7f## 48

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                      PAGE   2   OF   2

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER E07-12-0003 | INSTITUTION PBSP | TODAY'S DATE 12/28/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Disposition**: Assessed **90** day credit forfeiture for this Div. D offense. With this notice, BLOODSAW is informed that his credit restoration period began 12/20/07 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. Referred to classification for SHU assessment.    With this notice, BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.

**Additional penalties**: Per PBSP Pilot Program for Management of indecent exposure incidents, the hearing officer may suspend specific privileges for no more than 90 days for the first offense and 180 days for the second offence with the suspension period starting the day of the hearing. The following privilege is suspended for this inmate: canteen and vender purchases. These privileges are suspended from the date of this hearing through 03/27/08 for a total of 90 days.

**Copies**: Inmate trust office; Canteen, Program Lieutenant

| SIGNATURE OF WRITER T. Bosley | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 12/28/07 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 1-7-2008 | TIME SIGNED: 1010 |

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | | | |
|---|---|---|---|
| WHITE | CENTRAL FILE | CANARY | WARDEN |
| BLUE | INMATE (2ND COPY) | PINK HEALTH | CARE MGR |
| GREEN | ASU | GOLDENROD | INMATE (1ST COPY) |

GPL: 3.3/ LOC=CLEAR

| INMATE'S NAME | CDC NUMBER | |
|---|---|---|
| BLOODSAW | P20045 | ASUE-01L |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

You are currently serving a determinate SHU term due to an RVR dated 4-12-07, Battery on a Peace Officer with a MERD of 4-12-08. You have an extensive disciplinary history including and RVR dated: 12-19-07, Indecent Exposure. Based upon the aforementioned, your presence in General Population continues to pose a threat to the safety of others and the security of the Institution. You are scheduled to appear before Classification Committee for a Subsequent ASU review. During this review your disciplinary history will be reviewed and a determination will be made relative to your possible retention in SHU on Indeterminate status. You will be afforded the opportunity to present any relevant information to Classification Committee regarding your current housing and or program.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:    N/A

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 04-12-2007 | F. MARULLI | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 03-12-2008 | | D.J. HARLOW | | OFFICER |

[ ] INMATE REFUSED TO SIGN     INMATE SIGNATURE     CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA)

| STAFF ASSISTANT NAME | TITLE |
|---|---|
| | |

### INVESTIGATIVE EMPLOYEE (IE)

| INVESTIGATIVE EMPLOYEES NAME | TITLE |
|---|---|
| | |

**IS THIS INMATE:**

LITERATE?    [ ] YES [ ] NO
FLUENT IN ENGLISH?    [ ] YES [ ] NO
ABLE TO COMPREHEND ISSUES?    [ ] YES [ ] NO
FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS?    [ ] YES [ ] NO
DECLINING FIRST STAFF ASSISTANT ASSIGNED?    [ ] YES [ ] NO

Any "NO" requires SA assignment

[ ] NOT ASSIGNED    3.3 GPL

EVIDENCE COLLECTION BY IE UNNECESSARY    [ ] YES [ ] NO
DECLINED ANY INVESTIGATIVE EMPLOYEE    [ ] YES [ ] NO
ASU PLACEMENT IS FOR DISCIPLINARY REASONS    [ ] YES [ ] NO
DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED    [ ] YES [ ] NO

Any "NO" may require IE assignment

[ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
[ ] NO WITNESSES REQUESTED BY INMATE     INMATE SIGNATURE     DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC UMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY _____    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

*I.O.C 44*

State of California

ASU -E1

# Memorandum

Date    : December 27, 2007

## DA REFERRAL
### (DETAINER)

To    : M. D. Yax
Associate Warden
Central Services

From    : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject :  PBSP INCIDENT #PBSP-FBAS-07-12-0507

On December 19, 2007, inmate **BLOODSAW, P-20045**, committed the following violation of the California Penal Code Section:

### 314  Indecent Exposure

As of December 27, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


T. STEWART
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
Facility S&E
Records
Inmate
CLO File

'D1. 105  tec

State of California

# Memorandum

Date  :  January 2, 2008

# DA REJECT
## (DETAINER REMOVAL)

To  :  M. D. Yax
Associate Warden
Central Services

From  :  **Department of Corrections and Rehabilitation**
**Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000**

Subject :  **PBSP INCIDENT #PBSP-FBAS-07-12-0507**

On December 19, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the California Penal Code Section:

### 314  Indecent Exposure

On December 27, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

On January 2, 2008, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that they declined to prosecute and referred the case back to the institution for administrative disposition.

The Court Liaison Office is no longer investigating the above named inmate. Please release the detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in the case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

*C+ (+*
*102*

INMATE NAME: BLOODSAW            NUMBER: P-20045                        CELL: ASU- E1

On this date: DECEMBER19, 2007, your behavior of (DESCRIBE / ACTIONS):

INDECENT EXPOSURE

Has necessitated the implementation of the following Security Precaution(s) and or Restriction(s):

CUSTODY SECURITY PRECAUTIONS    (CHECK APPROPRIATE PRECAUTIONS)

| | | |
|---|---|---|
| _____ LEG IRONS | _____ PAPER TRAY | |
| _____ FOOD DELIVERY SYSTEM | _____ NO TEAR BLANKET | |
| _____ SECURITY TRIANGLE | _____ PAPER TRAY | |
| _____ SPIT HOOD | __X__ YELLOW LEXAN/ PLACARD — 90 DAYS | |
| _____ WAIST CHAIN | _____ RAZOR | |
| _____ LINEN | _____ SPOON | |
| _____ CLOTHING – (BOXERS) | _____ PEN FILLER | |
| _____ MATTRESS | _____ CELL WATER | |
| _____ CUP/CONTAINER | __X__ OTHER: EXPOSURE JUMPSUIT– 90 DAYS | |

RESTRICTIONS        (CHECK APPROPRIATE RESTRICTIONS)

_____ YARD                                    _____ PROPERTY

OTHER: _____

These precaution(s) / restriction(s) are implemented as a preventive measure to discourage future incidents of the same nature. This precaution(s) / restriction(s) will remain in effect until 2400 hours on 3-19-2008.

SURIGHT- *Kwyld* Sgt.                    LT *[signature]* 12-19-07
(PRINT and SIGN NAME)                    (PRINT and SIGN NAME)
REQUESTER / RANK                         APPROPRIATE SUPERVISOR / RANK

[X] **APPROVED**              [ ] **DISAPPROVED**

Distribution:    Central File
                 AWC File
                 Unit Sergeant
                 Inmate
                 Unit
                 Counselor                              CDC 128-B Revised 02-06

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.3

**CRIME / INCIDENT REPORT**
**PART A - COVER SHEET**
CDCR 837-A (REV. 10/06)

03

| | Page 1 of 4 | INCIDENT LOG NUMBER PBSP-FBAS-07-12-0507 | INCIDENT DATE 12/19/2007 | INCIDENT TIME 07:30 |
|---|---|---|---|---|

| INSTITUTION PBSP | FACILITY FBAS - ASU | FACILITY LEVEL ☐ I ☐ II ☐ RC ☐ III ☑ IV | INCIDENT SITE ADMINISTRATIVE SEGREGATION | LOCATION SECTION E, CELL ASU-E-01L | PROGRAM ASU | AD/SEG YARD N/A | USE OF FORCE: No |
|---|---|---|---|---|---|---|---|

| SPECIFIC CRIME / INCIDENT Sexual Misconduct - Indecent Exposure | ☑ CCR ☑ PC ☐ N/A 3007 Sexual Behavior PC 314 | NUMBER / SUBSECTION -- |
|---|---|---|

| D.A. REFERRAL ELIGIBLE ☑ Yes ☐ No | CRISIS RESPONSE TEAM ACTIVATED ☐ Yes ☑ No | MUTUAL AID ☐ Yes ☑ No | PIO/AA NOTIFIED ☑ Yes ☐ No |
|---|---|---|---|

**RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)**

| DEATH AND CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A

Other Desc: |

| SERIOUS INJURY | INMATE WEAPONS | TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A |
| ESCAPES ☑ N/A | | |

| CONTROLLED SUBSTANCE | WEIGHT/ In Grams | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☑ N/A | | ☑ N/A | ☑ N/A |
| | | | EXTRACTION: ☑ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)
On, Wednesday, December 19, 2007, Inmate BLOODSAW, P-20045, ASU-E-01L, intentionally exposed his penis to Registered Nurse S. Nakamura and said "Suck on this, can you see it." while holding his penis with his left hand and shaking it.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) GLENN KELLEY | TITLE CORRECTIONAL LIEUTENANT | ID# 116001582 | BADGE # 12097 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE 6200 | DATE 12/19/2007 |
| NAME OF WARDEN / AOD (PRINT/ SIGN) ROBERT HOREL | | TITLE WARDEN | DATE |

# CRIME / INCIDENT REPORT
## PART A1 - SUPPLEMENT
CDCR 837-A1 (REV. 10/06)

| | | INCIDENT LOG NUMBER |
|---|---|---|
| | Page 2 of 4 | PBSP-FBAS-07-12-0507 |

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| PBSP | FBAS - ASU | 12/19/2007 | 07:30 |

TYPE OF INFORMATION:

☑ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

At approximately 0730 hours, while delivering medication to inmates in their cells, RN Nakamura approached cell ASU-E-01 solely occupied by inmate BLOODSAW and began conversing with BLOODSAW about his medication, when BLOODSAW became angry and began calling RN. Nakamura profanities. Then BLOODSAW intensionally exposed his penis and began shaking it with his left hand to direct RN. Nakamura's visual attention to it and stated "Suck on this, can you see it." RN. Nakamura departed the area and reported the incident to Lieutenant G. A. Kelley.

SUSPECT:BLOODSAW, P-20045

VICTIM:RN. S. Nakamura

MEDICAL REPORTS/INJURIES TO STAFF: None reported.

MEDICAL REPORTS/INJURIES TO INMATES: None reported

PAST CDC RULES VIOLATIONS: None.

PAST CRIMINAL HISTORY: None for PC 288 or 314 related offenses.

CRIME SCENE/EVIDENCE: None identified.

USE OF FORCE: None reported.

STATUS OF VIDEOTAPED INTERVIEW: No videotape interview was conducted because there were no Head Injures, no Serious Injures or Force Allegations made during this incident.

ESCORTS: None required.

CONCLUSION: Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3007, Sexual Behavior, Specifically 'Indecent Exposure'. This case will be referred to the Del Norte County District Attorneys Office for possible felony prosecution. Inmate BLOODSAW was placed on yellow placard caution and indecent exposure jump suit status as precautions to future indecent exposure incidents should they occur.

NOTIFICATIONS: The Facility 'B' Captain, M. Foss, and all appropriate administrative staff were notified about the incident. You will be advised of any further developments in this matter should they occur via supplemental reports.

OVERTIME: There was no overtime incurred as a result of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE: | ID# | BADGE # |
|---|---|---|---|
| GLENN KELLEY | CORRECTIONAL LIEUTENANT | 116001582 | 12097 |

| SIGNATURE OF REPORTING STAFF | | | |
|---|---|---|---|
| | | PHONE EXT. INCIDENT SITE | DATE |
| | | 6200 | 12/19/2007 |

| NAME OF WARDEN / AOD (PRINT/ SIGN) | TITLE | DATE |
|---|---|---|
| ROBERT HOREL | WARDEN | |

*104 #04*
*105*

# CRIME / INCIDENT REPORT
## PART B1 - INMATE
CDCR 837-B1 (REV. 10/06)

DV-1.5.3

Page 3 of 4

| INSTIUTTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| PBSP | FBAS - ASU | PBSP-FBAS-07-12-0507 |

### INMATE (ENTIRE SHEET)

| NAME: LAST | | FIRST | | MI | CDC # | SEX | ETHNICITY | FBI #: | | CII # |
|---|---|---|---|---|---|---|---|---|---|---|
| BLOODSAW | | THEOPRIC | | NMI | P-20045 | M | BLA | 496721PA9 | | A08953256 |

| PARTICIPANT | CLASS SCORE | PVRTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | RELEASE Date Type | EXTRACTION | DOB | HOUSING |
|---|---|---|---|---|---|---|---|---|---|
| SUSPECT | 119 | YES | 06/11/2003 | 09/27/2007 | 05/28/2020 | 0 | NO | 06/25/1958 | ASU-E01L |

| CURRENT INMATE LEVEL | ☑ N/A | ☐ CCCMS | ☐ EOP | ☐ DMH | COMMITMENT OFFENSE | COUNTY OF COMMITMENT |
|---|---|---|---|---|---|---|
| IV | ☐ MHCB | ☐ DDP | ☐ DPP | | BATTERY ON A PEACE OFFICER | LOS ANGELES |

☑ N/A   DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE

| ☑ N/A | ☐ TREATED AND RELEASED | ☐ HOSPITALIZED | NAME/ LOCATION OF HOSP/ TREATMENT FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE | | ☐ REFUSED TREATMENT   ☑ N/A | |

| Reason For Death: | Is There ASCA Seious Injury ☑ N/A   PRISON GANG / DISRUPTIVE GROUP | VALIDATED / ASSOCIATED |
|---|---|---|
| | ⦿ No   ○ Yes | |

*HO.*
*106*

## INCIDENT NUMBER:   PBSP-FBAS-07-12-0507

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the 837B as part of the evidence for their disciplinary hearings.


Per the Memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his pre-hearing documents. A list of the participants may be substituted. This is the list of participants authorized by that Memorandum.

| I/M NAME | CDCR # | STAFF NAME | TITLE |
|----------|--------|------------|-------|
| BLOODSAW | P-20045 | G.A. KELLEY | LIEUTENANT |
|          |        | S. NAKAMURA | REGISTERED NURSE |
|          |        |            |       |
|          |        |            |       |
|          |        |            |       |
|          |        |            |       |
|          |        |            |       |
|          |        |            |       |
|          |        |            |       |

HHE 107

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _1_ OF _2_

| INCIDENT LOG NUMBER |
|---|
| PBSP-FBA5-07-12-0507 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| NAKAMURA | STEVEN | Y | 12/19/07 | 0730 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 234520 | ASU-1 RN | 11 Years | 11 Months | 12/19/07 | ASU E-1 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S | 06-14 | 3007 Indecent Exposure | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☑ PRIMARY | S-C. Kelley Jr. | S- Bloodsaw    CDC# P20045 |
| ☐ RESPONDER | | ASU E-1 |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|
| ☐ WEAPON | NO: ⃝        NO: ⃝   TYPE: | TYPE: |
| ☐ PHYSICAL | | |
| ☐ CHEMICAL | ☐ MINI-14 ____   ☐ 37 MM ____ | ☐ OC |
| ☒ NONE | ☐ 9 MM ____   ☐ 40 MM ____ | ☐ CN |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL ____   ☐ L8 ____ | ☐ CS |
| ☐ WEAPON | ☐ SHOTGUN ____   ☐ 40 MULTI ____ | ☐ OTHER: ____ |
| ☐ PHYSICAL | ☐ HFWRS | |
| ☐ CHEMICAL | ☒ N/A   ☐ BATON | ☒ N/A |
| ☒ NONE | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | ☒ N/A | ☒ N/A | ☐ YES | ☒ YES fresh |
| ☒ NO | | | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | ☒ N/A | ☒ N/A | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | | | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:** On 12/19/07 at Approximately 0730 while doing my medication pass, I stopped at inmate Bloodsaw's cell (P20045) at ASU E-1 to give him his medication and to triage his sick call slip. Bloodsaw said, "Kiss my black ass. Fuck you bitch. Kiss my black ass. One more of those are on the way. I notified you 3 weeks ago that I did not want to see that bitch. What do you mean I cannot pick and choose. Fuck you bitch. Kiss my mother fucking black ass! Tell that bitch that I am a racist mother fucker. I will get my mother fucking medication. Everything is on that. Can you read and write mother fucker? Can you read and write. I told that bitch

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| S. Nakamura | RN | N/A | 12/19/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| S. WRIGHT - S. Wright | 12-19-07 | ☒ YES ☐ NO | ☐ YES ☒ NO | 12-19-07 |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE _2_ OF _2_

INCIDENT LOG NUMBER
PBSP- PBAS-07-12-0507

| NAME: LAST | FIRST | MI |
|---|---|---|
| NAKAMURA | STEVEN | Y |

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT     ☐ CLARIFICATION OF REPORT     ☐ ADDITIONAL INFORMATION

NARRATIVE: I'm refusing. Suck my dick. Suck my dick. CAn you see it? Bloodsaw at this point had pulled his penis out and was waving it at me with his hand. I WAS offended by his exposure of his penis. I walked off the tier. I notified Lt Kelly of the incident. It should be noted that Bloodshaw was holding his penis with his left hand.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| [signature] | 12n | N/A | 12/19/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| SWRIGHT/ [signature] | 12-19-07 | ☒ YES ☐ NO | ☐ YES ☒ NO | 12-19-07 |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

EXHIBIT



STATE OF CALIFORNIA                                                                    COCMS: YES CPL: 3.3
**RULES VIOLATION REPORT**    I/m Copy                                                 DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-20045 | BLOODSAW | | EPRD 6/21/2020 | PBSP | B8-113L | B08-05-0027 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(b) | RECURRING FAILURE TO MEET PROGRAM EXPECTATIONS | B8-113 | 5/15/08 | 0800 HRS. |

CIRCUMSTANCES

On Thursday, 5/15/08, at approximately 0800 hours, inmate (BLOODSAW, P-20045, B8-113L), refused to attend his mandatory BMU class. Inmate BLOODSAW refused to exit his cell when called for class. For the month of MAY/2008, he has refused class for a total of four (4) times on 5/6, 5/8, 5/12, and 5/15.

Attending class is a mandatory requirement of the BMU program and is explained to each inmate housed in the BMU. His refusal to attend class shows a voluntary failure to program.

