NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEOPRIC BLOODSAW,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HOREL, et al.,<br><br>　　　　Defendant(s). | No. C 08-3156 JF (PR)<br><br>ORDER TO SHOW CAUSE |

Plaintiff, a California inmate, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He has not paid the filing fee and has applied for leave to proceed in forma pauperis. This suit is subject to dismissal for the reasons set forth below.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

1  unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.
2  § 1915(g). Section 1915(g) requires that this court consider prisoner actions
3  dismissed before, as well as after, the statute's 1996 enactment. <u>Tierney v. Kupers</u>,
4  128 F.3d 1310, 1311-12 (9th Cir. 1997).

5  For purposes of a dismissal that may be counted under § 1915(g), the phrase
6  "fails to state a claim on which relief may be granted" parallels the language of
7  Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the
8  word "frivolous" refers to a case that is "of little weight or importance: having no
9  basis in law or fact," and the word "malicious" refers to a case "failed with the
10 'intention or desire to harm another.'" <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th
11 Cir. 2005) (citation omitted). Only cases within one of these three categories can be
12 counted as strikes for § 1915(g) purposes. <u>See id.</u> Dismissal of an action under §
13 1915(g) should only occur when, "after careful evaluation of the order dismissing an
14 [earlier] action, and other relevant information, the district court determines that the
15 action was dismissed because it was frivolous, malicious or failed to state a claim."
16 <u>Id.</u>

17 <u>Andrews</u> requires that the prisoner be given notice of the potential
18 applicability of § 1915(g), by either the district court or the defendants, but also
19 requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does
20 not bar pauper status for him. <u>Id.</u> <u>Andrews</u> implicitly allows the court to <u>sua sponte</u>
21 raise the § 1915(g) problem, but requires the court to notify the prisoner of the
22 earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner
23 an opportunity to be heard on the matter before dismissing the action. <u>See id.</u> at
24 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his
25 action as a pauper under § 1915(g), but he still may pursue his claims if he pays the
26 full filing fee at the outset of the action.

27 A review of the dismissal orders in Plaintiff's prior prisoner actions reveals
28 that Plaintiff has had at least three such cases dismissed on the grounds that they

1  were frivolous, malicious, or failed to state a claim upon which relief may be
2  granted.  Plaintiff is now given notice that the court believes the following
3  dismissals may be counted as dismissals for purposes of § 1915(g): (1) Bloodsaw v.
4  Clarke, CV 04-03462 (C.D. Cal. May 20, 2004) (dismissal pursuant to Heck v.
5  Humphrey, 512 U.S. 477 (1994)); (2) Bloodsaw v. Thomas, CV 04-02944 (C.D.
6  Cal. May 6, 2004) (same); (3) Bloodsaw v. Herm, CV 04-02320 (C.D. Cal. Apr. 19,
7  2004) (same); (4) Bloodsaw v. Yarborough, CV 04-01110 (E) (C.D. Cal. Mar. 16,
8  2004) (same); (5) Bloodsaw v. Matusinka, CV 04-01108 (C.D. Cal. March 16, 2004)
9  (dismissal based upon immunity of defendants and pursuant to Heck v. Humphrey,
10 512 U.S. 477 (1994)); and (6) Bloodsaw v Parker, CV 04-01100 (E) (C.D. Cal Mar.
11 16, 2004) (same).  Plaintiff therefore may proceed in forma pauperis only if he is
12 seeking relief from a danger of serious physical injury which is "imminent" at the
13 time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en
14 banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v.
15 Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885
16 (5th Cir. 1998).  Plaintiff is not.

17     In light of these dismissals, and because Plaintiff was not under imminent
18 danger of serious physical injury at the time he filed the instant complaint, the court
19 now orders Plaintiff to SHOW CAUSE why this action should not be dismissed
20 pursuant to 28 U.S.C. § 1915(g).  Plaintiff's response to this order to show cause is
21 due no later than **thirty (30) days** from the date this order is filed.  The response
22 must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE."

23     Although the court has listed six dismissals, only three prior dismissals need
24 to qualify under § 1915(g).  In the alternative to showing cause why this action
25 should not be dismissed, Plaintiff may avoid dismissal by paying the full filing fee
26 by the deadline.

27     **FAILURE TO FILE A RESPONSE TO THIS ORDER AS DESCRIBED**
28 **ABOVE OR TO PAY THE FULL FILING FEE WITHIN THIRTY (30) DAYS**

**OF THE DATE THIS ORDER IS FILED WILL RESULT IN THE DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.**

IT IS SO ORDERED.

DATED: 8/21/08

JEREMY FOGEL
United States District Judge

G:\PRO-SE\SJ.JF\CR.08\Bloodsaw3156_osc1915g.wpd 4