**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                                   NOT FOR CITATION

9                   IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   THEOPRIC BLOODSAW,              )     No. C 08-3156 JF (PR)
                                     )     No. C 08-3315 JF (PR)
13              Plaintiff,           )     No. C 08-3621 JF (PR)
                                     )     No. C 08-3622 JF (PR)
14                                   )     No. C 08-3772 JF (PR)
                                     )     No. C 08-3724 JF (PR)
15        vs.                        )     No. C 08-3855 JF (PR)
                                     )
16                                   )
                                     )     ORDER OF DISMISSAL
17   NELSON, et al.,                 )
                                     )
18              Defendant(s).        )
                                     )
19   _____ )

20

21              Plaintiff, a California state prisoner and frequent litigant in this Court, filed

22   the above-captioned pro se civil rights cases pursuant to 42 U.S.C. § 1983.  In each

23   case, he seeks to proceed in forma pauperis under 28 U.S.C. § 1915.  On August 15,

24   2008, the Court ordered Plaintiff to show cause why the actions should not be

25   dismissed pursuant to 28 U.S.C. § 1915(g) or alternatively, to pay the full filing fee,

26   within thirty days of the order.  See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir.

27   2005).  On September 18, 2008, Plaintiff mailed a letter to the Court requesting an

28   extension of time in which to respond to the order to show cause.  On September 26,

     2008, Plaintiff filed two separate documents entitled "Response to Order to Show

G:\PRO-SE\SJ.JF\CR.08\Bloodsaw3855etal_dismissal.wpd

United States District Court

For the Northern District of California

1  Cause."[1]  Plaintiff's request for an extension of time in which to respond to the

2  orders to show cause is GRANTED, and after considering his belated response, the

3  above-captioned cases will be DISMISSED without prejudice to refiling in new civil

4  rights actions in which Plaintiff pays the applicable filing fee.

5          The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and

6  became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil

7  action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

8  prior occasions, while incarcerated or detained in any facility, brought an action or

9  appeal in a court of the United States that was dismissed on the grounds that it is

10  frivolous, malicious, or fails to state a claim upon which relief may be granted,

11  unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C.

12  § 1915(g).  Section 1915(g) requires that this court consider prisoner actions

13  dismissed before, as well as after, the statute's 1996 enactment.  Tierney v. Kupers,

14  128 F.3d 1310, 1311-12 (9th Cir. 1997).

15          For purposes of a dismissal that may be counted under § 1915(g), the phrase

16  "fails to state a claim on which relief may be granted" parallels the language of

17  Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the

18  word "frivolous" refers to a case that is "of little weight or importance: having no

19  basis in law or fact," and the word "malicious" refers to a case "failed with the

20  'intention or desire to harm another.'"  Andrews, 398 F.3d at 1121.  Only cases

21  within one of these three categories can be counted as strikes for § 1915(g) purposes.

22  See id.  Dismissal of an action under § 1915(g) should only occur when, "after

23  careful evaluation of the order dismissing an [earlier] action, and other relevant

24  information, the district court determines that the action was dismissed because it

25

26          [1]As Plaintiff did not indicate on these documents the case number(s) in which they
    should be filed, and as the documents were written on civil rights complaint forms, the
27  Clerk inadvertently filed these documents as complaints in two new cases, Case Nos. 08-
    4512 JF and 08-4560 JF.  In light of Plaintiff's clear indication that these documents were
28  responses to the Court's orders to show cause, those two cases have been dismissed and
    terminated.

1   was frivolous, malicious or failed to state a claim." Id.

2          Here, plaintiff has had three or more prisoner actions/appeals dismissed by a

3   federal court on the grounds that they are frivolous, malicious, or fail to state a claim

4   upon which relief may be granted: (1) Bloodsaw v. Clarke, CV 04-03462 (C.D. Cal.

5   May 20, 2004) (dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); (2)

6   Bloodsaw v. Thomas, CV 04-02944 (C.D. Cal. May 6, 2004) (same); (3) Bloodsaw

7   v. Herm, CV 04-02320 (C.D. Cal. Apr. 19, 2004) (same); (4) Bloodsaw v.

8   Yarborough, CV 04-01110 (E) (C.D. Cal. Mar. 16, 2004) (same); (5) Bloodsaw v.

9   Matusinka, CV 04-01108 (C.D. Cal. March 16, 2004) (dismissal based upon

10  immunity of defendants and pursuant to Heck v. Humphrey, 512 U.S. 477 (1994));

11  and (6) Bloodsaw v Parker, CV 04-01100 (E) (C.D. Cal Mar. 16, 2004) (same).

12  Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a

13  danger of serious physical injury which is "imminent" at the time of filing.  See

14  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v.

15  Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715,

16  717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  Plaintiff is

17  not.

18         Plaintiff's responses to the order to show cause allege that he is being

19  wrongfully imprisoned and that prison officials have engaged in a variety of

20  wrongful conduct.  His responses do not, however, address the existence of his

21  numerous prior "strike" dismissals and do not establish anything approaching

22  imminent danger of serious injury.  Because plaintiff has had three or more prior

23  dismissals within the meaning of § 1915(g) and is not under imminent danger of

24  serious physical injury, the above-captioned actions are DISMISSED without

25  //

26  //

27

28

United States District Court

For the Northern District of California

1    prejudice to bringing in a paid action, and the applications to proceed in forma

2    pauperis filed in the above-captioned cases are DENIED.

3         The clerk shall terminate all pending motions in all of these actions.

4         IT IS SO ORDERED.

5

6    DATED:   10/22/08                              _____

7                                                  JEREMY FOGEL
                                                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California