This inmate is not EOP or Crisis Bed. Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ S. HERNANDEZ, TEACHER | 5-19-08 | BMU TEACHER | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ R. PRESLER, SERGEANT | 5-19-2008 | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | F | 5/22/08 | ▶ R. SWIFT, CCII | ☐ HO | ☒ SHO | ☐ SC | ☐ FC |
| ☒ SERIOUS | | | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ R. CARTER, CORRECTIONAL OFFICER | 5-26-08 | 0835 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING

**Refer to 115-C for final disposition dated: 5/30/08**

REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| D. KAYS, LIEUTENANT | ▶ D. Kays, Lt. | 5/30/08 | 9:20 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ R. BELL, FACILITY CAPTAIN | 6/3/08 | ▶ P.T. SMITH, ASSOCIATE WARDEN (G.P.) | 6/4/08 |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | 6/5/08 | 0820 |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| F-20045 | BLOODSAW | 3005(c) | 5/15/08 | PBSP | B08-05-0027 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES    ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ INMATE'S SIGNATURE | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|

| ☐ I REVOKE my request for postponement. | ▶ INMATE'S SIGNATURE | DATE |
|---|---|---|

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ▶ REFUSED TO SIGN | 5-26-08 |
| ☒ ASSIGNED    DATE 5-26-08    NAME OF STAFF B. GARDNER | | |
| ☐ NOT ASSIGNED    REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☒ WAIVED BY INMATE | ▶ REFUSED TO SIGN | 5-26-08 |
| ☐ ASSIGNED    DATE    NAME OF STAFF | | |
| ☒ NOT ASSIGNED    REASON DNMC PER CCR 3315 (d)(1) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☒ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) B. GARDNER CORRECTIONAL OFFICER | TIME | DATE 5-26-08 |

CDC 115-A (7/88)    *— If additional space is required use supplemental pages —*

H6 1 1 0

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __2__

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER B08-05-0027 | INSTITUTION PBSP | TODAY'S DATE 5/30/2008 |
|---|---|---|---|---|

☐SUPPLEMENTAL  ☒CONTINUATION OF:  ☐CDC 115 CIRCUMSTANCES  ☒HEARING  ☐I.E. REPORT  ☐OTHER

**Hearing:** On Friday, May 30, 2008, at approximately 0900-HOURS, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O V. Catalinoa and C/O C. Rippetoe) to his refusal was completed.

**District Attorney:** This has not been referred for criminal prosecution.

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.
The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant:** BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Correctional Officer B Gardner, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Gardner confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee:** BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses:** No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence:** Videotape and photographic evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 5/15/2008; log #B08-05-0027.

**Finding:** Guilty of the Div. F (3) offense (CCR 3315 (a)(3)(K)) offense RECURRING FAILURE TO MEET WORK OR PROGRAM EXPECTATIONS WITHIN THE INMATE'S ABILITIES WHEN LESSER DISCIPLINARY METHODS FAILED TO CORRECT THE MISCONDUCT. This offense requires

| SIGNATURE OF WRITER  D. KAYS | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 5/30/2008 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE  GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 6-5-08 | TIME SIGNED: 0840 |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C
                                                       PAGE    2    OF    2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | B08-05-0027 | PBSP | 5/30/2008 |

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

evidence that the inmate had been given instructions on meeting program expectations, it was possible for the inmate to meet these expectations and the inmate has received previous disciplinaries for this same offense or a similar offense. This finding is based upon the following preponderance of evidence:

A. The testimony of S. Hernandez; BMU Program Teacher, in the disciplinary report of 5/15/2008, wherein Hernandez testifies that:

➢ BLOODSAW refused to attend mandatory BMU Classes, 5/6/2008, 5/8/2008, 5/12/2008, and 5/15/2008
➢ BLOODSAW refused to exit his cell when called to attend class
➢ BLOODSAW is aware that attending classes is a mandatory requirement of the BMU program

**Disposition**: Assessed **30** day credit forfeiture for this Div. F offense. With this notice, BLOODSAW is informed that his credit restoration period began 5/16/2008, and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. With this notice, BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.

**Additional penalties**: None assessed

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| D. KAYS | Correctional Lieutenant | 5/30/2008 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
|  |  | 6-5-08 | 0800 |

On Tuesday, October 17, 2006, at approximately 5 hours, you were involved in a Battery on an Inmate with Inmate MEREDITH (D-84587, B8-107L) in the upper tier shower of B8 "A" Section. You have been deemed the victim of the battery and staff witnessing the incident. You have subsequently been considered a non-confidential and of Inmate MEREDITH. This information will be documented on your Non-Confidential CDC Form in your Central File.

ORIG: C-FILE
cc  : INMATE
      CCI
      AWC

F. K. BELL
B FACILITY PROGRAM LIEUTENANT

DATE  10/18/2006                        PBSP                GENERAL CHRONO

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR 128G (Rev. 12/91)

NO: P-20045
Custody: CLO BS
RelDate: EPRD 12/24/19

NAME: BLOODSAW, Theopric
CS: 87 (IV)     C/C EFF 8/3/05
Reclass: 6/2006

Filed 07/01/2008     Page 91 of 123
HSG: A2-109L

Assignment: U/A
Action: AFFIX "S" SUFFIX; RETAIN C/C

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review. Prior to Committee, D. Melton was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: CCCMS level of care, and S's current RGPL is 4.0 or less. Committee effectively communicated with S as noted: Short sentences using simple English. Committee noted S has an RGPL of 3.3. Effective communication was achieved, and S appeared to understand. This Program Review is being held for the two following reasons: (1) Review for "S" suffix placement; and (2) Address prior D1/D and/or C/C status. S was asked if he was willing to take a cellie and program, and S stated, "No." Committee noted S has no cellmate and the "S" custody suffix has not previously been applied. **Committee acts to affix the "S" suffix, due to S adamantly refusing to take a cellie and program.** S was advised that the "S" suffix can be taken off when he decides to program and adhere to CDC rules and regulations of double celling. Committee notes that ICC of 6/22/05, assigned S to WG/PG D1/D when placed in AD-SEG. Per memo of 9/17/04, any I/M who is placed in AD-SEG while on C/C status shall be assigned to WG/PG D2/D. This shall be assigned whether or not the move was adverse or non-adverse. **Committee acts to clear this error and make S D2/D effective 6/10/05 through 8/2/05, then C/C 8/3/05 until present UCC.** As S is adamantly refusing to program, **Committee acts to retain S on WG/PG C/C. Committee further acts to continue custody level at CLO BS, with WG/PG C/C effective 8/3/05.** S participated in Committee, acknowledged understanding, and agreed with Committee action, stating, "I refuse to take a cellie. I'm telling you straight up, I'm a Crip." S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next scheduled Committee will be in 6/2006, for Annual Review.

CHAIRPERSON: D. SWEARINGEN/FC(A)          S. WALCH/CCII(A)          RECORDER: M. THORNTON/CCI

CC: ☐OBIS  ☐CSR  ☐IGI  ☐PSYCH  ☐MED  ☐C&PR  ☐OTHER _____          ☒128-C2 in C-file
Committee Date: 10/18/05          (THORNTON/jw)          Classification          FAC-A  UCC/REVIEW          Inst: PBSP

orig.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/91)

NO: P-20045
Custody: CLO BS
RelDate: EPRD 12/24/2019

NAME: BLOODSAW, Theopric
CS: 93 (IV)
C/C Eff. 07/14/04
Reclass: 10/25/06

Housing: B8-209
Assignment: VUN
Action: **PLACE IN BMU PROGRAM FOR 90 DAYS, ON STEP 1 OF ITP FOR 30 DAYS. CONTINUE C/C EFFECTIVE 07/14/06.**

Inmate Bloodsaw appeared before PBSP FAC B BMU UCC on this date for Annual/Initial Review. Committee notes CDC 128C, Madrid Exclusionary chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File. Prior to Committee, Correctional Counselor I Webster was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: most current RGPL under 4.0. Committee notes S has an RGPL of 3.3. Effective communication was achieved using short sentences and simple English, and S appeared to understand. Committee notes S's reason for Behavior Modification Unit (BMU) placement is due to: S was deemed a program failure defined by the CCR, Title 15, Section 3000. S is determined to be compatible with another inmate and refuses to voluntarily double cell, or refuses to participate in the racial integration policy as defined in the Johnson v. State of California settlement agreement. UCC notes latest RVR dated 03/28/05 for Refusal to Obey Orders (refused a cellmate). The Director's rules, PBSP expectations, and specific privileges and non-privileges of WG/PG C/C were thoroughly explained. Grooming standards and PBSP expectations were discussed and S stated he was willing to comply. Committee notes S has one new 115 this review period; fro Refusal to Obey Orders dated 02/23/06 (S refused to return to his assigned cell). Placement score is increased by 2 points to a current Level IV score of 93 points. Mandatory score of 19 is noted for VIO. S was advised to notify staff immediately of any enemy situation which may arise. Committee noted S has no cellmate, and the "S" suffix has previously been applied. S is approved for 270 design facilities. There have been changes in S's commitment case factors since Initial Classification chrono dated 03/02/04. **Committee acts to place S into the BMU program for 90 days and place on step # 1 of Individual Treatment Plan (ITP) for 30 days. S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments. Continue WG/PG C/C status effective 07/14/06, and continue at CLO BS custody. Committee also acts to retain "S" suffix due to UCC action dated 10/18/05. S adamantly refused to double cell.** UCC notes S is reviewed and cleared for double celling although he refused to double cell. S participated, acknowledged understanding, and disagreed with Committee action, stating "I won't take a cellie because of legal work and medical issues. I am here illegally. I am disabled, I have spine issues." UCC stated single cell status is not a ADA issue. S continued stating, "There is nothing wrong with me. I know what I am doing, but I am disabled. I could not care about the US." UCC stated you have to appeal to the courts. S lastly stated "I have been discriminated against as a Black man." UCC notes S walked unassisted to UCC, sat upright, straddling a chair, and did not grimace when he stood back up to exit the Committee room. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal. The inmate has been advised that any appeal of this committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128-G classification chrono or not. Next scheduled Committee will be on 10/25/06 for Program Review.

CHAIRPERSON:  M. FOSS/AC          J. ROBERTSON/CCII          S. ROBERTS/EDUCATION          RECORDER: D. MELTON /CCI

☐OBIS  ☐CSR  ☐IGI  ☐PSYCH  ☐MED  ☐ OTHER

Committee Date:  09/21/06     (MELTON/ew)     Classification     FAC-B BMU UCC     INITIAL REVIEW     Inst: PBSP

**NO: P-20045**
Custody: CLO B
RelDate: EPRD 12/24/2019

**NAME: BLOODSAW, Theopric**
CS:  93 (IV)         C/C Eff. 07/14/04
                     Reclass: 01/03/07

Housing: B8-209
Assignment: BMU
**Action:  REAFFIRM PLACEMENT IN BMU FOR 90 DAYS.
RETAIN ON STEP# 1 OF ITP.   CONTINUE
C/C EFFECTIVE 07/14/04.  D/C CLEAR.**

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for Program Review.  Committee notes CDC 128C, Madrid Exclusionary, dated 03/01/04, denoting no level of care.  DDP Review: 128C-2 in Central File.  Prior to Committee Correctional Officer Thom was assigned as a staff assistant and was present during Committee.  The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less.  Committee notes S has received disciplinaries dated 10/17/06, 11/14/06, 11/16/06, and 11/21/06, for Refusing to Attend BMU Classes.  S additionally received a 128A dated 10/25/06 for Refusing to Accept a Cellie during this 30 day review.  Placement score is a current Level IV score of 93 points.  Mandatory minimum score of 19 is noted for VIO.  S was advised to notify staff immediately of any enemy situation which may arise.  S is approved for 270 design facilities.  **Committee acts to reaffirm S in the BMU program for 90 days and retain on Step # 1 of Individual Treatment Plan (ITP) for 30 days based on S's nonparticipation in the required BMU classes and not remaining disciplinary free.  Committee also acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.  S was reviewed and cleared for double ceiling.**  S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments.  S participated in Committee, acknowledged understanding and disagreed with Committee action, stating "What about my 602's.  I will see you all in Court."  UCC explained that his appeals were being processed and that he needed to follow the BMU program requirements to be released to the general population.  S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071.  PC 2933 and 2930 complied with.  S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, Classification chrono, or not.  Next scheduled Committee will be on 01/03/07 for Program Review.  Next scheduled Annual Committee will be in 06/2007.

**CHAIRPERSON:** J. BELL/FC (A)         S. WALCH/CCII         S. ROBERTS/EDUCATION         **RECORDER:** D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date:   11/29/06      (MELTON/ew)      Classification      **BMU**/UCC      **PROGRAM REVIEW**      Inst: PBSP

Orig.

NO: P-20045                NAME: BLOODSAW, Theopric            BED/CELL: B8 –209
Custody: CLO B             CS: 93 (IV)        C/C EFF: 07/14/04      Assignment: BMU
RelDate: EPRD 12/24/2019                      Reclass: 01/31/07      Action:    REAFFIRM BMU PLACEMENT. RETAIN STEP
                                                                              # 1 OF ITP FOR 30 DAYS.  CONTINUE
                                                                              WG/PG    C/C    EFFECTIVE    07/14/04.
                                                                              D/C CLEAR.

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for 30 day Program Review.  Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care.  DDP Review: 128C-2 in Central File and is clear noting NCF.  Committee notes S has RGPL of 3.3.  Committee notes S has RGPL of 3.5.  Prior to Committee Correctional Officer Thom was assigned as staff assistant and was present during Committee.  The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less.  Effective communication was achieved using short sentences and simple English, and S appeared to understand.  S was advised to notify staff immediately of any enemy situation that may arise.  Grooming standards and Pelican Bay State Prison (PBSP) BMU expectations were discussed.  S can be housed with Black ethnic groups.  Committee notes S is cleared for double celling per PBSP's current double celling criteria, although he refuses to accept a cellie.  S is approved for 270' design facilities.  Placement score is noted to be 93 Level IV points.  Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure per the CCR, Title 15, Section, 3000.**  Committee notes S has received RVR's dated 12/12/06, 12/15/06, 12/26/06, and 212/29/06, for Refusing to Participate in BMU classes during this 30 day period.  S has failed to meet the necessary requirements of Step # 1; therefore, is not eligible to graduate to Step # 2.  **Step # 1** Privileges include, but are not limited to:

❖  WG/PG C/C status.

❖  Emergency telephone call only.

❖  One-quarter the monthly canteen draw allowance, not to exceed $ 45.00.

❖  A minimum of 10 hours out-of-cell time per week, which includes, dayroom, workshops (ITP classes), and self-help group activities as limited by physical design and local institution security and facility needs.

❖  Non-contact visits, if eligible; and with approved visitors only.

❖  If the inmate meets the goals of the ITP he will graduate to step # 2.

**Committee acts to reaffirm S's placement in the BMU program and retain Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days.  Committee further acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.  S was reviewed and cleared for double celling, noting no history of in-cell violence.**  S participated in Committee, acknowledged understanding, and disagreed with Committee action, stating "I am nobody's child.  I am 48 years old.  I'm not going to the classes; I have a choice not to go!" S has been advised that he must remain disciplinary free and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the general population (GP).  S's case will be reviewed by UCC, in approximately 30 days for future program modifications.  S is eligible to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 502, or PC 5071.  PC 2933 and 2930 has been complied with.  S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, classification chrono, or not.  Next scheduled 30 day Program Review will be on 01/31/07.  Next scheduled Annual Review will be in 06/07.

CHAIRPERSON: J. ROBERTSON/FC (A)       J. BROWMAN/CCII (A)       S. ROBERTS/EDUCATION       RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER_____

Committee Date: 01/03/07     (MELTON/ew)     Classification        BMU/UCC        PROGRAM REVIEW        Inst: PBSP

0779.

CDCR#: P-20045            NAME: BLOODSAW, Theopric
Custody: CLOB             CS: 93  (IV)
Rel Date: EPRD 12/24/2019                    C/C Eff. 07/14/04
                                             Reclass: 02/27/07

Housing: B8-209L
Assignment: BMU STEP #1
Action:  **REAFFIRM BMU PLACEMENT
         90 DAYS. RETAIN ON STEP # 1
         30 DAYS. CONTINUE  WG/PG
         C/C EFF. 07/14/04.   D/C CLEAR**

Inmate **Bloodsaw** refused to appear before PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for 30 Day Program Review.  Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care.  DDP Review: 128C-2 in Central File and is clear noting NCF.  Committee notes S has an RGPL of 3.3.  Prior to Committee, Correctional Officer J. Thom was assigned as Staff Assistant, interviewed S at least 24 hours prior to UCC, per CCR, Title 15, Section, 3315(d)(2)(A) and was present during Committee. The Staff Assistant was assigned based on S 's current RGPL is 4.0 or less.  S is advised, via this chrono, to notify staff immediately of any enemy situations that may arise.   Grooming standards and Pelican Bay State Prison (PBSP) expectations were discussed.  S is cleared for double celling per PBSP's current double cell policy, and can be celled with Black ethnic groups, although he refuses to accept a cellie.  Committee further notes that S has no current cellmate, and the "S" custody suffix has not been previously applied.  S is approved for 270' design facilities.  Placement score is noted to be 93 Level IV points.  Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure defined by the CCR, Title 15, Section, 3000.**  Committee notes that since S's prior 30 day Program Review, he received RVR dated 01/22/07, for Recurring Failure to Meet Program Expectations.  S has also refused to participate in the required BMU ITP classes, dated, 01/18/07 and 01/19/07.  Based on the above information, UCC is in mutual agreement that S has not met the necessary requirements of Step # 1, and therefore, is not eligible to graduate to Step #2.  **Step # 1 Privileges include, but are not limited to:**

❖  WG/PG, C/C status for approximately 30 days.

❖  Emergency telephone calls only.

❖  One-quarter (1/4) the monthly canteen draw allowance, not to exceed $45.00.

❖  A minimum of 10 hours out-of-cell time per week, which may include dayroom, workshops (ITP classes) and self-help-group activities, as limited by physical design and local institution security and facility needs.

❖  Non-contact visits, if eligible; with approved visitors only.

**Committee acts to reaffirm S's placement in the BMU program and retain on Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days.  Committee also acts to continue WG/PG, C/C status effective 07/14/04, and continue at CLOB custody.**  S was reviewed and cleared for double-celling, noting no history of in-cell violence.  S is advised, via this chrono, that he must remain disciplinary free, including any 128-A Counseling Chronos, and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the General Population (GP).  S's case will be reviewed in approximately 30 days to establish future program modifications.  S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 have been complied with.  S was advised, at the completion of UCC, via the staff assistant, of Committee's decision and his right to appeal, and S appeared to understand.  Next 30 day Program Review will be on 02/27/07.  Next Annual Review in 06/07.

CHAIRPERSON:  M. FOSS/AC          J. ROBERTSON/CCI I          S. ROBERTS/EDUCATION          RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date: **01/30/07**  (MELTON)          Classification          **BMU/UCC**          **PROGRAM REVIEW**          Inst: **PBSP**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

NO: P-20045     NAME BLOODSAW, THEOPRIC                                    HSG:     ASU E1
Custody: MAX     PS: 119   Level: IV   WG/PG: D1/D   EFF: 09/13/07   Assignment: ASU MERD 04/12/08
Rel Date: EPRD 09/02/202·  Reclass: 03/05/2008   Action: FORFEIT 90-DAYS GCC MAX, MERD 04/12/08; REFER TO CSR RX TX EXTENSION
BPH Rev: 0                                        TO PBSP SHU

RECOMMENDED ACTION: Refer to CSR recommending transfer extension to PBSP-SHU.

ADMINISTRATIVE PLACEMENT FACTORS: Inmate BLOODSAW refused to appear and was reviewed in absentia by PBSP AD-SEG, ICC on this date for Subsequent Review.

ADMINISTRATIVE PLACEMENT DUE PROCESS:

DISCUSSION: Committee notes S is currently endorsed for transfer to PBSP-SHU to serve a determinate SHU term due to RVR dated 04/12/07, Battery on a Peace Officer. Committee elects to forfeit 90-days of Good Conduct Credit due to RVRs dated 10/25/07, Disrespect without Potential for Violence and RVR dated 10/03/07, Refusal to Obey Orders, resulting in a **MAX MERD 04/12/08**. Committee also notes the transfer for PBSP SHU will expire on 12/07/07. **STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer D. Harlow was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

MENTAL HEALTH REVIEW: ICC notes 128-C, dated 05/21/07, noting S is not a participant in the MHSDS level of care. S does not meet PBSP-SHU exclusionary criteria.

DA ACTION: N/A

CELL STATUS: S is cleared for double celling.

YARD STATUS: Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

COMMITTEE ACTION: Committee acts to refer to the CSR recommending transfer extension to PBSP-SHU. This is an adverse transfer. Upon transfer, S's custody will be MAX, WG/PG D1/D effective 09/13/07, and single cell housing will not be required.

INMATE COMMENTS: Did not appear.

APPEAL RIGHTS: As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON: F. JACQUEZ/CDW                                           RECORDER:     S. O'DELL/CCII

COMMITTEE MEMBERS:   M. FOSS/CAPT.          J. PASCOE/PHD

DATE: 12/05/2007          ASU INSTITUTIONAL CLASSIFICATION COMMITTEE                Inst.: PBSP

orig.

Department of Corrections
CDC 128-G

No. P-20045                    NAME:  BLOODSAW

*Comment*:    PBSP-SHU endorsed to complete a determinate SHU term.  **PS = 127.**

SHU placement is to complete a determinate term with MAX MERD of 4/12/08 as approved by previous CSR action.  Previous CSR endorsement is reaffirmed.  Madrid chrono of 6/27/07 noted.  DNH does not impact placement.  Inmate is NCF per CDC 128-C2 of 6/12/03.  TB Code is 22.  CDC 812 is noted.  Confidential file is clear.

Retention in ASU is approved pending transfer.  This transfer approval expires 3/13/2008 and will require return to CSR for re-authorization.

D. Rothchild, CSR

Date: 12/19/2007              Classification  - CSR ACTION

                                                        PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

NO: P-20045　　NAME: BLOODSAW, THEOPRIC
Custody: MAX　　PS: 133　　Level: IV　　WG/PG: D1/D　　EFF: 09/13/2007 Assignment: ASU MERD 04/12/2008　　HSG: ASU E1
Rel Date: EPRD 12/01/2021 Reclass: 06/12/2008 **Action:** RETAIN SHU INDET STATUS UPON EXPIRATION OF MERD; REFER TO CSR RX
BPH Rev: 0　　　　　　　　　　　　　　　　　　TX PBSP/COR SHU

**RECOMMENDED ACTION:** Retain in SHU indeterminate status upon expiration of MERD. Refer to CSR recommending transfer PBSP/COR SHU.

**ADMINISTRATIVE PLACEMENT FACTORS:** Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Pre-MERD Review. Pursuant to CCR 3336 the Reason for Placement (Part A) is: S is serving a determinate SHU term due to RVR 04/12/07, Battery on a Peace Officer, with a MERD of 04/12/2008.

**DISCUSSION:** Committee notes S is endorsed for transfer to PBSP SHU. Due to the lack of SHU bedspace S has remained in ASU on Active MERD. Committee reviewed S's disciplinary history which includes two RVR's that resulted in determinate SHU terms. S has been found guilty of RVR's dated 08/11/99, Attempted Battery on a Peace Officer, 04/12/07, Battery on a Peace Officer 12/19/07, Indecent Exposure and numerous RVR's for recurring Failure to Meet Program/Work Expectations. Committee views S's refusal to appear at ICC for his Pre-MERD Review, as another example of his refusal to program. Committee deems S's presence in GP poses an unacceptable risk to the safety of others and the security of the institution. **Committee acts to retain S on SHU Indeterminate status upon expiration of MERD.**

**STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:** ICC notes CDCR 128-C, dated 06/27/01, noting S is not a participant in the MHSDS level of care.

**DA ACTION:** N/A

**CELL STATUS:** S is cleared for double celling.

**YARD STATUS:** Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

**COMMITTEE ACTION:** Committee acts to refer this case to the CSR with recommendation for transfer to PBSP, with alternate of COR, for SHU placement. This is an adverse transfer. Upon transfer, S's custody will be MAX; WG/PG D1/D effective 09/13/07 and single cell housing will not be required.

**INMATE COMMENTS:** N/A

**APPEAL RIGHTS:** As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON: F. JACQUEZ/CDW

RECORDER: S. O'DELL/CCII

COMMITTEE MEMBERS: R. BELL/FC　　　　J. PASCOE/PHD

DATE: 03/12/2008　　　　ASU INSTITUTIONAL CLASSIFICATION COMMITTEE

Inst.: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

NO: · P-20045    NAME: BLOODSAW, THEOPRIC    HSG: ASU F12
Custody: CLO-B    PS: 133    Level: IV    WG/PG: A2/B    EFF: 04/13/08    Assignment: SS, FS W/L
Rel Date: EPRD 12/01/2021    Reclass: 04/25/08    Action: ASSESS/SUSPEND 6-MONTH SHU TERM RVR 12/19/07; REFER TO CSR
BPH Rev: NA    AUDIT/REVIEW; RELEASE PBSP-IV B FAC ESTABLISH CLO-B CUSTODY WG/PG
A2/B EFF 04/13/08; FS, SS W/L; REFER BMU REVIEW

RECOMMENDED ACTION: Refer to CSR for audit/review.

ADMINISTRATIVE PLACEMENT FACTORS: Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Subsequent Review. Committee notes S currently housed in ASU without being issued a CDCR 114-D.

DISCUSSION: S was previously housed at PBSP SHU serving a determinate SHU term due to an RVR dated 04/12/07, Battery on a Peace Officer. At the expiration of a 04/12/08 MERD, S was moved to ASU. Committee notes a CSR action dated 03/25/08 referred the case to the CDW. The CSR noted an RVR dated 12/19/07, for Indecent Exposure had not been assessed a SHU term as required per the CSRs. Committee also notes ICC action dated 03/12/08 retained S on Indeterminate status due to S's disciplinary history. ICC acts to rescind ICC action dated 03/12/08. C-File reflects S was found guilty of the following: RVR dated 12/19/07, Log #E07-12-0003, CCR #3007, a DIV-D offense, for the specific offense to Indecent Exposure, resulting in 90-days loss of credit. This offense warrants a SHU term; therefore Committee acts to assess a 6-month concurrent SHU term and refer to CSR for audit and review. No aggravating factors were noted. The SHU term was not mitigated due to prior disciplinary history. S's WG/PG will be D2/D effective 12/19/07 for period of credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied. Suspended MERD for this offense is 05/04/08.

STAFF ASSISTANCE: More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

MENTAL HEALTH REVIEW: ICC notes CDCR 128-C, dated 04/02/08, noting S is not a participant in the MHSDS level of care.

DA ACTION: NA

CELL STATUS: S is cleared for double celling.

YARD STATUS: GP

COMMITTEE ACTION: Release to the GP on FAC-B only. C-File reflects S was found guilty of the following: RVR dated 12/19/07, Log #E07-12-0003, CCR #3007, a DIV-D offense, for the specific offense to Indecent Exposure, resulting in 90-days loss of credit. This offense warrants a SHU term; therefore Committee acts to assess and suspend a 6-month concurrent midrange SHU term for Indecent Exposure. MERD for this offense is 05/04/08. No aggravating nor mitigating factors were noted. Refer to CSR for audit and review. S's WG/PG will be D2/D effective 12/19/07 for period of credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied.

Refer for BMU placement, establish CLO-B custody, and WG/PG A2/B, effective 04/13/08, and place on the SS, FS waiting lists.

INMATE COMMENTS: NA

APPEAL RIGHTS: As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:    M. COOK/CDW(A)

RECORDER:    S. O'DELL/CCII

COMMITTEE MEMBERS:    R. BELL/FC    C. GLINES/PHD

DATE:    04/16/2008    ASU INSTITUTIONAL CLASSIFICATION COMMITTEE    Inst.: PBSP

State of California

Department of Corrections and Rehabilitation
CDCR 128B

NAME: BLOODSAW, Theopric        NUMBER: P-20045        HOUSING: B8-131L

*Subject's case has been reviewed by the Behavior Modification Unit (BMU) Staff. Based upon this review the following actions have been taken, and are effective upon this date.

SUBSEQUENT 180 DAYS

BMU PLACEMENT CRITERIA = Stuable Offense

[X] INITIAL PLACEMENT    [ ] RETAIN CURRENT STEP    [ ] RETURN TO PREVIOUS STEP    [ ] GRADUATE TO NEXT STEP
[ ] PLACE BACK TO _____

| [X] STEP #1 | [ ] STEP #2 | [ ] STEP #3 |
|---|---|---|
| *Privilege Group C status | *Privilege Group C status | *Privilege Group B status |
| (Consistent with CCR Section, 3044) | (Consistent with CCR Section, 3044) | (Consistent with CCR Section, 3044) |
| *Emergency telephone calls only | *One telephone call per month | *One telephone call per month |
| *½ Canteen draw, $45.00 | *½ Canteen draw, $45.00 | *½ Canteen draw, $90.00 |
| *Non-contact visits, if eligible | *Non-contact visits, if eligible | *BMU ½ Time Position |
| | | *Contact visits, if eligible |

Celling status  [X] Double cell approved  [ ] Single cell only

Ethnicity:  [ ] W  [X] B  [ ] Other    [ ] N HISP  [ ] S HISP

Gang affiliation: _Crip_

Aka: _"T" "Theo"_

Enemies Reviewed By:  D. MELTON, CCI

ENEMY CONCERNS: [ ] NONE  [X] NONE AT PBSP  [ ] NOTED AS FOLLOWS: _____

DISTRIBUTION:
    ORIGINAL: C-File
    CC: AWC File
        Inmate

_Dmelton   CCI_
B Facility, BMU-CCI

DATE: 4/29/08        PBSP BMU PROGRAM STATUS CHRONO

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 128 B

3

NAME: BloodSAW          NUMBER: P20045          HOUSING: B8-131L

## *BEHAVIOR MODIFICATION UNIT (BMU) STEP PROCESS / PRIVILEGES AND EXPECTATONS*

*STEP #1:  Initial Placement: PG / C status for approximately 60 days (Consistent with CCR, Title 15, Section 3044):

1.  For a minimum of 90 days or 180 days, if Subsequent Placement, beginning the date of the Committee action.
2.  Authorized emergency telephone calls only.
3.  One-quarter monthly canteen allowance; draw not to exceed $45.00.
4.  Non-contact visits, if eligible.
5.  If the inmate meets the goals of the Individual Treatment Plan (ITP), he will graduate to Step 2.

*STEP #2:  Privilege Group C status for approximately 30 days (Consistent with CCR, Title 15, Section 3044):

1.  One telephone call per month.
2.  One-quarter monthly canteen allowance; draw not to exceed $45.00.
3.  Non-contact visits, if eligible.
4.  If the inmate meets the goals of the ITP, he will graduate to Step 3.

*STEP #3:  Privilege Group B status for approximately 30 days (Consistent with CCR, Title 15, Section 3044):

1.  Inmate is eligible for a job within the BMU only.  As enough jobs can be provided and encouraged success, these porter and barber jobs may be designated half-time positions.
2.  One telephone call per month.
3.  One-half monthly canteen allowance; draw not to exceed $90.00.
4.  Contact visits, if eligible.
5.  If the inmate meets the goals of the ITP, he will graduate to Step 4, and be released to the General Population.

*STEP #4:  Upon completion of the Individual Treatment Plan (ITP), inmates will be returned to traditional General Population (GP) housing, upon bed availability.

Graduation to succeeding ITP Steps is entirely based upon the inmate's positive performance.  Specifically:  The inmate must remain disciplinary free, (including any 128 A Counseling Chrono's), maintain grooming standards, and participate to the best of his ability in the programs assigned to him in his Individual Treatment Plan (ITP).  The above mentioned Step increases shall be documented on a CDCR, Form 128-B Informational Chrono by the appropriate BMU staff, only if said action is non-adverse, per Operational Procedure #225.

D. MELTON, CCI

Behavior Modification Unit Counselor

cc:     C-File
        CC-I
        Inmate

| *I acknowledge receipt of the Step Process, Privilege Restrictions, and Graduation Requirements: | (A) Refused to attend          4/29/08 |
|---|---|
| | Inmate's Signature          Date |

*BMU                          INFORMATIONAL CHRONO                          PBSP

NAME: Bloodsaw       NUMBER: P20045       HOUSING: B8-131L

## *BEHAVIOR MODIFICATION UNIT (BMU) STEP PROCESS / PRIVELEGES AND EXPECTATONS:*

### *STEP #1: Initial Placement:Work Group/Privilege Group C/C status for approximately 30days:

1. Authorized emergency telephone calls only.
2. One-quarter monthly canteen draw allowance, not to exceed $45.00.
3. A minimum of ten hours of out-of-cell time per week, which includes dayroom, workshops, and self-help group activities, as limited by physical design and local institution security and facility needs.
4. Out-of-cell time limited to contact with BMU inmates only.
5. Non-contact visits, if eligible.
6. If the inmate meets the goals of the Individual Treatment Plan (ITP), he will graduate to Step 2.

### *STEP #2: Work Group / Privilege Group C/C status / for approximately 30 days:

1. One telephone call per month.
2. One-half monthly canteen draw allowance, not to exceed $90.00.
3. A minimum or ten hours out-of-cell time per week, which includes dayroom workshops, and self-help group activities, as limited by physical design and local institution security and facility needs.
4. Non-contact visits, if eligible.
5. If the inmate meets the goals of the ITP, he will graduate to Step 3.

### *STEP #3: Work Group / Privilege Group B/B status /for approximately 30 days:

1. Inmate is eligible for a job within the BMU only. As enough jobs can be provided and encouraged success, these porter and barber jobs may be designated half-time positions
2. One telephone call per month
3. One-half monthly canteen draw allowance, not to exceed $90.00.
4. A minimum of ten hours out-of-cell time per week, which includes yard, dayroom, workshops, and self-help group activities, as limited by local institution security and facility needs.
5. Contact visits, if eligible.
6. If the inmate meets the goals of the ITP, he will graduate to Step 4.

### *STEP #4: Upon completion of the Individual Treatment Plan (ITP), inmates will be re-housed into alternate General Population (GP) housing, upon bed availability.

Graduation to succeeding steps is entirely based upon the inmate's positive performance. Specifically: The inmate must remain disciplinary free, (including any 128 A Counseling Chronos), maintain grooming standards, and participate to the best of the inmates ability in the programs assigned to him in his Individual Treatment Plan (ITP).

Reference: Operational Procedure #225/BMU

## D. MELTON, CCI
Behavior Modification Unit Committee Member

cc    CC-I
      C-File
      Inmate

| *I acknowledge receipt of the Step Process, Privilege Restrictions and Graduation Requirements: | I'm copy _____ Inmate's Signature | 4/29/08 _____ Date |





## California State Prison Corcoran

# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric _____ NUMBER: E-40947 _____ DATE: 12/17/92

DOCTOR: Hoffman _____ HOUSING: 4B

SKULL SERIES, C-SPINE.

HISTORY: Blow to head 1977. Dizziness daily since.

SKULL SERIES.

I see no fracture, sinuses clear.

IMPRESSION: Unremarkable skull series.

CERVICAL SPINE.

Films continue to show loss of normal cervical lordosis. There is narrowing of the C-5/6 disc with some straightening of curvature at this level, no change since previous, no fractures or destructive processes seen.

IMPRESSION: Abnormal C-5/6 interspace. No other significant findings identified.

Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 12/22/92 ls/JG
Original: Medical Chart
       cc: X-Ray Jacket

## California State Prison Corcoran
## RADIOLOGY REPORT

NAME: BLOODSAW, Theopric     NUMBER: E-40947     DATE: 10/20/92

DOCTOR: Brown     HOUSING: 4B

CERVICAL SPINE FILM SERIES WITH OBLIQUES.

Radiographic examination of the cervical spine was obtained. There is either a superimposed position artifact or non-displaced fracture at the _lateral_ left lateral corner of C-1. It is visible on the frontal projection. Further evaluation by obtaining follow-up radiographic examination may be of value. Otherwise there is no evidence of acute fracture or dislocation. Vertebral body statures are well maintained. Narrowing of C-5/C-6 intervertebral disc space with osteophytes is appreciated. This is consistent with degenerative disc disease. Neural canal are patent. Prevertebral soft tissue structures appear unremarkable. Mild reversal of cervical curvature is noted. This may be secondary to positioning or muscle spasms.

IMPRESSION: (1) Reversal of cervical curvature. (2) Degenerative disc disease. (3) Fractures verses superimposed position artifact of C-1 as described, Follow up Lateral + open mouth view Rx.

_____
Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 10/22/92 ls/MD
Original: Medical Chart
     cc: X-Ray Jacket

X-RAY REPORT



NAME:
BLOODSAW, THEOPRIC

CDC #:
P-20045

CELL:
D4/025U

DOB:
06/24/58

DATE:
02/26/99

EXAM REQUESTED:
PA AND LATERAL CHEST

CLINICAL DATA:
OLD GSW, LEFT THORAX

REFERRING PHYSICIAN:
D. GINES, M.D.

RADIOGRAPHIC REPORT:

CHEST:  PA AND LATERAL VIEWS OF THE CHEST ARE OBTAINED ON 02/26/99.

MULTIPLE METALLIC FRAGMENTS ARE NOTED OVERLYING AND WITHIN THE UPPER LEFT
HEMITHORAX, CONSISTENT WITH A PREVIOUS GUNSHOT INJURY.  BOTH LUNGS ARE
WELL EXPANDED AND CLEAR.  THERE IS NO EVIDENCE OF ANY ACTIVE PULMONARY
PATHOLOGY.  THE HEART IS NORMAL IN SIZE AND CONTOUR.  THERE IS NO
MEDIASTINAL ADENOPATHY.

IMPRESSION:

THERE IS EVIDENCE OF A PREVIOUS OLD GUNSHOT INJURY INVOLVING THE LEFT
UPPER HEMITHORAX.  NO ACTIVE CARDIOPULMONARY PATHOLOGY IS SEEN.  THERE
ARE NO PREVIOUS FILMS AVAILABLE FOR COMPARISON.

03/02/99
DATE READ

NELSON PARKER, M.D.
RADIOLOGIST

NHP/gj
DATE TYPED:  04/07/99

BLOODSAW, THEOPRIC

**CORRECTIONAL TRAINING FACILITY**
**P.O. Box 686 Soledad, CA 93960**
**Radiology Request**

BLOODSAW, THEOPRIC    Ducat Date _____

Patient's Name: _____ CDC# __P-20045__

D.O.B. __6-24-58__ House# __SD 4/25U__

Ref. Phys. Signature __GINES__

Date Requested _____ Date Comp. __26 FEB 1999__

History:

Radiology Requested:

**STAT** _____ **ASAP** _____ **ROUTINE** _____

| | |
|---|---|
| ☐ Chest PA & XXt ! A | ☐ I V P |
| ☐ Ribs R. _____ L. _____ | ☐ Esophagus* |
| ☐ Sternum | ☐ Upper G.I.* |
| ☐ Skull | ☐ GB & UGI* |
| ☐ Facial | ☐ UGI w/ sm. bowel* |
| ☐ Mandible | ☐ Barium Enema* |
| ☐ Nasal Bones | ☐ Cerv. spine |
| ☐ Sinuses | ☐ Thoracic |
| ☐ TMJ | ☐ Lumbar spine |
| ☐ Orbits | ☐ Sacrum/Coccyx |
| ☐ Abdomen (KUB) | ☐ Pelvis |
| ☐ Abdomen, flat & upright | ☐ Hip, unilateral R. ____ L. ____ |
| ☐ Extremity _____ | ☐ Shoulder R. _____ L. _____ |
| ☐ Hand R. _____ L. _____ | ☐ Foot R. _____ L. _____ |
| ☐ Wrist R. _____ L. _____ | ☐ Ankle R. _____ L. _____ |
| | ☐ Knee R. _____ L. _____ |

**Radiologist Report:**

Old G SW u (L) thorax
No active path
*signature*

**Date read:**

3/2

Signature _____



# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A4-226  DOB: 06/25/58  DATE: 07/23/04

EXAM REQUESTED:              CERVICAL SPINE

REQUESTING M.D.:            J. LAZORE, F.N.P.

CLINICAL DATA:              HISTORY OF PAIN.

RADIOGRAPHIC REPORT:        CERVICAL SPINE

FINDINGS:                   There is mild a reversal of the normal cervical lordosis.

Moderate degenerative disc disease is noted at the C5-6 and C6-C7 levels manifest by disc space narrowing and marginal osteophyte formation.

**IMPRESSION:**              **MODERATE DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7.**

ORIGINAL

| 07/28/04 | CURTIS COULAM, M.D. | DLK |
|---|---|---|
| DATE READ | RADIOLOGIST | TRANSCRIBER |



# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:                CERVICAL SPINE

REQUESTING M.D.:               J. LAZORE, F.N.P.

CLINICAL DATA:                 NO HISTORY GIVEN

RADIOGRAPHIC REPORT:           CERVICAL SPINE

FINDINGS:                      Comparison to a previous study dated 7/23/04.

On the current study the soft tissues are unremarkable.

There is a mild reversal of the cervical lordosis centered at  C5-6.  There is mild anterior subluxation of C4 with respect to C5 which was not present on the previous study.

Degenerative discs at C5-6 and C6-7 again noted and show little change compared to the previous study.

**IMPRESSION:**                **1.    REDEMONSTRATION OF DEGENERATIVE DISC DISEASE AT C5-6 AND C6-7 WHICH APPEAR STABLE.
2.    THERE IS MILD ANTERIOR SUBLUXATION OF C4 WITH RESPECT TO C5 OF APPROXIMATELY 2 MM WHICH WAS NOT SPECIFICALLY PRESENT ON THE FILMS OF 7/23/04.**

**ON THE OBLIQUE VIEWS POSTERIOR OSTEOPHYTES PARTIALLY ENCROACH ON THE INTERVERTEBRAL FORAMINA AT THE C5-6 LEVEL BILATERALLY.**

02/22/05                       CURTIS COULAM, M.D.                              BGR
DATE READ                      RADIOLOGIST                              TRANSCRIBER




# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB:  6/25/58  DATE: 02/22/05

EXAM REQUESTED:              3 VIEW LUMBAR SPINE

REQUESTING M.D.:             J. LAZORE, F.N.P.

CLINICAL DATA:               NO HISTORY GIVEN

RADIOGRAPHIC REPORT:         3 VIEW LUMBAR SPINE

FINDINGS:               The lumbar vertebra are normally aligned and the disc spaces are well maintained.  No compression fractures are evident.  There are no arthritic changes.

**IMPRESSION:               NORMAL LUMBAR SPINE.**


EXAM REQUESTED:              LEFT HIP

REQUESTING M.D.:             J. LAZORE, F.N.P.

CLINICAL DATA:               NO HISTORY GIVEN

RADIOGRAPHIC REPORT:         LEFT HIP

FINDINGS:               4-5 tiny metallic fragments are noted in the soft tissues lateral to the hip joint.  These all appear to be extra articular.

The femoral head is normally developed and normally located in the acetabulum.  The joint space is well preserved.  No significant arthritic changes are evident.

IMPRESSION:             **TINY METALLIC FOREIGN BODIES IN THE SOFT TISSUES LATERAL TO THE HIP.  THE HIP, PER SE IS UNREMARKABLE.**


02/22/05                    CURTIS COULAM, M.D.                    BGR
DATE READ                   RADIOLOGIST                    TRANSCRIBER

NAME: BLOODSAW, THEOPRIC    NO. P20045  RM:  A2-125  DOB: 06/25/58  DATE: 03/14/05

EXAM REQUESTED:                SINUS SERIES

REQUESTING M.D.:               J. LAZORE, F.N.P.

CLINICAL DATA:                 HISTORY OF MAXILLARY PAIN

RADIOGRAPHIC REPORT:           SINUS SERIES

FINDINGS:                      The paranasal sinuses are all normally developed and normally aerated. There is no evidence of acute or chronic sinus disease.

**IMPRESSION:**                **NORMAL SINUS SERIES.**

03/21/05                       CURTIS COULAM, M.D.                              BGR
DATE READ                      RADIOLOGIST                           TRANSCRIBER

NAME  Bloodsaw                    NUMBER   E40947        AGE  32      DATE   12/17/90

X-RAY REQUESTED        Left hip                      PHYSICIAN   A. C. Pedley, M.D.

REPORT:
    The left hip is negative for evidence of acute fracture or dislocation.
    There are several bullet fragments overlying the soft tissues lateral to
    the left hip joint space  and suggested slight increased narrowing of the
    left hip joint space medially.

RJB: ck
d:  12/18/90
t:  12/18/90                                    ROBERT J. BEMRICK, M.D.
                                                RADIOLOGIST

                        S.C.C.  X-RAY REPORT

NAME  Bloodsaw _____ NUMBER  E40947 _____ AGE  32 ___ DATE ___ 12/17/90

X-RAY REQUESTED _____ Left hip _____

PHYSICIAN ___ A. C. Pedley, M.D.

REPORT:

The left hip is negative for evidence of acute fracture or dislocation.
There are several bullet fragments overlying the soft tissues lateral to
the left hip joint space  and suggested slight increased narrowing of the
left hip joint space medially.

RJB: ck
d:  12/18/90
t:  12/18/90

B
ROBERT J. BEMRICK, M.D.
RADIOLOGIST

S.C.C. X-RAY REPORT

NAME · Bloodsaw _____ NUMBER  E40947 _____ AGE    31 ___ DATE    2/16/90

X-RAY REQUESTED ___ Upper GI Series _____ PHYSICIAN _____ F. J. Foster, M.D.

REPORT:

The preliminary film of the abdomen shows no evidence of acute intra-abdominal
disease or other significant abnormality except for a developmental or possibly
old minor post-traumatic deformity involving the right transverse process of
the fourth lumbar vertebra.

The examination was performed without the aid of fluoroscopy.  There appears to
be increased prominence of the partially visualized distal antral and pyloric
folds and there is deformity of the duodenal bulb with inflammatory thickening
of the duodenal bulb and post-bulbar folds.  The visualized upper intestinal tract
is otherwise within normal limits and shows no evidence of peptic ulceration.

CONCLUSIONS:   Findings consistent with nonerosive antral gastritis and duodenitis.

No evidence of peptic ulceration involving the upper intestinal
tract.

B





# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-202L  DATE: 09/10/07

EXAM REQUESTED:            AP PELVIS AND BILATERAL HIPS, 2 FILMS/
                           3-VIEWS LUMBAR SPINE

REQUESTING M.D.:           PCP

CLINICAL DATA:             HISTORY NOT GIVEN

RADIOGRAPHIC REPORT:       AP PELVIS AND BILATERAL HIPS, 2 FILMS

FINDINGS:                  This study is compared with a preceding examination from February
2005.

There are scattered areas of shrapnel in the area of the left gluteal region and hip. These are unchanged
from the previous study, although they are reported to have been associated with the right hip at the time
of the previous study. Perhaps one of these two exams has been mislabeled.

There is no soft tissue swelling or calcifications. The SI joints and hip joints appear normal bilaterally.
The bony architecture is intact. There are no sclerotic or lytic changes.

**IMPRESSION:**                **NO ACUTE BONY TRAUMA OR ARTHRITIC CHANGES
                           ARE RECOGNIZED. SCATTERED PRESUMED SHRAPNEL
                           IS NOTED IN THE VICINITY OF WHAT IS THOUGHT TO
                           BE THE LEFT HIP. OTHERWISE, NEGATIVE.**

09/11/07                    PHILIP GRIMM, M.D.                              JLP
DATE READ                   RADIOLOGIST                              TRANSCRIBER




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 10/18/07

EXAM REQUESTED:               AP OF PELVIS AND LATERAL EXAMINATION OF THE LEFT
                              HIP/THREE-VIEWS

REQUESTING M.D.:              PCP

CLINICAL DATA:                HISTORY OF PAIN

RADIOGRAPHIC REPORT:          AP OF PELVIS AND LATERAL EXAMINATION OF THE LEFT
                              HIP/THREE-VIEWS

FINDINGS:                     This study is compared with films taken in September 2007.

In the approximately one month interval since the previous study, little if any change is seen. There is
some minimal shrapnel in the immediate vicinity of the left hip, and it is possible that some of the
shrapnel fragments are closely associated with the joint capsule, but none are thought to lie within the
joint capsule. Mild arthritic changes are recognized, but the underlying bony architecture is intact, and no
obvious acute pathology is seen. No obvious acute trauma is recognized. If there is persistent pain,
perhaps a nuclear medicine bone scans or even an MRI study would be helpful.

**IMPRESSION:**               **THE FINDINGS ARE SIMILAR TO THAT OF ONE MONTH**
                              **BEFORE. EVIDENCE OF PREVIOUS GUNSHOT WOUND**
                              **IN THE IMMEDIATE VICINITY OF THE LEFT HIP IS**
                              **SEEN, BUT NO ACUTE PATHOLOGY IS APPRECIATED.**

10/30/07                      PHILIP GRIMM, M.D.                              JLP
DATE READ                     RADIOLOGIST                              TRANSCRIBER



H#2 137
138



# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES



NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 01/16/08

EXAM REQUESTED:                    THREE-VIEW LUMBAR SPINE

REQUESTING M.D.:                   PCP

CLINICAL DATA:                     HISTORY NOT GIVEN

RADIOGRAPHIC REPORT:               THREE-VIEW LUMBAR SPINE

FINDINGS:                          There is normal alignment on the AP and lateral radiographs with no
degenerative or posttraumatic change.

IMPRESSION:                        **MINIMAL DEGENERATIVE CHANGE THORACIC SPINE
                                   WITHOUT EVIDENCE OF THORACIC OR LUMBAR
                                   INSTABILITY.**

COPY

| 02/06/08 | GREGORY J. DUNCAN M.D. | | JLP |
| DATE READ | ORTHOPEDIC SURGEON | TRANSCRIBER | |

orig.





# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 01/22/08

EXAM REQUESTED:           FOUR-VIEW CERVICAL SPINE

REQUESTING M.D.:          PCP

CLINICAL DATA:            HISTORY NOT GIVEN

RADIOGRAPHIC REPORT:      FOUR-VIEW CERVICAL SPINE

FINDINGS:                 There is extensive multiple level degenerative change throughout the mid and lower cervical spine. No evidence of instability is seen at C1-2 on the open-mouth view or on the lateral radiograph. However, there is a grade 1 degenerative spondylolisthesis at C4-5. Extensive disk space narrowing, osteophyte formation, and sclerosis of vertebral end plates is present from C3 to C7.

IMPRESSION:               **MULTIPLE LEVEL DEGENERATIVE CHANGE, CERVICAL SPINE, SEVERE CHRONIC APPEARING WITH GRADE 1 SPONDYLOLISTHESIS C4-5.**

### ADDENDUM

Incidental note is also made of retained metallic material, which is not visible within the region of the spinal canal, but appears to be in the anterior chest wall region from previous gunshot wound and a few small fragments well anterior to the vertebral bodies at C4-5.

Comparison radiograph from 05/10/07, shows identical appearing degenerative change and same degree of spondylolisthesis at C4-5.

If cervical instability requires further evaluation, flexion/extension lateral radiographs should be considered.

Page 1

COPY

| | | |
|---|---|---|
| 02/06/08 | GREGORY J. DUNCAN M.D. | JLP |
| DATE READ | ORTHOPEDIC SURGEON | TRANSCRIBER |



orig.

02/20/2008 09:03 FAX 7074859121

@004/005

144 139 140




# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 01/22/08

RADIOGRAPHIC REPORT:        THORACOLUMBAR

FINDINGS:                   There is normal alignment on the lateral radiograph and essentially
normal AP alignment throughout the thoracic spine. Mild multiple level disk space narrowing is present,
and the previously described lead fragments are also visible anterior to the thoracic region on the lateral
radiograph.

IMPRESSION:                 **MINIMAL DEGENERATIVE CHANGE THORACIC SPINE
WITHOUT EVIDENCE OF THORACIC OR LUMBAR
INSTABILITY.**

Page 2



02/06/08                    GREGORY J. DUNCAN M.D.                    JLP
DATE READ                   ORTHOPEDIC SURGEON          TRANSCRIBER

orig.




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC   NO. P20045   RM: A2-202L   DATE: 05/10/07

EXAM REQUESTED:              CERVICAL SPINE THREE VIEWS

REQUESTING M.D.:            PCP CLINIC

CLINICAL DATA:              HISTORY OF NECK PAIN.

RADIOGRAPHIC REPORT:        CERVICAL SPINE THREE VIEWS

FINDINGS:                   This study is compared with films taken in June of 2005.

There is no obvious soft tissue swelling or calcifications. There is a focal reversal of the normal cervical lordosis with the apex this reversal is centered at C5. Mild arthritic changes are noted at C4-5. Moderate arthritic changes bordering on severe are noted at C5-6 and C6-7. At these levels there is endplate sclerosis, osteophyte formation and joint space narrowing. Lateral mass arthritic changes are noted at disc spaces above this. There is an unusual appearance of the symphysis of the mandible perhaps this is posttraumatic. This is probably unchanged from the preceding study. The degree of arthritic changes in the mid and lower cervical spine is thought to be mildly progressive when compared to the previous study in 2005.

IMPRESSION:         1.    FOCAL MODERATE DEGENERATIVE ARTHRITIC CHANGES OF THE MID AND LOWER CERVICAL SPINE, I BELIEVE THEY ARE MILDLY PROGRESSIVE WHEN COMPARED TO THE PRECEDING STUDY.

                    2.    FINDINGS AT C5-6 MAY BE CHARACTERIZED AS SEVERE.

                    3.    I BELIEVE THAT THERE IS A POSTTRAUMATIC DEFORMITY OF THE SYMPHYSIS OF THE MANDIBLE THAT IS STABLE WHEN COMPARED TO THE PREVIOUS STUDY.

05/15/07                    PHILIP GRIMM, M.D.                    DLK
DATE READ                   RADIOLOGIST                    TRANSCRIBER

14. Hrt
46 142

LABORATORY REPORTS

DEPARTMENT OF CORRECTIONS
CMC-EAST HOSPITAL

NAME: **BLOODSAW, THEO**  NUMBER: **E-40947**  ROOM: **4190X**  AGE: **37**

Date Taken: **9-15-95**    Date Read: **09/15/95**    Ordering M.D.: **MISSON**

## RADIOGRAPHIC REPORT: LEFT HIP

There is evidence of fracture. Minimal osteoarthritic spurring is present about the inferior margin of the femoral head.

pmc

JBF:jag    Date: **September 16, 1995**    **J. FLEMING, M.D.**

Date Taken: 3-30-95    Date Read: 3-31-95    Ordering M.D.: Stevig

## RADIOGRAPHIC REPORT:

CHEST:    There is no evidence of active pulmonary disease.    Small metal fragments are present in the left upper chest.

JBF:co    Date: March 31, 1995    J. B. Fleming, M.D.




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

A3-187 L

NAME: BLOODSAW, THEOPRIC  NO. P-20045  RM: A2-118  DOB: 06/25/58  DATE: 06/23/05

EXAM REQUESTED:              FIVE VIEW CERVICAL SPINE

REQUESTING M.D.:             W. WAHIDULLAH, M.D.

CLINICAL DATA:               HISTORY OF PAIN

RADIOGRAPHIC REPORT:         FIVE VIEW CERVICAL SPINE

FINDINGS:                    Comparison to previous study dated 02/22/2005.

Soft tissues remain normal.

Again noted is approximately 2 ml subluxation of C-4 with respect to C-5. This is unchanged compared to the previous study.

Degenerative narrowing of the C5-6 and C6-C7 disc spaces are again noted with no demonstrable change.

Again noted is minimal foraminal encroachment at the C5-6 level bilaterally.

IMPRESSION:                  **DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7 WITH MILD SUBLUXATION OF C4 ON C5. THESE FINDINGS WERE ALL PRESENT ON THE PREVIOUS STUDY AND THERE HAS BEEN NO DEMONSTRATED CHANGE SINCE THAT EXAMINATION.**

CO 7/8/05

06/07/05                     CURTIS COULAM, M.D.                    BMC
DATE READ                    RADIOLOGIST                            TRANSCRIBER



NAME: Bloodsaw Theopric

CDC No. P20045 HOUSING: AX-113

PELICAN BAY STATE PRISON
P.O. BOX 7588
CRESCENT CITY, CA 95532

**RECEIVED**

JUN 2 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of Calif.
ATTN: Clerk
450 Golden Gate Ave,

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

UNITED STATES POSTAGE
PITNEY BOWES

02 1M       $ 05.05⁰
0004217666   JUN17 2008
MAILED FROM ZIP CODE 95531




CLR: 779  Assist Station Unit
NARR:ASSISTED 31A RE:INVOLVED IN FIGHT,TRANS THEOPRIC BLOODSHAW MB/062457 TO DANIEL FREEMAN

Report Date: 11/28/02

**UNIT HISTORY REPORT**
**LENNOX**

Page 1 of 3

Unit: 31D       Shift: 2       Shift Date: 11/08/02

/0533* LOGON () ,X,,31D,D,,Y,2,0500,1300,292992,,,432977,,,65809,,214,S/G
7,10371,18477,18476,,,,,,,,,,,,,,, <000>
/0533* MDTON (292992) MDT00763 <000>

/0534* ** ASSIGN/D (292992) LNX02312-0033 R/924B LNX <000>
/0534* 10/97 (292992) LNX02312-0033,OVERRIDE TIME = 0500 <000>
/0539* 10/98 (292992) LNX02312-0033 <000>
/0540* CLEAR (292992) ,LNX02312-0033,,754,758,,,,,BRIEFING AND VEH
PREP,,,,0370,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0546* INQ (292992) VEH,4GCM663,CA,,,,,,,, <000>
/0551* INQ (292992) VEH,4GUL783,CA,,,,,,,, <000>
/0553* INQ (292992) VEH,4WQU802,CA,,,,,,,, <000>
/0555* INQ (292992) WANT9,,CA,GRAY,CALVIN,,,,,,M,B,,,,080180,,,,,,,,,, <000>
/0557* INQ (292992) VEH,4WKF845,CA,,,,,,,, <000>
/0610* INQ (292992) VEH,4RGR370,CA,,,,,,,, <000>
/0616* INQ (292992) VEH,3UYL940,CA,,,,,,,, <000>
/0620* INQ (292992) VEH,2ZFD870,CA,,,,,,,, <000>
/0621* INQ (292992) VEH,1DUC544,CA,,,,,,,, <000>
/0622* INQ (292992) VEH,2CUT635,CA,,,,,,,, <000>
/0624* INQ (292992) VEH,3HPU352,CA,,,,,,,, <000>
/0625* INQ (292992) VEH,3KEB770,CA,,,,,,,, <000>
/0625* INQ (292992) VEH,3KEB720,CA,,,,,,,, <000>
/0633* INQ (292992) VEH,4UQF674,CA,,,,,,,, <000>
/0634* INQ (292992) VEH,2RRS563,CA,,,,,,,, <000>
/0638* INQ (292992) VEH,4ZEE181,CA,,,,,,,, <000>
/0639* INQ (292992) VEH,4GXT184,CA,,,,,,,, <000>
/0645* INQ (292992) VEH,4VYE177,CA,,,,,,,, <000>
/0647* INQ (292992) VEH,3XEK737,CA,,,,,,,, <000>
/0649* INQ (292992) VEH,4LEY148,CA,,,,,,,, <000>
/0649* INQ (292992) VEH,4WKV655,CA,,,,,,,, <000>
/0650* INQ (292992) VEH,2GRE500,CA,,,,,,,, <000>
/0650* INQ (292992) VEH,2GRE900,CA,,,,,,,, <000>
/0650* INQ (292992) VEH,3KCV279,CA,,,,,,,, <000>
/0654* INQ (292992) VEH,JMEOWS,CA,,,,,,,, <000>
/0659* INQ (292992) WANT9,,CA,KING,JAMES,LEE,,,,,,M,B,,,,,080253,,,,,,,,,, <000>
/0659 HIT () IW S 292992 MDT0 ,CA0190099 ,KING JAMES ,LEE M B ,000 000 080253 000 CA
, 00000000 00000000 ,H 004 F 003 M 001 O 000 OO , N KING JAMES LEE ,M B 080253 511 150
BLK BRO ,XSC3 031202 NO BAIL ,610 W CENTURY BL #2 LA CA ,XSCTA05832103 ,W F 11352(A)/HS
F , N KING JAMES ,M B 080156 510 170 BLK BRO ,LAM4 040993 $273 , UNKNOWN LA CA
,097019819420 RSTR: ,W M 40508A/VC M ,21954A/VC I ,PED CA , N KING JIM * ,M B 061654
601 210 BLK BRO ,XNE3 113001 $50000 ,965 RAYMOND AV PAS CA ,XNEGA03769801
/0659 HIT () SEARCH REVEALS: HIT MADE ON NAM/KING,JAMES LEE 19530802 M B 511 150 BLK BRO POB/AR BAIL/NO BAIL FCN/2320207102243
NIC/W242430603 ENTERED/CALIF-NCIC HIT MADE ON AKA/KING,JIM FELONY WARRANT 3599 DANGEROUS
DRUG NAM/KING,JAMES ROY 19630811 M B 601 210 BLK BRO POB/CA AKA/KING,BUD
  KING,JIM   KING,JEROME   ADB/19620811 SOC/553191458 ST/CA DDL/C4141530
19540616                19620822                1
/0659 HIT () HIT MADE ON NAM/KING,JAMES HIT # 001 DO NOT ARREST OR DETAIN BASED     SOLELY
ON THIS RESPONSE COUNTY PROBATION RECORD NAM/KING,JAMES 19530802 M B 601 150 BRO BLK
OLN/A3703683 HOME CITY/LOS ANGELES PRIMARY OFFENSE/NARCOTICS DISCHARGE DATE/20520312
AGENCY/LOS ANGELES PROBATION DEPT CONTACT MNE/AVPW REC TYPE/PRO IDN/X00267247 OR ONLY
FCN/C770107402954 HIT # 002 DO NOT ARREST OR DETAIN BASED     SOLELY ON THIS RESPONSE CDC



Unit: 31D          Shift: 2          Shift Date: 11/08/02

PAROLE RECORD NAM/RIVERS,JAMES GREGORY 19530224 M B 509 146 BRO BLK    OLN/N

/0659  HIT () MKE/WANTED PERSON NAM/KING,JAMES LEE SEX/M RAC/B POB/AR DOB/19530802 WGT/150
EYE/BRO HAI/BLK FBI/947548KA8 OFF/DANGEROUS DRUGS

/0659  ACK (227636) HIT

/0659  ACK (227636) HIT

/0659  ACK (227636) HIT

/0700  ACK (227636) HIT

/0702  ** ASSIGN/B (475469) LNX02312-0052 P/909A 1929 115TH ST,LA

/0703* ** ASSIGN/D (292992) LNX02312-0053 R/925 9201 NORMANDIE AV,LA <000>

/0703* 10/97 (292992) LNX02312-0053 <000>

/0703* ACK (292992) LNX02312-0052 <000>

/0703* 10/15 (292992) <000>

/0707* INQ (292992) BOOK1,LNX,KING,JAMES,LEE,, <000>

/0707  CHGHDL (475469) LNX02312-0052,31D/D->31/D

/0746* INQ (292992) DRIVER,,KING,JAMES,L,,080253,,,,X <000>

/0759* 10/98 (292992) LNX02312-0053 <000>

/0759* ENR (292992) LNX02312-0052 <000>

/0801* CLEAR (292992) ,LNX02312-0053,,283,,,,,,ARRESTED JAMES LEE KING MB/0,80253
RE:11352A H/S WARRANT,,,,0370,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,01,,,, <000>

/0810* 10/97 (292992) LNX02312-0052 <000>

/0812* INQ (292992) VEH,4FYJ295,CA,,,,,,,,, <000>

/0819  ** ASSIGN/B (475469) LNX02312-0068 E/902R 2041 CULLIVAN ST,LA

/0819* ACK (292992) LNX02312-0068 <000>

/0819* 10/98 (292992) LNX02312-0052 <000>

/0819* ENR (292992) LNX02312-0068 <000>

/0821* 10/97 (292992) LNX02312-0068 <000>

/0849  CHGHDL (475469) LNX02312-0068,31D/D->31A/D

/0905* 10/98 (292992) LNX02312-0068 <000>

/0908* CLEAR (292992) ,LNX02312-0068,,780,,,,,,ASSISTED 31A RE:902R,927D
ON,LY,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/0908* CLEAR (292992) ,LNX02312-0052,,780,,,,,,ASSISTED 31 RE:909S,AS
NEEDE,D,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/0912  ** ASSIGN/D (475469) LNX02312-0084 R/925'S 1025 89TH ST,LA

/0912* ACK (292992) LNX02312-0084 <000>

/0912* ENR (292992) LNX02312-0084 <000>

/0919* 10/97 (292992) LNX02312-0084 <000>

/0931* INQ (292992) WANT9,,CA,SOTELO,JUAN,,,,,,,M,H,,,,,021589,,,,,,,,,,,X <000>

/1007  ** ASSIGN/D (475469) LNX02312-0099 R/930 12117 BUDLONG AV,LA

/1013* ACK (292992) LNX02312-0099 <000>

/1014* 10/98 (292992) LNX02312-0084 <000>

/1015* ** ASSIGN/D (292992) LNX02312-0105 R/X-31A 1657 CENTURY BLVD,LA <000>

/1015* 10/97 (292992) LNX02312-0105 <000>

/1015* UTH (292992) LNX02312-0099 <000>

/1015* 10/15 (292992) <000>

/1046* INQ (292992) DRIVER,,BLOODSHAW,THEOPRIC,K,,062457,,,, <000>

/1056* INQ (292992) BOOK1,LNX,BLOODSHAW,THEOPRIC,KENT,, <000>

/1254* CLEAR (292992) ,LNX02312-0084,,212,,,,,,CHKD LOC
RE:925,GPA/UTL,,,,,0370,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/1257* 10/98 (292992) LNX02312-0105 <000>

Report Date: 11/28/02

**UNIT HISTORY REPORT**
**LENNOX**

Unit: 31D        Shift: 2        Shift Date: 11/08/02

/1257* CLEAR (292992) ,LNX02312-0105.,779,,,,,,ASSISTED 31A RE:INVOLVED IN,FIGHT,TRANS
THEOPRIC BLOODSHAW M,B/062457 TO DANIEL
FREEMAN,,,0372,,,,,1300,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/1258* CHGENDMILES (292992) 000000 -> 65861 <000>

/1258* CHGPATROL (292992) /000 -> 06/092 <000>

/1258* LOGOFF (292992) <000>

/1258* MDTOFF (292992) <000>

DEPUTY DAILY WORKSHEET    11/28/02 0111

STATION: LNX

UNIT: 31F    SHIFT: D    DATE: 11/08/02    0500 - 1300    CLASS: 2    TYPE: P

# 263046 SIMPSON THOMAS D                O/T:        O/T PA:
# 267058 CARTER DEXTER                   O/T:

VEH: SD1531    MILES: ( 86234 -> 86269 ) :    35    MOBILE: 13409
SPEC EQP: S/G5

PORTABLES: 18494                        18490

ARRESTS /FEL-MA:      FA:      MJ:      FJ:      CITS/HZ:      NHZ:      PKG:
         /MSD-MA:      FA:      MJ:      FJ:

PATROL AREA/TIME: 06/149

TIME-SHIFT: 480    TT:32    HDL:299    WRT:0    PTL:149    UNALLOC: 0    RPTS:

INCIDENT ASSIGNMENTS:

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0036 | 924B | 0540 | | | 0500? | 0540 | 0381 | | O | R | | 40 | | |

LOC: LNX
CLR: 754   STATION SERVICE: Briefing
CLR: 758   STATION SERVICE: Station Service

| | | | | | | | | | | | | | | |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0052 | 909A | 0725 | 0725 | 0725 | 0725 | 0950 | 0373 | A | C | P | | 145 | | |

LOC: 1929 115TH ST,LA
CLR: 780   Assigned Assist

| | | | | | | | | | | | | | | |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0095 | 919 | 0944 | 0949 | 0950 | 0957 | 1001 | 0378 | | C | R | 7 | 4 | | |

LOC: 1358 GEDDES ST,LA
CLR: 212   DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: C/SCOTT,FRANK  MB/A      ANTOINETTE NOT AT LOC

| | | | | | | | | | | | | | | |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0099 | 930 | 1001 | 1002 | | | | 0378 | A | C | R | | | | |

LOC: 12117 BUDLONG AV,LA

STATUS: ***UTH at 1004

| | | | | | | | | | | | | | | |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0101 | 924C | 1005 | | | 1005 | 1113 | 0399 | | O | R | | 68 | | |

LOC: ONE REGENT ST,ING
CLR: 752   STATION SERVICE: Appearance, Court

| | | | | | | | | | | | | | | |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0116 | 242R | 1126 | 1142 | 1205 | 1210 | 1226 | 0374 | | C | R | 5 | 16 | | |

LOC: 1249 91ST ST,LA
CLR: 144   ASSAULT, MISDEMEANOR: Hands, Feet, Fist, Etc.
CLR: 777   Assist Citizen
NARR: C/DILTON RAMOS MH/J      NON DESIROUS OF RPT BUT WANTS    INCREASED PATROL IN THE
     AREA OF 108TH/ NORMANDIE AV,LA

| | | | | | | | | | | | | | | |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0121 | 415B | 1136 | 1142 | 1144 | 1149 | 1152 | 0378 | | | | | | | |

LOC: 1360 IMPERIAL HWY,LA "EL POLLO LOCO"
CLR: 212   DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances

CERTIFIED A TRUE AND CORRECT COPY
OF ORIGINAL MAINTAINED WITHIN FILES
OF THE LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT - LENNOX STATION

CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: DP WAS GPA/UTL              SPOKE TO MGR  CAMPOS, RUTH FH/A

| 0122 | 459R | 1137 | 1142 | 1154 | 1157 | 1205 | 0399 | C | R | 3 | 8 |

LOC: 10511 WESTERN AV,LA
CLR: 764  Call Cancelled
CLR: 775  Assist Police Department (Not LASD)
NARR: LOC IS OUT OF OUR STA      PATROL AREA

| 0137 | 930 | 1231 | 1231 | 1231 | 1238 | 1240 | 0373 | 9 | R | 7 | 2 |

LOC: 11407 WESTERN AV,LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: C/LOPEZ, JAVIER MH/A RE     TAXI FARE  INF NON DESIROUS OF RPT AT THIS TIME. WANTED HIS
     MONEY ONLY   UTL ANY SUS

| 0138 | 415LT | 1234 | 1234 | 1243 | 1248 | 1301 | 0372 | C | R | 5 | 13 |

LOC: 1157 104TH ST,LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: C/NICHOLS FB/A AND RUTH FB/APARTIES WILCO

| 0146 | 924B | 1304 | | 1304 | 1304 | 0381 | O | R | | 0 |

LOC: LNX
CLR: 754  STATION SERVICE: Briefing
CLR: 758  STATION SERVICE: Station Service



UNIT HISTORY REPORT
                                       LENNOX

Unit: 31F        Shift: 2     Shift Date: 11/08/02
/0539* LOGON () <000>
,X,,31F,D,110802,Y,2,0500,1300,263046,,,267058,,,B6234,,SD1531,S/G5,13409,18494,18490,,,,,
,,,,,,,,,,,,, <000>
/0539* MDTON (263046) MDT01056 <000>
/0540* ** ASSIGN/D (263046) LNX02312-0036 R/924B LNX <000>
/0540* 10/97 (263046) LNX02312-0036,OVERRIDE TIME = 0500 <000>
/0540* 10/98 (263046) LNX02312-0036 <000>
/0540* CLEAR (263046) ,LNX02312-                                      <000>
0036,,754,758,,,,,,,,,0381,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0723* INQ (263046) VEH,1FER164,CA,,,,,,,, <000>
/0725* ** ASSIST/S (263046) LNX02312-0052 P/909A 1929 115TH ST,LA <000>
/0725* ACK (263046) LNX02312-0052 <000>
/0725* ENR (263046) LNX02312-0052 <000>
/0725* 10/97 (263046) LNX02312-0052 <000>
/0820* INQ (263046) WANT9,,CA,,,,,,,,,,,,,,,,,,,,,1919,115TH,ST,,LOS ANGELE,,X <000>
/0820  HIT () IW S 263046 MDTO  ,CA0190099 ,000 000 000000 000  , 00000000 00000000 ,1919
115TH ST LOS ,H 003 F 000 M 002 O 001 00 ,  N JOHNSON ROBERT CLYDE ,M B 070266 510 165
BLK BRO ,LAA4 112791 $8000 ,1919 E 115TH ST LA CA  ,LAA90R2874001 RSTR  ,W M 243(E)/PC M ,
N KING CARL FRANKLIN  ,M X 072645 XXX XXX ,LAM4 032795 $368 ,1919 E 115TH ST LA CA
N KING CARL FRANKLIN  ,M X 072645 XXX XXX ,LAM4 032795 $368 ,1919 E 115TH ST LA CA   N SAREZ
,502218319420 RSTR A0158549 CA ,L M 40508A/VC M ,4000A/VC I * ,628GGL CA   ,  N SAREZ
SALVADOR CARDO  ,M H 030156 600 190 BRO BRO ,COM4 091092 $677 ,1919 E 115T
/0821  ACK (409547) HIT
/0944  ** ASSIGN/D (475469) LNX02312-0095 R/919 1358 GEDDES ST,LA
/0949* ACK (263046) LNX02312-0095 <000>
/0950* 10/98 (263046) LNX02312-0052 <000>
/0950* CLEAR (263046) ,LNX02312-                                     <000>
0052,,780,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0950* ENR (263046) LNX02312-0095 <000>
/0954* INQ (263046) WANT9,,CA,,,,,,,,,,,,,,,,,,,,,1358,GEDDES,ST,,LOS ANGELE,,X <000>
/0957* 10/97 (263046) LNX02312-0095 <000>
/1001* 10/98 (263046) LNX02312-0095 <000>
/1001  ** ASSIGN/D (475469) LNX02312-0099 R/930 12117 BUDLONG AV,LA
/1002* ACK (263046) LNX02312-0099 <000>
/1004* CLEAR (263046) ,LNX02312-0095,,212,,,,,,C/SCOTT,FRANK MB/A,ANTOINETTE NOT AT
LOC,,,,037B,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1004* UTH (263046) LNX02312-0099 <000>
/1005* ** ASSIGN/D (263046) LNX02312-0101 R/924C ONE REGENT ST,ING <000>
/1005* 10/97 (263046) LNX02312-0101 <000>
/1113* 10/98 (263046) LNX02312-0101 <000>
/1113* CLEAR (263046) ,LNX02312-                                     <000>
0101,,752,,,,,,,,,,,0399,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,
/1126  ** ASSIST/D (475469) LNX02312-0116 R/242R 1249 91ST ST,LA
/1126  CHGHDL (475469) LNX02312-0116,34A/D->31F/D
/1136  NOACK () LNX02312-0116
/1136  ** ASSIGN/D (475469) LNX02312-0121 R/415B 1360 IMPERIAL HWY,LA "EL POLLO LOCO"
/1137  ** ASSIGN/D (475469) LNX02312-0122 R/459R 10511 WESTERN AV,LA
/1142* ACK (263046) LNX02312-0122 <000>
/1142* ACK (263046) LNX02312-0121 <000>
/1142* ACK (263046) LNX02312-0116 <000>
/1144* ENR (263046) LNX02312-0121 <000>



UNIT HISTORY REPORT
LENNOX

Unit: 31F          Shift: 2        Shift Date: 11/08/02

/1149* 10/97 (263046) LNX02312-0121 <000>

/1152* 10/98 (263046) LNX02312-0121 <000>

/1153* CLEAR (263046) ,LNX02312-0121,,212,,,,,,DP WAS GPA/UTL,SPOKE TO MGR CAMPOS,RUTH
FH/A,,,,0378,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/1153* ENR (263046) LNX02312-0116 <000>

/1154* HOLD (263046) LNX02312-0116 <000>

/1154* ENR (263046) LNX02312-0122 <000>

/1157* 10/97 (263046) LNX02312-0122 <000>

/1205* 10/98 (263046) LNX02312-0122 <000>

/1205* CLEAR (263046) ,LNX02312-0122,,764,775,,,,,LOC IS OUT OF OUR STA,PATROL
AREA,,,,0399,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/1205* ENR (263046) LNX02312-0116 <000>

/1210* 10/97 (263046) LNX02312-0116 <000>

/1226* 10/98 (263046) LNX02312-0116 <000>

/1226* CLEAR (263046) ,LNX02312-0116,,144,777,,,,,C/DILTON RAMOS MH/J,NON DESIROUS OF RPT
BUT WANTS,INCREASED PATROL IN THE AREA OF,108TH/ NORMANDIE
AV,LA,,0374,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/1231  ** ASSIGN/D (475469) LNX02312-0137 R/930 11407 WESTERN AV,LA

/1231* ACK (263046) LNX02312-0137 <000>

/1231* ENR (263046) LNX02312-0137 <000>

/1234  ** ASSIGN/D (475469) LNX02312-0138 R/415LT 1157 104TH ST,LA

/1234* ACK (263046) LNX02312-0138 <000>

/1236* INQ (263046) DRIVER,B8213354,,,,,,,,,X <000>

/1238* 10/97 (263046) LNX02312-0137 <000>

/1240* 10/98 (263046) LNX02312-0137 <000>

/1243* CLEAR (263046) ,LNX02312-0137,,212,,,,,,C/LOPEZ,JAVIER MH/A RE,TAXI FARE INF NON
DESIROUS OF R,PT AT THIS TIME. WANTED HIS MONE,Y ONLY UTL ANY
SUS,,0373,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/1243* ENR (263046) LNX02312-0138 <000>

/1248* 10/97 (263046) LNX02312-0138 <000>

/1252  INQ (243310) VEH,31F,,X,,,4M05102,CA,,,,,,,,,,,,,X

/1253  ACK (243310) RESP

/1301* 10/98 (263046) LNX02312-0138 <000>

/1303* CLEAR (263046) ,LNX02312-0138,,212,,,,,,C/NICHOLS FB/A AND RUTH FB/A,,PARTIES
WILCO,,,,0372,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/1304* ** ASSIGN/D (263046) LNX02312-0146 R/924B LNX <000>

/1304* 10/97 (263046) LNX02312-0146 <000>

/1304* 10/98 (263046) LNX02312-0146 <000>

/1304* CLEAR (263046) ,LNX02312-
0146,,754,758,,,,,,,,0381,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>

/1306* CHGENDMILES (263046) 000000 -> 86269 <000>

/1306* CHGPATROL (263046) /000 -> 06/149 <000>

/1306* LOGOFF (263046) <000>

/1306* MDTOFF (263046) <000>

87.33
HE 24

**DEPUTY DAILY WORKSHEET**    11/28/02 0111

STATION: LNX
UNIT: 34A    SHIFT: D    DATE: 11/08/02    0600 - 1400    CLASS: 1    TYPE: P
# 438140 FORMICA WILLIAM J    O/T:    O/T PA:
VEH: SD220G    MILES: ( 27499 -> 27595 ) : 96    MOBILE: 16086
SPEC EQP: SG22,SS

PORTABLES: 18601
ARRESTS /FEL-MA:    FA:    MJ:    FJ:    CITS/HZ:    NHZ:    PKG:
        /MSD-MA:    FA:    MJ:    FJ:

PATROL AREA/TIME: 07/174
TIME-SHIFT: 480    TT:33    HDL: 272    WRT:0    PTL:174    UNALLOC:1    RPTS:

INCIDENT ASSIGNMENTS:

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0039 | 459A | 0558 | 0615 | 0620 | 0621 | 0621 | 0333 | A | C | R | 1 | 0 | | |

LOC: 15901 HAWTHORNE BL,LAW X/MANHATTAN BEACH BL
CLR: 780  Assigned Assist

| 0041 | 924B | 0620 | | 0600? | 0601? | 0610? | 0381 | | O | R | | 9 | | |

LOC: LNX
CLR: 754   STATION SERVICE: Briefing
CLR: 758   STATION SERVICE: Station Service
NARR: VEH SVC/BRIEF

| 0049 | 924P | 0638 | | | 0638 | 0713 | 0388 | | O | R | | 35 | | |

LOC: EL CAMINO VILLAGE,ECV
CLR: 800  Directed Patrol Time
NARR: PTL CHK OK

| 0055 | 905V | 0713 | 0713 | 0714 | 0719 | 0728 | 0334 | A | C | P | 5 | 9 | | |

LOC: 4205 166TH ST,LAW
CLR: 780  Assigned Assist

| 0061 | 927P | 0728 | 0728 | 0728 | 0736 | 0751 | 0385 | A | C | P | 8 | 15 | | |

LOC: 5531 124TH ST,HAW
CLR: 780  Assigned Assist

| 0065 | 924P | 0801 | | | 0801 | 0859 | 0388 | | O | R | | 58 | | |

LOC: ALONDRA PARK
CLR: 800  Directed Patrol Time
NARR: PTL CHK OK

| 0084 | 925'S | 1117 | 1117 | 1117 | 1119 | 1137 | 0370 | A | C | P | 2 | 18 | | |

LOC: 1025 89TH ST,LA
CLR: 780  Assigned Assist

| 0089 | 917A | 0919 | 0919 | 0919 | | | 0388 | A | | | | | | |

CERTIFIED A TRUE AND CORRECT COPY OF ORIGINAL MAINTAINED WITHIN FILES OF THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT - LENNOX STATION

TITLE /NAME    EMPLOYEE NUMBER

#30
34.

```
0089 917A    0919    0919    0919                        0388 A  C  R
LOC: 3728 156TH ST,GAR

STATUS: ***CAN at 1034

0097 779     0949                    0949  1000  0399     O  R              11
LOC: CENTURY BL/WILTON PL,LA
CLR: 779  Assist Station Unit
NARR:DEPUTY INVOLVED IN A FIGHT

0100 924     1001                    1001  1034  0381     O  R              33
LOC: LNX
CLR: 758  STATION SERVICE: Station Service
NARR:STATION DETAIL

0109 459A    1100    1100    1101    1107  1109  0379     C  R        6     2
LOC: 13305 CRENSHAW BL,HAW #3 RES(MARTINES)
CLR: 700  NON-CRIMINAL: Alarm-Burglary
NARR:NO OUTIDE EVD OF 459

0116 242R    1121    1121    1137    1137  1137  0374 A  C  R               0
LOC: 1249 91ST ST,LA
CLR: 780  Assigned Assist


0125 924P    1143                    1143  1244  0379     O  R              61
LOC: 135TH ST/CRENSHAW BL,HAW
CLR: 800  Directed Patrol Time
NARR:PTL CHK OK

0151 415B    1322    1322    1322    1333  1335  0375     9  P       11     2
LOC: 1360 IMPERIAL HWY,LA "EL POLLO LOCO"
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR:W/A HECTOR MACIA MH/A RE:415B 390. WILCO AND LEFT LOC

0162 924     1341                    1341  1400?  0381    O  R              19
LOC: LNX
CLR: 758  STATION SERVICE: Station Service
```

Report Date: 11/28/02                    UNIT HISTORY REPORT                    Page 1 of 3
                                              LENNOX


Unit: 34A          Shift: 2        Shift Date: 11/08/02
/0547* LOGON ()
,X,,34A,D,110802,Y,1,0600,1400,438140,,,,,,27499,,SD2206,SG22,SS,,18601,,,,,,,,,,,,,,,,
<000>
/0547* MDTON (438140) MDT01223 <000>
/0558  ** ASSIST/D (475469) LNX02312-0039 R/459A 15901 HAWTHORNE BL,LAW X/MANHATTAN BEACH
BL
/0608  NOACK () LNX02312-0039
/0615* ACK (438140) LNX02312-0039 <000>
/0620* ** ASSIGN/D (438140) LNX02312-0041 R/924B LNX <000>
/0620* 10/97 (438140) LNX02312-0041 <000>
/0620* 10/98 (438140) LNX02312-0041 <000>
/0620* CLEAR (438140) ,LNX02312-0041,,754,758,,,,,VEH
SVC/BRIEF,,,,,0381,,,0600,0601,0610,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0620* ENR (438140) LNX02312-0039 <000>
/0621* 10/97 (438140) LNX02312-0039 <000>
/0621* 10/98 (438140) LNX02312-0039 <000>
/0621* CLEAR (438140) ,LNX02312-
0039,,780,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0622* INQ (438140) VEH,3EQM454,CA,,,,,,,,, <000>
/0638* ** ASSIGN/D (438140) LNX02312-0049 R/924P EL CAMINO VILLAGE,ECV <000>
/0638* 10/97 (438140) LNX02312-0049 <000>
/0713* ** ASSIST/S (438140) LNX02312-0055 P/905V 4205 166TH ST,LAW <000>
/0713* ACK (438140) LNX02312-0055 <000>
/0713* 10/98 (438140) LNX02312-0049 <000>
/0714* CLEAR (438140) ,LNX02312-0049,,800,,,,,,PTL CHK
OK,,,,,0388,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0714* ENR (438140) LNX02312-0055 <000>
/0719* 10/97 (438140) LNX02312-0055 <000>
/0728  ** ASSIST/B (475469) LNX02312-0061 P/927P 5431 124TH ST,HAW
/0728* ACK (438140) LNX02312-0061 <000>
/0728* 10/98 (438140) LNX02312-0055 <000>
/0728* ENR (438140) LNX02312-0061 <000>
/0731* CLEAR (438140) ,LNX02312-
0055,,780,,,,,,,,,,,,,,,,,,,,,,,,,,,,,',,,,,,,,,,,,,,,,,,,, <000>
/0736* 10/97 (438140) LNX02312-0061 <000>
/0751* 10/98 (438140) LNX02312-0061 <000>
/0751* CLEAR (438140) ,LNX02312-
0061,,780,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0756* INQ (438140) VEH,4GVZ981,CA,,,,,,,,, <000>
/0800* INQ (438140) VEH,4KZE703,CA,,,,,,,,, <000>
/0801* ** ASSIGN/D (438140) LNX02312-0065 R/924P ALONDRA PARK <000>
/0801* 10/97 (438140) LNX02312-0065 <000>
/0806* INQ (438140) VEH,4GMN463,CA,,,,,,,,, <000>
/0859* 10/98 (438140) LNX02312-0065 <000>
/0900* CLEAR (438140) ,LNX02312-0065,,800,,,,,,PTL CHK
OK,,,,,0388,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0907* INQ (438140) VEH,2TNH730,CA,,,,,,,, <000>
/0909* INQ (438140) VEH,4COZ216,CA,,,,,,,,, <000>
/0909* INQ (438140) VEH,2TAR245,CA,,,,,,,,, <000>
/0919  ** ASSIGN/D (475469) LNX02312-0089 R/917A 3728 156TH ST,GAR

*70.36*
*H4.32*

Unit: 34A         Shift: 2      Shift Date: 11/08/02
/0919* ACK (438140) LNX02312-0089 <000>
/0919* ENR (438140) LNX02312-0089 <000>
/0924* INQ (438140) VEH,3TXY373,CA,,,,,,,,, <000>
/0924* INQ (438140) VEH,4TVG626,CA,,,,,,,,, <000>
/0925* INQ (438140) VEH,4RGP868,CA,,,,,,,,, <000>
/0925* INQ (438140) VEH,5Y94123,CA,,,,,,,,, <000>
/0949* ** ASSIGN/D (438140) LNX02312-0097 R/779 CENTURY BL/WILTON PL,LA <000>
/0949* HOLD (438140) LNX02312-0089 <000>
/0949* 10/97 (438140) LNX02312-0097 <000>
/0953* INQ (438140) VEH,4TUA446,CA,,,,,,,,, <000>
/1000* 10/98 (438140) LNX02312-0097 <000>
/1000* CLEAR (438140) ,LNX02312-0097,,779,,,,,,DEPUTY INVOLVED IN A
FIGHT,,,,,0399,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1001* ** ASSIGN/D (438140) LNX02312-0100 R/924 LNX <000>
/1001* 10/97 (438140) LNX02312-0100 <000>
/1013* INQ (438140) VEH,2YGU066,CA,,,,,,,,, <000>
/1015* INQ (438140) VEH,4XLD974,CA,,,,,,,,, <000>
/1017* INQ (438140) VEH,3GJM830,CA,,,,,,,,, <000>
/1024* INQ (438140) VEH,3JUH375,CA,,,,,,,,, <000>
/1034* 10/98 (438140) LNX02312-0100 <000>
/1034* CLEAR (438140) ,LNX02312-0100,,758,,,,,,STATION
DETAIL,,,,,0381,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1034  CHGHDL (475469) LNX02312-0089,34A/D->34PE/D
/1034  CAN (475469) LNX02312-0089
/1048* INQ (438140) VEH,3PPF374,CA,,,,,,,,, <000>
/1049* INQ (438140) VEH,4LIS900,CA,,,,,,,,, <000>
/1050* INQ (438140) VEH,2UUM962,CA,,,,,,,,, <000>
/1054* INQ (438140) VEH,1RAF425,CA,,,,,,,,, <000>
/1054* INQ (438140) VEH,3RKS068,CA,,,,,,,,, <000>
/1055* INQ (438140) VEH,2PAN886,CA,,,,,,,,, <000>
/1058* INQ (438140) VEH,6P75687,CA,,,,,,,,, <000>
/1059* INQ (438140) VEH,2RFA992,CA,,,,,,,,, <000>
/1100  ** ASSIGN/D (475469) LNX02312-0109 R/459A 13305 CRENSHAW BL,HAW #3 RES(MARTINES)
/1100* ACK (438140) LNX02312-0109 <000>
/1101* ENR (438140) LNX02312-0109 <000>
/1106* INQ (438140) VEH,2GVS815,CA,,,,,,,,, <000>
/1107* 10/97 (438140) LNX02312-0109 <000>
/1109* 10/98 (438140) LNX02312-0109 <000>
/1110* CLEAR (438140) ,LNX02312-0109,,700,,,,,,NO OUTIDE EVD OF
459,,,,,0379,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1115* INQ (438140) VEH,3SWF783,CA,,,,,,,,, <000>
/1117* ** ASSIST/S (438140) LNX02312-0084 P/925'S 1025 89TH ST,LA <000>
/1117* INQ (438140) VEH,3VQE768,CA,,,,,,,,, <000>
/1117* ACK (438140) LNX02312-0084 <000>
/1117* ENR (438140) LNX02312-0084 <000>
/1119* INQ (438140) VEH,6C63550,CA,,,,,,,,, <000>
/1119* 10/97 (438140) LNX02312-0084 <000>
/1121  ** ASSIGN/D (475469) LNX02312-0116 R/242R 1249 91ST ST,LA

9/20
37 33

Report Date: 11/28/02

UNIT HISTORY REPORT

LENNOX

Page 3 of 3

Unit: 34A          Shift: 2          Shift Date: 11/08/02
/1121* ACK (438140) LNX02312-0116 <000>
/1126  CHGHDL (475469) LNX02312-0116,34A/D->31F/D
/1135* INQ (438140) VEH,4RCB211,CA,,,,,,,,, <000>
/1137* 10/98 (438140) LNX02312-0084 <000>
/1137* CLEAR (438140) ,LNX02312-
0084,,780,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1137* ENR (438140) LNX02312-0116 <000>
/1137* 10/97 (438140) LNX02312-0116 <000>
/1137* 10/98 (438140) LNX02312-0116 <000>
/1138* CLEAR (438140) ,LNX02312-
0116,,780,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1139* INQ (438140) VEH,4RCB121,CA,,,,,,,,, <000>
/1141* INQ (438140) VEH,4EIM114,CA,,,,,,,,, <000>
/1141* INQ (438140) VEH,3CBK140,CA,,,,,,,,, <000>
/1143* ** ASSIGN/D (438140) LNX02312-0125 R/924P 135TH ST/CRENSHAW BL,HAW <000>
/1143* 10/97 (438140) LNX02312-0125 <000>
/1143* INQ (438140) VEH,4GDM392,CA,,,,,,,,, <000>
/1145* INQ (438140) VEH,3XGW153,CA,,,,,,,,, <000>
/1145* INQ (438140) VEH,4YAK634,CA,,,,,,,,, <000>
/1147* INQ (438140) VEH,4RBB718,CA,,,,,,,,, <000>
/1149* INQ (438140) VEH,2KWJ663,CA,,,,,,,,, <000>
/1150* INQ (438140) VEH,3JKM793,CA,,,,,,,,, <000>
/1244* 10/98 (438140) LNX02312-0125 <000>
/1244* CLEAR (438140) ,LNX02312-0125,,800,,,,,,PTL CHK
OK,,,,0379,,,,,,,,,,,;,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1321* INQ (438140) VEH,4NCM344,CA,,,,,,,,, <000>
/1322  ** ASSIGN/B (475469) LNX02312-0151 P/415B 1360 IMPERIAL HWY,LA "EL POLLO LOCO"
/1322* ACK (438140) LNX02312-0151 <000>
/1322* ENR (438140) LNX02312-0151 <000>
/1323* INQ (438140) VEH,4FMA143,CA,,,,,,,,, <000>
/1333* 10/97 (438140) LNX02312-0151 <000>
/1335* 10/98 (438140) LNX02312-0151 <000>
/1336* CLEAR (438140) ,LNX02312-0151,,212,,,,,,W/A HECTOR MACIA MH/A RE:415,B 390. WILCO
AND LEFT LOC,,,,0375,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1338* INQ (438140) VEH,4VFF068,CA,,,,,,,,, <000>
/1338* INQ (438140) VEH,4UFY38,CA,,,,,,,,, <000>
/1338* INQ (438140) VEH,4UFY738,CA,,,,,,,,, <000>
/1340* INQ (438140) VEH,3LOK993,CA,,,,,,,,, <000>
/1341* INQ (438140) VEH,3BEK506,CA,,,,,,,,, <000>
/1341* ** ASSIGN/D (438140) LNX02312-0162 R/924 LNX <000>
/1341* 10/97 (438140) LNX02312-0162 <000>
/1348* 10/98 (438140) LNX02312-0162 <000>
/1348* CLEAR (438140) ,LNX02312-
0162,,758,,,,,,,,,,0381,,,,1400,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1348* CHGENDMILES (438140) 000000 -> 27595 <000>
/1348* CHGPATROL (438140) /000 -> 07/174 <000>
/1348* LOGOFF (438140) <000>
/1348* MDTOFF (438140) <000>

**DEPUTY DAILY WORKSHEET**    11/28/02 0111

STATION: LNX

UNIT: 31    SHIFT: D    DATE: 11/08/02    0500 - 1300    CLASS: 2·    TYPE: P

\# 431399 HOFMEISTER CRISMAR A                       O/T:           O/T PA:
\# 440101 SAMEYAH DAVID                              O/T:

VEH: 1704    MILES: ( 90702 -> 90808 ) : 106         MOBILE: 11664
SPEC EQP: SG

PORTABLES: 18471                        18470

ARRESTS /FEL-MA:      FA:      MJ:      FJ:      CITS/HZ:      NHZ:      PKG:
        /MSD-MA:      FA:      MJ:      FJ:

PATROL AREA/TIME: 06/047

TIME-SHIFT: 480    TT: 7    HDL: 424    WRT: 0    PTL: 47    UNALLOC: 2    RPTS:

INCIDENT ASSIGNMENTS:

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0034 | 924B | 0535 | | 0500? | 0500? | 0608 | 0381 | | O | R | | 68 | | |

LOC: LNX
CLR: 754  STATION SERVICE: Briefing
NARR: BRIEF

| | | | | | | | | | | | | | | |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0051 | 503R | 0645 | 0700 | 0701 | | | 0375 | A | C | R | | | | 11596 |

LOC: 1112 112TH ST, LA

STATUS: ***CAN at 0842

| | | | | | | | | | | | | | | |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0052 | 909A | 0706 | 0706 | 0706 | 0713 | 0944? | 0373 | | C | P | 7 | 151 | | |

LOC: 1929 115TH ST, LA
CLR: 774  Assist Public Utility
NARR: X-EDISON, DOWN POWER LINE

| | | | | | | | | | | | | | | |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0099 | 930 | 1017 | 1017 | | | | 0378 | A | C | R | | | | |

LOC: 12117 BUDLONG AV, LA

STATUS: ***UTH at 1022

| | | | | | | | | | | | | | | |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0108 | 779 | 1026 | | 0947? | 0949? | 1313 | 0399 | | O | R | | 204 | | |

LOC: 1600 BLK CENTURY BL
CLR: 779  Assist Station Unit
NARR: X-31A AT HOSP RE INJURIES FR/415 DEPUTY

| | | | | | | | | | | | | | | |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|----|-----|-----|
| 0150 | 924 | 1314 | | | 1314 | 1315 | 0381 | | O | R | | 1 | | |

LOC: LNX
CLR: 758  STATION SERVICE: Station Service
NARR: EOS

CERTIFIED A TRUE AND CORRECT COPY
OF ORIGINAL MAINTAINED WITHIN FILES
OF THE LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT - LENNOX STATION

TITLE - NAME:          EMPLOYEE NUMBER



Report Date: 11/28/02                    UNIT HISTORY REPORT                    Page 1 of 1
                                              LENNOX

```
Unit: 31        Shift: 2        Shift Date: 11/08/02
/0535* LOGON ()
,X,,31,D,,Y,2,0500,1300,431399,,,440101,,,90702,,1704,SG,11664,18471,18470,,,,,,,,,,,,,,,
,, <000>
/0535* MDTON (431399) MDT01715 <000>
/0535* ** ASSIGN/D (431399) LNX02312-0034 R/924B LNX <000>
/0535* 10/97 (431399) LNX02312-0034 <000>
/0608* 10/98 (431399) LNX02312-0034 <000>
/0608* CLEAR (431399) ,LNX02312-
0034,,754,,,,,,BRIEF,,,,,0381,,,0500,0500,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000 >
/0645  ** ASSIGN/D (475469) LNX02312-0051 R/503R 1112 112TH ST,LA
/0656  NOACK () LNX02312-0051
/0700* ACK (431399) LNX02312-0051 <000>
/0701* ENR (431399) LNX02312-0051 <000>
/0706  ** ASSIST/B (475469) LNX02312-0052 P/909A 1929 115TH ST,LA
/0706* ACK (431399) LNX02312-0052 <000>
/0706* HOLD (431399) LNX02312-0051 <000>
/0706* ENR (431399) LNX02312-0052 <000>
/0707  CHGHDL (475469) LNX02312-0052,31D/D->31/D
/0713* 10/97 (431399) LNX02312-0052 <000>
/0841  CHGHDL (475469) LNX02312-0051,31/D->31PE/D
/0842  CAN (475469) LNX02312-0051
/1017  ** ASSIGN/D (475469) LNX02312-0099 R/930 12117 BUDLONG AV,LA
/1017* ACK (431399) LNX02312-0099 <000>
/1022* UTH (431399) LNX02312-0099 <000>
/1025* 10/98 (431399) LNX02312-0052 <000>
/1025* CLEAR (431399) ,LNX02312-0052,,774,,,,,,X-EDISON,DOWN POWER
LINE,,,,,0373,,,,,0950,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1026* ** ASSIGN/D (431399) LNX02312-0108 R/779 1600 BLK CENTURY BL <000>
/1026* 10/97 (431399) LNX02312-0108 <000>
/1313* 10/98 (431399) LNX02312-0108 <000>
/1313* CLEAR (431399) ,LNX02312-0108,,779,,,,,,X-31A AT HOSP RE INJURIES FR,/415
DEPUTY,,,,0399,,,0947,0949,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1314* ** ASSIGN/D (431399) LNX02312-0150 R/924 LNX <000>
/1314* 10/97 (431399) LNX02312-0150 <000>
/1315* 10/98 (431399) LNX02312-0150 <000>
/1315* CLEAR (431399) ,LNX02312-
0150,,758,,,,,,EOS,,,,,0381,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1317* CHG10/980 (431399) LNX02312-0052,0950->0944 <000>
/1319* CHGENDMILES (431399) 000000 -> 90808 <000>
/1319* CHGPATROL (431399) /000 -> 06/047 <000>
/1319* LOGOFF (431399) <000>
/1319* MDTOFF (431399) <000>
```

HP 88 36
H1.40

SH-R-77 (RED TTP) REV. for WP6.0 11/94

## COUNTY OF LOS ANGELES-SHERIFF'S DEPARTMENT SUPPLEMENTAL REPORT

DATE:  11-08-02                                   FILE:    402-11595-0399-057

C:    ADW ON A PEACE OFFICER 245(C) /F/ 057        ACTION:  Active, Additional Info

V:    HOODYE SEAN MB/02-06-70

D:

S:    BLOODSHAW, THEOPRIC KENT

## NARRATIVE

THE PURPOSE OF THIS SUPPLEMENTAL REPORT IS TO PROVIDE ACTIVE/ADDITIONAL INFORMATION REGARDING THE ABOVE INCIDENT.

WE RESPONDED TO 31A'S ( DEPUTIES HOODYE #260296, AND SATO #470671 ) ASSISTANCE REQUEST RE: THEY WERE INVOLVED IN A FIGHT. AS WE ARRIVED TO THEIR LOCATION AT CENTURY BLVD/LA SALLE AVE , I SAW THAT THE DEPUTIES WERE STILL STRUGGLING WITH THE SUSPECT ( LATER IDENTIFIED AS S/BLOODSHAW ).

I RAN OVER AND ATTEMPTED TO GRAB S/BLOODSHAW'S RIGHT ARM AND PLACE IT BEHIND HIS BACK TO ASSIST IN THE HANDCUFFING. EVERY TIME I GRABBED S/BLOODSHAW'S ARM, HE WOULD SWING IT AROUND VIOLENTLY, BREAKING FREE FROM MY GRASP. MYSELF AND SEVERAL OTHER DEPUTIES REPEATEDLY ORDERED S/BLOODSHAW TO PLACE HIS HANDS BEHIND HIS BACK AND STOP FIGHTING US. ALL OF OUR ORDERS WERE IGNORED BY THE SUSPECT. AFTER SEVERAL ATTEMPTS, I WAS ABLE TO GRAB S/BLOODSHAW'S RIGHT ARM AND PLACE IT BEHIND HIS BACK. ANOTHER DEPUTY WAS ABLE TO GRAB THE SUSPECT'S OTHER ARM AND PLACE IT BEHIND THE SUSPECT'S BACK. THE SUSPECT WAS HANDCUFFED.

I SAW THAT S/BLOODSHAW HAD LACERATION ABOVE EACH EYE. HE WAS TREATED FOR HIS INJURIES BY L.A. CITY PARAMEDICS AND SUBSEQUENTLY TRANSPORTED TO DANIEL FREEMAN HOSPITAL IN THE CITY OF INGLEWOOD VIA AMBULANCE.

ONCE AT THE HOSPITAL, S/BLOODSHAW WAS TREATED FOR HIS INJURIES BY DOCTOR YARNELL UNDER PATIENT NUMBER 235831. WHILE AT THE HOSPITAL, S/BLOODSHAW REPEATEDLY STATED THE DEPUTIES WHO INITIALLY CONTACTED HIM HAD NO REASON TO ARREST HIM FOR THE WARRANT. S/BLOODSHAW FURTHER EXPLAINED THAT HE KNEW THAT THERE WAS A WARRANT FOR HIS ARREST FOR PAROLE VIOLATION, BUT SINCE HE DID NOT BELIEVE THAT A WARRANT SHOULD HAVE BEEN ISSUED, HE WAS NOT GOING TO BE ARRESTED, PERIOD.

AFTER BEING TREATED, S/BLOODSHAW WAS TRANSPORTED TO AND BOOKED AT LENNOX STATION WITH THE APPROVAL OF THE WATCH COMMANDER LT. ARAUJO.

BY:    BRIONES, PHILLIP #432977

APPROVED:   Sgt K. CLARK #213572   11-09-02   0910 hy

ASSIGNED:   Lnx DB

SECRETARY:

HH HH
HH 37

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT SUPPLEMENTAL REPORT

DATE: 11-09-02

FILE: 402-11595-0399-053

C: ASSAULT WITH A DEADLY WEAPON ON A PEACE OFFICER 245(C)P.C.

ACTION: ACTIVE/ADDITIONAL

V: HOODYE, SEAN, BRADELY
D:
S: BLOODSHAW, THEOPRIC

## NARRATIVE

THE PURPOSE FOR THIS SUPPLEMENTAL REPORT IS TO PROVIDE ADDITIONAL INFORMATION REGARDING ASSISTING FIELD DEPUTIES WITH THE ABOVE INCIDENT.

WHILE ASSIGNED TO UNIT 31/D WITH DEPUTY SAMEYAH #440101, WE RESPONDED TO A 415 DEPUTY INVOLVED FIGHT AT THE 1600 BLK OF CENTURY BL.. UPON ARRIVAL , WE SAW THE SUSPECT (LATER IDENTIFIED AS SUSPECT BLOODSHAW ) HANDCUFFED AND SITTING DOWN ON THE STREET BETWEEN THE GUTTER AND RADIO CAR. DEPUTY SAMEYAH AND I ASSISTED THE SUSPECT UP AND CONDUCTED A SEARCH OF HIS PERSON. DUE TO THE FACT, THAT S/BLOODSHAW HAD JUST BEEN INVOLVED IN A FIGHT WITH DEPUTIES, I HELD S/BLOODSHAW BY HIS LEFT ARM WHILE DEPUTY SAMEYAH SEARCHED HIM. ONCE S/BLOODSHAW HAD BEEN SEARCHED WE PUT HIM INTO THE BACK OF THE RADIO CAR AND AWAITED PARAMEDICS.

WE THEN ESCORTED DEPUTIES HOODYE AND SATO TO CENTINELLA HOSPITAL WHERE THEY WERE TREATED FOR THEIR INJURIES.

BY: HOFMEISTER 431389

APPROVED: Sgt K. CLARK # 21351?

ASSIGNED: ENA DB

SECRETARY:

## COUNTY OF LOS ANGELES-SHERIFF'S DEPARTMENT SUPPLEMENTAL REPORT

DATE: November 09, 2002

FILE: 402-11595-0399-053

C: Assault with Deadly Weapon on Peace Officer , 245(c) P.C.

ACTION: Active/ Additional

.V: Hoodye, Sean (Deputy Sheriff # 260296)

D:

S: Bloodshaw, Theopric

## NARRATIVE

The purpose of this report is to provide active additional information on the arrest of the above mentioned suspect.

On November 08, 2002, we were assigned to Lennox Station as Unit 31F.  We responded to the 1600 blk. of Century Blvd. regarding radio traffic of Deputies involved in a fight.  Upon on arrival I observed S/Bloodshaw handcuffed sittng on the ground.

Deputy Sameyah arrived at the location seconds after I arrived.  He assisted S/Bloodshaw from a seated to a standing position and placed S/Bloodshaw in the back seat of a patrol vehicle.  Once S/Bloodshaw was secured in the back seat of a patrol vehicle, I left the above location and continued my daily patrol duties.



BY: Dexter Carter #267058

APPROVED: A/SGT.  DEP. J.MARTIN  437714

ASSIGNED: LNX-D.B.

SECRETARY:

146. #39
180

SH-R-77 (RED TTP) REV. for WP6.0 11/94

## COUNTY OF LOS ANGELES-SHERIFF'S DEPARTMENT SUPPLEMENTAL REPORT

DATE: November 09, 2___

FILE: 402-11595-0399-053

C: Assault with Deadly Weapon on Peace Officer , 245(c) P.C.

ACTION: Active/ Additional

V: Hoodye, Sean (Deputy Sheriff # 260296)

D:

S: Bloodshaw, Theopric

## NARRATIVE

The purpose of this report is to provide active additional information on the arrest of the above mentioned suspect.

On November 08, 2002, we were assigned to Lennox Station as Unit 31F. We heard a radio transmission that stated a deputy was involved in a fight at Century Blvd. and Wilton Pl., in Los Angeles. We arrived at the location, but deputies were no where to be seen. Several additional radio transmissions placed the deputies at the 1600 block of Century Bl..

We heard another unit (31D, Deputies Briones and Magana) arrive at the (fight) location moments later. Additional radio communication was given stating that the suspect was still fighting with deputies.

Upon our arrival at the scene, we saw the suspect, a male, black, adult sitting on the ground. He was handcuffed and sitting upright. Deputy Sameyah (Unit 31) was at the location with us. He assisted the suspect to his feet and conducted a search, prior to placing him in the radio car.

Due to the increasing westbound traffic, I assisted in traffic control. Once the field sergeant (Sergeant Clark) arrived at the location and the situation was secure; we resumed our normal patrol assignment.



BY:    Thomas Simpson #263046

APPROVED:    _Sgt K. Clark # 213516_

ASSIGNED:    _LNX LC_

SECRETARY:

*101*
*HH7*
*#40* SH-R-77 (RED TTP) REV. for WP6.0 11/94

## COUNTY OF LOS ANGELES-SHERIFF'S DEPARTMENT SUPPLEMENTAL REPORT

DATE: 11-09-02

FILE: 402-11595-0399-053

C: ASSAULT WITH A DEADLY WEAPON ON A PEACE OFFICER 245(C)P.C.

ACTION: ACTIVE/ADDITIONAL

V: HOODYE, SEAN / SATO, BRADLEY

D:

S: BLOODSHAW, THEOPRIC

### NARRATIVE

THE PURPOSE OF THIS SUPPLEMENTAL REPORT IS TO PROVIDE ADDITIONAL INFORMATION REGARDING MY OBSERVATIONS UPON ARRIVING TO THE LOCATION.

I RESPONDED TO THE 1600 BLOCK OF CENTURY BL REGARDING AN ASSISTANCE REQUEST BY FIELD DEPUTIES INVOLVED IN A FIGHT.

UPON ARRIVAL, THE SUSPECT HAD ALREADY BEEN PLACED IN THE BACK SEAT OF A BLACK AND WHITE MARKED PATROL UNIT AND DEPUTY HOODYE #260296 CLOSED THE REAR DOOR TO THE UNIT.

BY: WILLIAM FORMICA #438140

APPROVED: _SGT K. CLARK #213512_

ASSIGNED: _LAJA DB_

SECRETARY:

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*

*FELONY COMPLAINT*

*4·6·*
*42*

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER YA053506, CONSISTS OF 3 COUNT(S).

Executed at INGLEWOOD, County of Los Angeles, on November 13, 2002.

_____

DECLARANT AND COMPLAINANT

........................................................................................................................................................

STEVE COOLEY, DISTRICT ATTORNEY

BY:_____
VICTORIA L. ADAMS, DEPUTY

AGENCY: LASD - LENNOX     I/O: MARK DET.         ID NO.: 274578     PHONE : 310-671-7531
         PATROL               RENFROW
DR NO.: 402-11595-0399-053     OPERATOR: DCS     PRELIM. TIME EST.: 2 HOUR(S)

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|---|---|---|---|---|---|
| BLOODSAW, THEOPRIC KENT | 008953256 | 6/24/1957 | 7475221 | $220,000 | 11/13/2002 |

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

47 43

**FELONY COMPLAINT -- ORDER HOLDING TO ANSWER -- P.C. SECTION 872**

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

THEOPRIC KENT BLOODSAW

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|-----------|--------|--------------|--------------------|--------------| 
| 1 | PC 245(c) | 3-4-5 | | |
| 2 | PC 243(c)(2) | 16-2-3 | | |
| 3 | PC 422 | 16-2-3 | | |
| | | | PC 1170.12(a)-(d) | MSP Check Code |
| | | | PC 667(a)(1) | +5 yrs per prior |
| | | | PC 667.5(b) | +1 yr. per prior |

I order that the defendant(s) be held to answer therefor and be admitted to bail in the sum of:

THEOPRIC KENT BLOODSAW _____ Dollars

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given. Date of arraignment in Superior Court will be:

THEOPRIC KENT BLOODSAW _____ in Dept _____

at: _____ A.M.

Date: _____

_____
*Committing Magistrate*

CALIFORNIA MEN'S COLONY
SAN LUIS OBISPO, CA 93409



HEALTH INFORMATION SERVICES
CALIFORNIA MEN'S COLONY
P O BOX 8101
SAN LUIS OBISPO CA 93409-8101

TO: *Theopric K Bloodsaw*
*SS# 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*

RE: NAME: *Theopric K Bloodsaw*
CDC#: *E 40947* – Archives 2-12-96
SSN#: *P 20045* – Reg III 8-9-02
DOB: *6-24-58*
*6-24-58*

Receipt of a request for medical information on the above patient is acknowledged. Any items checked below are applicable to this request:

1. ____ The above-named inmate is no longer housed at this institution. He is currently at _____

2. ____ The above-named inmate's medical records have been sent to his paroling region:

  ____ Region I, P&CSD Case Records - North, 2015 Aerojet Rd, Rancho Cordova, CA, 95742, *See P*

  ____ Region II, P&CSD Case Records - North, 2015 Aerojet Rd, Rancho Cordova, CA, 95742, *See P*

  X Region III, P&CSD Case Records - South, 9160 Cleveland Avenue, Suite 101, Rancho Cucamonga, CA, 91730.

  ____ Region IV, P&CSD Case Records - South, 9160 Cleveland Avenue, Suite 101, Rancho Cucamonga, CA, 91730.

  ____ California Correctional Facility, Aeorjet Campus, 2015 Aerojet Rd, Rancho Cordova, CA, 95742, *See E*

3. X The inmate has been discharged from the Department of Corrections. His records are stored in our Archives Unit. Their address is:

  California Department of Corrections
  Departmental Archives Unit
  Aeorjet Campus
  2015 Aerojet Rd , *See O*
  Rancho Cordova CA 95742

Your request has been forwarded to the inmate's current institution, paroling region offices or Archives Unit. For future reference, make note of the address checked above and send all further inquiries to that institution.

Sincerely,

*Mr. Bloodsaw, under cdc # E 40947. your records were sent to archives when you were discharged from parole in 2-96. Under cdc# P 20045 your records were forwarded to your parole region III. I have forwarded your request to both places so that you will receive records for them both.*

Health Information Services,
Correspondence

*Theonine, HRT I*

*HG. 45*
*4th*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br><br>v.<br><br>01 THEOPRIC KENT BLOODSAW (6/24/1953) (Bk#<br>7475221),<br>   aka JONATHON BLEDSOE,<br>   aka KENT THEOPRIC,<br>   aka LARRY BOWMAN,<br>   aka MARK BLOODSAW,<br>   aka THEO BLOODSAW,<br>   aka THEOPRIC BLOODSHAW,<br>   aka THEOPRIC BLOODSOE<br>Defendant(s). | CASE NO. YA053506<br><br><br>*INFORMATION*<br><br>Arraignment Hearing<br>Date: 12/18/2002<br>Department: SW G |

## INFORMATION
## SUMMARY

| Ct.<br>No. | Charge | Charge<br>Range | Defendant | Special<br>Allegation | Alleg.<br>Effect |
|---|---|---|---|---|---|
| 1 | PC 245(c) | 3-4-5 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667(a)(1)<br>PC 667.5(b) | MSP Check Code<br>+5 yrs per prior<br>+1 yr. per prior |
| 2 | PC 243(c)(2) | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667(a)(1)<br>PC 667.5(b) | MSP Check Code<br>+5 yrs per prior<br>+1 yr. per prior |
| 3 | PC 422 | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667.5(b) | MSP Check Code<br>+1 yr. per prior |

The District Attorney of the County of Los Angeles, by this Information alleges that:

HT.
50. 46

## COUNT 1

On or about November 8, 2002, in the County of Los Angeles, the crime of ASSAULT UPON PEACE OFFICER OR FIREFIGHTER, in violation of PENAL CODE SECTION 245(c), a Felony, was committed by THEOPRIC KENT BLOODSAW, who did willfully and unlawfully commit an assault with a deadly weapon and instrument and by force likely to produce great bodily injury upon the person of DEP. SEAN HOODYE when said defendant(s), THEOPRIC KENT BLOODSAW knew and should have known that said person was a peace officer then and there engaged in the performance of his/her duties .
"NOTICE:   The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."
"NOTICE:  Conviction of this offense will require you to provide specimens and samples pursuant to Penal Code section 296.  Willful refusal to provide the specimens and samples is a crime."

* * * * *

## COUNT 2

On or about November 8, 2002, in the County of Los Angeles, the crime of BATTERY WITH INJURY ON A PEACE OFFICER, in violation of PENAL CODE SECTION 243(c)(2), a Felony, was committed by THEOPRIC KENT BLOODSAW, who did unlawfully use force and violence and inflict an injury upon the person of DEP. BRAD SATO when said defendant(s), THEOPRIC KENT BLOODSAW knew and reasonably should have known that said person was a peace officer then and there engaged in the performance of duty.
"NOTICE:  Conviction of this offense will require you to provide specimens and samples pursuant to Penal Code section 296.  Willful refusal to provide the specimens and samples is a crime."

* * * * *

*HE. 47.*
*St.*

## COUNT 3

On or about November 8, 2002, in the County of Los Angeles, the crime of CRIMINAL THREATS, in violation of PENAL CODE SECTION 422, a Felony, was committed by THEOPRIC KENT BLOODSAW, who did willfully and unlawfully threaten to commit a crime which would result in death and great bodily injury to DEP. SEAN HOODYE, with the specific intent that the statement be taken as a threat.   It is further alleged that the threatened crime, on its face and under the circumstances in which it was made, was so unequivocal, unconditional, immediate and specific as to convey to DEP. SEAN HOODYE a gravity of purpose and an immediate prospect of execution.   It is further alleged that the said DEP. SEAN HOODYE was reasonably in sustained fear of his/her safety and the safety of his/her immediate family.

"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

It is further alleged pursuant to Penal Code sections 1170.12(a) through (d) and  667(b) through (i) as to count(s) 1, 2, and 3 that said defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the

defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony

conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*

THIS INFORMATION CONSISTS OF 3 COUNT(S).

STEVE COOLEY
DISTRICT ATTORNEY
County of Los Angeles,
State of California

BY: _____

LAURIE BLAUSTEIN
DEPUTY DISTRICT ATTORNEY          Filed in Superior Court,
                                 County of Los Angeles

/DCS                             DATED: _____

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense

counsel provide discovery to the People as required by Penal Code Section 1054.3.



JOHN A. CLARKE
EXECUTIVE OFFICER / CLERK

222 NORTH HILL STREET
LOS ANGELES, CA 90012-3014

# Superior Court of California
## County of Los Angeles

November 29, 2004

CASE NUMBER: YA053506          CASE NAME: _____

We are returning your check in the amount of $          for the reason checked below:

☐  Remittance insufficient.  A total of $          is needed to process your order.

☐  Check unsigned.

☐  Check is not acceptable. Please return NEW CHECK, MONEY ORDER or CERTIFIED CHECK.  If outside of the United States, amount must be remitted in United States currency.  Please make check payable to the LOS ANGELES SUPERIOR COURT.

☐  Information given to us is not sufficient.  Information needed: FULL NAME OF PARTY INVOLVED, APPROXIMATE YEAR ACTION WAS FILED AND THE CASE NUMBER IF AVAILABLE.

☐  As of this date, there is no record of the interlocutory, Judgment and /or Final Judgment.

☐  Document that you have requested has not been filed as of this date and office policy does not permit us to hold your check any longer.

☐  We are unable to ascertain just what documents you need from the information given.

☐  The fee for copies is 0.57 cents per page (Section 26854 Government Code).

☐  The fee for Certification of Divorce Judgment is $11.00 per document.

☐  The fee for Certification is $6.60 per document, in addition to any other fees.  Exemplification fee $20.00 in addition to any other fees.

☐  The fee for Case Number Search is $5.00 per name per case (Section 26854 Government Code).

☐  In the future, we will not honor requests for information unless they are accompany by a STAMPED, SELF ADDRESSED ENVELOPE for your reply.

☐  The fee for examining a file or microfilm record and making a written report is $7.00 for the first hour or fraction thereof, and $5.00 each subsequent hour (Section 131.1 ©Admin. Code. Los Angeles County.

☐  The fee for a Clerk's Certificate is $6.00 in addition to any other fee.  (Section 131.1 Admin. Code, Los Angeles County.

☒  Other:  FOR COPIES MAIL REQUEST TO TORRANCE COURTHOUSE 825 MAPLE AVENUE TORRANCE, CA. 90503  ROOM-100

JOHN A. CLARKE
Executive officer/clerk of the Los Angeles Superior Court
County of Los Angeles

BY: _____ DEPUTY
                N. SNEDECOR

```
-------------------------------------------------------------------------------
 CDC NUMBER   | NAME                          |ETHNIC|   BIRTHDATE
 ·P20045      | BLOODSAW,THEOPRIC,KENT        | BLA  |   06/24/1958
-------------------------------------------------------------------------------
 TERM STARTS  | MAX REL DATE   MIN REL DATE   MAX ADJ REL DT |  MIN ADJ REL DT
  06/11/2003  | 11/27/2023     11/24/2019     11/27/2023 cx  |   11/24/2019 cx
-------------------------------------------------------------------------------
                                               | PAROLE PERIOD
 BASE TERM 10/00 + ENHCMNTS  11/04 = TOT TERM  21/04 | 3 YRS
-------------------------------------------------------------------------------

 PRE-PRISON + POST SENTENCE CREDITS
 CASE     P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019  P2931 POST-SENT  TOT
-------------------------------------------------------------------------------
 YA053506   185                                   92              28    305

 REGISTRATION REQUIRED PER H11590
 PC296 DNA COMPLETED


-------------------------------------------------------------------------------
 RECV DT/ COUNTY/    CASE    SENTENCE DATE              CREDIT    OFFENSE
 CNT       OFF-CODE  DESCRIPTION                        CODE        DATE
-------------------------------------------------------------------------------
 CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

 --CONTROLLING CASE --
 6/11/2003  LA    YA053506      5/13/2003  NO STRIKES: 2
                  01 P667.5(B) PPT-NV                        3
                  01 P667(A)    01 PFC SERIOUS               3
   01 P245(C)    ADW ON PO OR FIREMAN                        3    11/08/2002
                 (U)WPN
   02 P243(C)(2) BATT ON PO                      CS          3    11/08/2002
                 (U)WPN
   03 P422       TERRORIST THREAT                CS          3    11/08/2002
   04 P203       MAYHEM                          CS          3    11/08/2002
                 ATT
   05 P203       MAYHEM                          CS          3    11/08/2002
                 ATT

 NON-CONTROLLING OFFENSES:
 11/24/1998  LA    YA034031     11/16/1998
   01 H11350A     POSS CONTROL/SUB                           1    08/15/1997
                  PR


-------------------------------------------------------------------------------
 TRAN                                RULE _____ D A Y S_____
 TYPE    DATE     END DATE LOG NUMBER  NUMBER  ASSESS LOST REST DEAD
-------------------------------------------------------------------------------
 BEG 11/24/1998          ******BEG BAL*******
 ADD 06/11/2003          YA053506
 BCL 10/23/2003          IV3100472 3062(H)       30    30
 ADD 06/11/2003          YA053506
    CURRENT PC BALANCE:     0        CURRENT BC BALANCE:   1464

        ****** CONTINUED ******
```

| CDC NUMBER | NAME |
|------------|------|
| 15/ P20045 | BLOODSAW, THEOPRIC, KENT |

INMATE'S COPY

BOARD OF PRISON TERMS

# SUMMARY OF REVOCATION HEARING AND DECISION

(BPT Rules, Chapter 6, Article 3)

JUL 0 8 2002

STATE OF CALIFORNIA

MRRD  11-07-02

PAROLE REVOCATION RELEASE DATE

07-30-02

CONTROLLING DISCH. DATE

01-08-05

DISCH. REVIEW DATE

07-30-03

## I. PRELIMINARY INFORMATION

**A. TYPE OF HEARING**
- [X] Revocation
- [ ] Revocation Extension
- [ ] Revocation: Psychiatric Treatment
- [ ] Prerevocation

**B. LOCATION OF HEARING:** LACO

Parolee in Custody at time of Hearing

[X] Yes    [ ] No

**C. BASIS FOR CHARGES**
- [X] Parole Violation Report, dated  1-23-02
- [ ] Other _____ dated _____

**D. OPTIONAL WAIVER**  [ ] Yes  [X] No

Date signed by parolee _____ Date of BPT action _____

Assessment _____ [ ] Ineligible  [ ] Eligible  (Check one)

**E. LEGAL DATA**
- [ ] The crime for which the parolee was committed to prison occurred on or before 12-31-78.
- [X] The crime for which the parolee was committed to prison occurred on or after 1-1-79.

Date of arrest on current parole violation charge(s) _____ 1-11-02

Date hold was placed on current parole violation charge(s) _____ 1-11-02

**F. PRESENT AT HEARING**
1. [X] Parolee (If parolee absent, why?)  TESTIFIED
2. [X] Hearing Officer(s)  Thomas Watkins DC  (NAMES)
3. [X] Attorney  [ ] Waived  [ ] Disapproved  Name  Reedy
4. [X] Agent of Record  Williams - TESTIFIED  (NAME OR REASON IF NOT PRESENT)
5. [X] Hearing Agent  Vincente  (NAME OR REASON IF NOT PRESENT)
6. [ ] Observer(s) _____ (NAME AND ORGANIZATION)

**G. WITNESSES**

| Present | | Name | Notified | | Wit. Desig.** | | If absent, state specific reason. |
| Yes | No | | *Meth. | Date | Stat.* | Req. | |
|-----|-----|------|---------|------|--------|------|----------------------------------|
| X | | Detective Mark Renfrow | TT | 6-18 | A | S | FTA - Unknown |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**\*NOTIFICATION METHOD**

M = Memo    PC = Personal Contact
L = Letter    Sp = Subpoena
Ph = Phone    TT = Teletype

**\*\*USE ABBREVIATION FOR WITNESS DESIGNATION:**

Status:  A = Adverse    Requested By:  S = State
F = Friendly    P = Parolee
V = Victim

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|------|-----------|-------------|--------------|
| Bloodshaw, Theopric | P20045 | Ingliz / III | 6-24-02 |

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

BPT 1103 (REV. 3/90)    Page 1 of ___ Pages

**PERMANENT ADDENDA**

orig.

57-53

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### I. Preliminary Information (Cont.)

**H. HEARING REASON:** [ ] CANCELLED    [ ] POSTPONED

[ ] Atty. Unavailable      [ ] Parolee Ret'd to Prison      [ ] Interpreter Needed
[ ] Parolee Unavailable    [ ] Parolee Signed Waiver        [ ] Psych. Evaluation
[ ] Witness Unavailable    [ ] Parolee Request              [ ] Add'l. Witness/Testimony

[ ] Other: ................................................

Specify witnesses/documents needed for next hearing: ................................................

**I. OBJECTIONS** [✓] None  [ ] Yes    State objections (s) and panel's ruling and reasons on continuation sheet.

### II. SUMMARY OF FINDINGS

#### A. ADMISSIONS/DENIALS AND FINDINGS

**1. Charges**

| Charge# | Code | Brief Description of Conduct | Admit | Deny | No Plea | Good Cause | No Good Cause | Dismiss |
|---|---|---|---|---|---|---|---|---|
| 1 | 021 | Absconding | | ✓ | | ✓ | | |
| 2 | 452 | Battery on a peace officer | | ✓ | | | | ✓ |
| 3 | 972 | Vandalism | | ✓ | | | | ✗ |
| 4 | 010 | Failed to attend POC | | ✓ | | | | ✗ |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**4. Charges Amended to Read (Complete 5 below)**

| Charge# | Code | Brief Description as Amended | Amended Prior to Plea | Prior to Finding |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**5. Reason for amending Charges (Show charge # and reason):** ................................................

................................................

**NAME:** Bloodshaw, Theopric    **CDC NUMBER:** P20045    **INST/REGION:** Dujh 2    **HEARING DATE:** 6-24-02

WHITE-C FILE / CANARY-BPT / PINK-PAROLEE / GOLDENROD-AGENT OF RECORD

BPT 1103 (REV. 3/90)    Page 2 of 4 Pages    **PERMANENT ADDENDA**